Case 5:23-cv-02569-SSS-SP   Document 72   Filed 10/06/25   Page 1 of 37   Page ID #:2573

Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Michaela Battista Sozio (SBN 179148)
E-mail: msozio@bwslaw.com
Zareh Bursalyan (SBN 356603)
E-mail: zbursalyan@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE (also sued herein as RIVERSIDE COUNTY SHERIFF'S DEPARTMENT), JEFFREY ANTHONY VAN WAGENEN, JR., SHERIFF CHAD BIANCO, and JOSE TRUJILLO VILLASENOR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON MCCORMICK, an individual; and EAST WIND AG, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a public entity; JEFFREY ANTHONY VAN WAGENEN, JR., an individual and in his official capacity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a division of a public entity; SHERIFF CHAD BIANCO, an individual and in his official capacity; JOSE-TRUJILLO VILLASENOR, an individual and in his official capacity; IMPERIAL IRRIGATION DISTRICT, a public entity; JAMIE L. ASBURY, an individual and in her official capacity; and DOES 1 through 150, individually, jointly and severally,<br><br>Defendants. | Case No. 5:23-cv-02569-SSS-SP<br><br>**DEFENDANTS COUNTY OF RIVERSIDE, JEFFREY ANTHONY VAN WAGENEN, JR., SHERIFF CHAD BIANCO, AND JOSE TRUJILLO VILLASENOR'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*Filed concurrently with Separate Statement of Undisputed Facts and Conclusions of Law, Compendium of Exhibits, and the Declarations of Nathan A. Oyster and Michaela B. Sozio in support thereof*<br><br>Judge:   Honorable Sunshine S. Sykes<br><br>Date:    December 5, 2025<br>Time:    2:00 p.m.<br>Ctrm.:   2 |

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

1

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT, AND TO PLAINTIFFS PRESTON MCCORMICK and EAST WIND AG, and THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 5, 2025, at 2:00 p.m. in Courtroom 2 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501-3801, Defendants County of Riverside (also sued as Riverside Sheriff's Department), Jeffrey Anthony Van Wagenen, Sheriff Chad Bianco, and Jose Trujillo Villasenor, (collectively "Defendants") will and hereby do move this Court, in accordance with Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment, as to all claims for relief alleged by Plaintiffs Preston McCormick and East Wind AG ("Plaintiffs"). The Defendants assert there is no triable issue of material fact on any of the claims for relief as more particularly described below:

1. As to the first claim for "Monell Policies, Customs, Conduct, and Practices – 42 U.S.C. § 1983," by Plaintiff McCormick and East Wind AG against Defendant County of Riverside , where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that there is no underlying constitutional violation and there is no evidence that a custom, policy or practice existed at the County of Riverside that led to a constitutional violation.

2. As to the second claim for "Failure to Hire, Train, Supervise, and Discipline, 42 U.S.C. § 1983," by Plaintiffs McCormick and East Wind AG against Defendants Van Wagenen, Bianco, and Villasenor, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that there was no constitutional violation of Plaintiffs' constitutional rights, and where it was not reasonably foreseeable to any supervisory Defendant that obtaining and executing a valid Warrant pursuant to both Public Law 280 ("P.L. 280") and *White Mountain Apache Tribe v. Bracker*, 100 S. Ct. 2578, 2583 (1980) ("*Bracker*") would lead to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

2

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

any violation of constitutional rights. Further, the individual Defendants are entitled to summary judgment because each individual Defendant has qualified immunity.

3. As to the third claim for "Failure to Protect from Harm – 42 U.S.C. § 1983," by Plaintiff McCormick against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that all Defendants acted reasonably and that Defendants took reasonable steps to protect Plaintiff McCormick from harm. Further, the individual Defendants are entitled to summary judgment because each individual Defendant has qualified immunity.

4. As to the fourth claim for "Failure to Provide Medical Care – 42 U.S.C. § 1983," by Plaintiff McCormick against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Plaintiff McCormick suffered no harm and that no Defendant acted with "reckless disregard" towards McCormick. Further, the individual Defendants are entitled to summary judgment because each individual Defendant has qualified immunity.

5. As to the fifth claim for "Negligence," by Plaintiffs McCormick and East Wind AG against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that that all Defendants acted reasonably, that no Defendant breached a duty owed to Plaintiffs, that there was no causation, and that Plaintiffs suffered no economic damages. Further, the County and all individual Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq*., and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

6. As to the sixth claim for "Battery," by Plaintiff McCormick against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that McCormick was lawfully arrested pursuant to a valid warrant that was signed by a judge and enforceable under P.L. 280 and Bracker. In addition, the uncontroverted facts establish that Defendants acted reasonably.

Further, the County and all individual Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq*., and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

7. As to the seventh claim for "Assault," by Plaintiff McCormick against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Plaintiff McCormick was lawfully arrested pursuant to a valid warrant that was signed by a judge and enforceable under P.L. 280 and *Bracker*. In addition, the uncontroverted facts establish that Defendants acted reasonably. Further, the County and all individual Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq*., and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

8. As to the eighth claim for "Intentional Infliction of Emotional Distress," by Plaintiff McCormick against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Defendants did not act with extreme, outrageous, or reckless conduct and that Defendants acted reasonably. Further, the County and all individual Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq*., and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

9. As to the ninth claim for "Intentional Interference with Contractual Relations," by Plaintiffs McCormick and East Wind AG against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Defendants' actions were not designed to induce a breach or disruption of any contractual relationship involving Plaintiffs. Instead, Defendants obtained and executed a valid warrant that was signed by a judge and enforceable pursuant to P.L. 280 and *Bracker*. Further, the County and all individual

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

4

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq.*, and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

10.    As to the tenth claim for "Negligent Interference with Prospective Economic Relations," by Plaintiffs McCormick and East Wind AG against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Defendants acted with reasonable care and did not breach a duty owed to Plaintiffs. In addition, Defendants' actions were not designed to induce a breach or disruption of any contractual relationship involving Plaintiffs. Instead, Defendants obtained and executed a valid warrant that was signed by a judge and enforceable pursuant to P.L. 280 and *Bracker*. Further, the County and all individual Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq.*, and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

11.    As to the eleventh claim for "Intentional Interference with Prospective Economic Relations," by Plaintiffs McCormick and East Wind AG against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Defendants' actions were not designed to disrupt any contractual relationships involving Plaintiffs, if any. Instead, Defendants obtained and executed a valid warrant that was signed by a judge and enforceable pursuant to P.L. 280 and *Bracker*. Further, the County and all individual Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq.*, and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

12.    As to the twelfth claim for "Vicarious Liability in Tort," by Plaintiffs McCormick and East Wind AG against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Defendants are not vicariously liable, that all Defendants acted reasonably, and that no tort

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

5

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

listed in Plaintiffs' Complaint was committed by any Defendant. Further, the County and all individual Defendants are immune from tort liability pursuant to Government Code Sections 815 and 820, *et seq*., and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

13.     As to the thirteenth claim for "Violation of California Civil Code § 52.1 (Tom Bane Act)," by Plaintiff McCormick against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that there is no underlying Constitutional violation and no Defendant acted with threats, intimidation, or coercion. Further, the County and all individual Defendants are immune pursuant to Government Code Sections 815 and 820, *et seq*., and Defendants Van Wagenen and Chad Bianco had no involvement in obtaining and executing the Warrant.

14.     As to the fourteenth claim for "Declaratory Relief – 28 U.S.C. § 2201," by Plaintiffs McCormick and East Wind AG against all Defendants, where the uncontroverted evidence and Plaintiffs' 100 *stipulated* deemed admissions show that Defendants did not commit any torts listed in Plaintiffs' Complaint, where there is no underlying constitutional violation, and accordingly, there is no "case of actual controversy" to form the required basis of a request for declaratory relief under 28 U.S.C. § 2201.

This motion is based on Rule 56 of the Federal Rules of Civil Procedure, this Notice and Memorandum of Points and Authorities, Appendix of Evidence, Separate Statement of Undisputed Facts and Conclusions of Law ("SUF"), the Declarations of Nathan A. Oyster, Michaela B. Sozio, Jose Trujillo Villasenor, Walter Kurtz, Chad Bianco, Van Wagenen Jr., Nicholas Nagle, Gilbert Espinoza, and Proposed Judgment filed concurrently herewith, all the documents on file in this action, and on such argument and other evidence as may be presented at or before the hearing of this motion.

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

6

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

The motion is brought following a multiple Local Rule 7-3 conferences of counsel, the most recent of which occurred on September 22, 2025 and September 23, 2025.  The Local Rule 7-3 conference did not result in the resolution of the issues raised by the Motion.

Dated:  October 6, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:        /s/ Michaela Battista Sozio
        Nathan A. Oyster
        Michaela Battista Sozio
        Zareh Bursalyan
        Attorneys for Defendants
        COUNTY OF RIVERSIDE,
        JEFFREY ANTHONY VAN
        WAGENEN, JR., SHERIFF CHAD
        BIANCO, and JOSE TRUJILLO
        VILLASENOR

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

7

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     STATEMENT OF FACTS .......................................................................... 1

    A.    The Subject Land – Purchased as Non-Restricted Fee Land in 2016........................................................................................................ 1

    B.    The Execution of the First Search Warrant in 2020 ............................ 2

    C.    The Subsequent Investigation .............................................................. 2

    D.    Plaintiffs' Cultivation of Cannabis on Subject Property ..................... 3

    E.    Execution of the Search Warrant on December 7, 2022 ...................... 4

    F.    RCSD's Diligent Efforts to Determine the Status of the Land.............. 4

III.    PROCEDURAL HISTORY ........................................................................ 6

IV.     LEGAL STANDARD ................................................................................. 6

V.      THERE ARE 100 *STIPULATED* ADMISSIONS, WHICH PRECLUDE PLAINTIFFS FROM PREVAILING ON ANY CLAIM .......... 7

VI.     DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FEDERAL CLAIMS - CLAIMS 1 THROUGH 4. .................. 8

    A.    The Warrant Was Valid and Executing the Warrant Did Not Violate Plaintiffs' Rights ...................................................................... 8

        1.    Enforcement of the Warrant Was Permitted Under Public Law 280 .......................................................................................... 9

        2.    Even If P.L. 280 Did Not Apply, Enforcement of the Warrant Was Permitted Pursuant to *Bracker* ........................... 10

    B.    No Unreasonable Force Was Used ...................................................... 13

    C.    Plaintiffs' Cannot Prevail on Their *Monell* Claim............................. 13

    D.    Plaintiff's Cannot Prevail on a Supervisor Liability Claim................. 14

    E.    The Third Claim for Failure to Protect Should Be Dismissed.............. 15

    F.    The Fourth Claim for Failure to Provide Medical Care Should Be Dismissed As a Matter of Law................................................................ 16

    G.    Plaintiffs' Claim for Declaratory Relief Should Be Dismissed............ 17

    H.    The Individual Defendants Are Entitled To Qualified Immunity ........ 17

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

i

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

VII.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' STATE LAW CLAIMS....................................................19

    A.    All Defendants Are Immune From Tort Liability ................................19

    B.    There is No Viable Claim for Negligence Against Any Defendant ...........................................................................................19

    C.    There is No Viable Claim for Battery.................................................19

    D.    There is No Viable Claim for Assault.................................................20

    E.    There is No Claim for Intentional Infliction of Emotional Distress ..............................................................................................20

    F.    There is No Viable Claim for Interference with Contract ...................20

    G.    There is No Viable Claim For Negligent Interference With Prospective Economic Relations.........................................................21

    H.    There is No Viable Claim for Intentional Interference With Prospective Economic Relations.........................................................21

    I.    There is No Viable Claim For Vicarious Liability in Tort .................22

    J.    Plaintiffs' Civil Code Section 52.1 Claim Fails As a Matter Of Law......................................................................................................22

VIII.    CONCLUSION .............................................................................................23

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

ii

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aguirre v. Cnty. of Sacramento*,
No. 2:12-CV-2165 TLN KJN, 2014 WL 996271 (E.D. Cal. Mar. 13, 2014) ........................................................................................................16

*California v. Cabazon Band of Mission Indians*,
480 U.S. 202 (1987) ......................................................................................10

*Castro v. Cnty. of Los Angeles*,
833 F.3d 1060 (9th Cir. 2016) .......................................................................16

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .........................................................................................7

*Chaudhry v. City of Los Angeles*,
751 F.3d 1096 (9th Cir. 2014) .......................................................................22

*City of Los Angeles v. Heller*,
475 U.S. 796 (1986) .......................................................................................13

*Columbia v. Wesby*,
583 U.S. 48 (2018) .........................................................................................18

*Cordova v. Mendocino Cnty. Sheriff's Off.*,
No. 23-CV-03830-RFL, 2024 WL 1090012 ..................................................10

*Daniels v. Williams*,
474 U.S. 327, 330-31 (1986)..........................................................................16

*Dougherty v. City of Covina*,
654 F.3d 892 (9th Cir. 2011) .........................................................................13

*Easley v. City of Riverside*,
890 F.3d 851 (9th Cir. 2018) .........................................................................18

*Greer v. Cty. of San Diego*,
726 F. Supp. 3d 1058 (S.D. Cal. 2023) .........................................................14

*Isayeva v. Sacramento Sheriff's Dep't*,
872 F.3d 938 (9th Cir. 2017).....................................................................13, 19

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

iii

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

*Jeffers v. Gomez*,
  267 F.3d 895 (9th Cir. 2001) ................................................................................. 14

*United States v. Kasuboski*,
  834 F.2d 1345 (7th Cir. 1987) ................................................................................. 8

*United States v. Michaelian*,
  803 F.2d 1042 (9th Cir. 1986) ................................................................................. 9

*Monell v. Dept. of Social Services*,
  436 U.S. 658 (1978) ............................................................................................... 13

*O'Campo v. Hardisty*,
  262 F.2d 621 (9th Cir. 1958) ................................................................................... 8

*United States v. Oakland Cannabis Buyers' Co-op.*,
  532 U.S. 483 (2001) ............................................................................................... 12

*Oviatt v. Pearce*,
  954 F.2d 1470 (9th Cir. 1992) ............................................................................... 13

*Pearson v. Callahan*,
  555 U.S. 223 (2009) ............................................................................................... 13

*Segura v. City of La Mesa*,
  647 F. Supp. 3d 926 (S.D. Cal. 2022) ................................................................... 13

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ............................................................................... 14

*West v. City of Caldwell*,
  931 F.3d 978 (9th Cir. 2019) ................................................................................. 18

*White Mountain Apache Tribe v. Bracker*,
  100 S. Ct. 2578 (1980) .......................................................................... 9, 10, 11, 18

**State Cases**

*Becerra v. County of Santa Cruz*,
  68 Cal.App.4th 1450 (1998) ................................................................................... 22

*Berry v. Frazier*,
  90 Cal.App.5th 1258 (2023) ................................................................................... 20

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

iv

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

*Brown v. Ransweiler*,
171 Cal.App.4th 516 (2009) ................................................................................20

*Della Penna v. Toyota Motor Sales, USA, Inc.*,
11 Cal.4th 376 (1995) ........................................................................................21

*Edson v. City of Anaheim*,
63 Cal.App.4th 1269 (1998) ..............................................................................20

*Julian v. Mission Community Hospital*,
11 Cal.App.5th 360 (2017) ................................................................................22

*Ladd v. Cty. of San Matero*,
12 Cal.4th 913 (1996) ........................................................................................19

*LiMandri v. Judkins*,
52 Cal.App.4th 326 (1997) ................................................................................21

*Reeves v. Hanlon*,
33 Cal.4th 1140 (2004) ......................................................................................21

*Torres v. Dep't of Corr. & Rehab.*,
217 Cal.App.4th 844 (2013) ..............................................................................19

**Federal Statutes**

21 U.S.C.
§ 823(f) ..............................................................................................................12
§ 841(a)(1) .........................................................................................................12

28 U.S.C.
§ 220 ..................................................................................................................17
§ 2201 ..................................................................................................................6

42 U.S.C. § 1983...........................................................................................6, 13, 14, 20

**State Statutes**

Cal. Bus. & Prof. Code
§ 26000 *et seq.* ............................................................................................11, 12
§ 26010.5(d).......................................................................................................12
§ 26011.5 ...........................................................................................................12

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

v

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

Cal. Civ. Code
   § 52.1 ............................................................................................6, 22
   § 52.1(a)..............................................................................................22

Cal. Gov't Code
   § 815(a) ..............................................................................................19
   § 815.2(b)............................................................................................19
   § 820.2 ................................................................................................19

Cal. Health & Saf. Code, Art. 2 ...............................................................10

Public Law 280 ..........................................................................................9

## Other Authorities

American Indian Law Deskbook § 5:18......................................................11

Fed. R. Civ. P.
   Rule 41 .................................................................................................6
   Rule 56(b) .............................................................................................6
   Rule 56(c) .............................................................................................6
   Rule 56(d) .............................................................................................6

https://cannabis.ca.gov/cannabis-laws/laws-and-regulations/ ................11

Riverside County Ordinance No. 925 § 4............................................2, 10

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

vi

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This action arises out of a search warrant that was obtained and executed by the Riverside County Sheriff's Department on December 7, 2022, after an extensive investigation as to a marijuana grow on property located at 91521 Avenue 68, Mecca, CA 92254 ("Subject Property"). Dkt. 1, Complaint. Plaintiff McCormick and his company, Plaintiff East Wind, were responsible for this marijuana grow operation. Id. The Subject Property was purchased as fee land by the Torres Martinez Desert Cahuilla Indians ("Tribe") in 2016, is located far outside the geographical limits of **any** tribe, and was not land held in trust by the Bureau of Indian Affairs ("BIA") for the Tribe. SUF 116-117; 182-200, 283-284.   Following the execution of a search warrant on December 7, 2022 (which was the *second* search warrant executed on the Subject Property), Plaintiffs filed this action.

As discussed in detail below, the subject search warrant – which resulted after an extensive and thorough investigation - was both valid and enforceable. SUF 9-102, 115-233. Further, and significantly, P.L. 280 authorizes the actions taken by Defendants. As such, there is no Constitutional violation of any kind.

Summary judgment is warranted for multiple reasons, including for two distinct evidentiary reasons.  First, there are 100 stipulated admissions, which preclude Plaintiffs from prevailing on any of their claims for relief. SUF 9-102. Second, even if this Court did not consider the stipulated admissions, the uncontroverted evidence submitted by Defendants establishes that the warrant was lawfully obtained and lawfully executed, and Plaintiffs' rights were not violated in any fashion. SUF 103-284. Accordingly, Defendants request that summary judgment be granted in their favor.

### II.   STATEMENT OF FACTS

#### A.   The Subject Land – Purchased as Non-Restricted Fee Land in 2016

The Tribe purchased the Subject Property in 2016. SUF 116-117; 197-200. At

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

1

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

the time of the purchase, the Subject Property was non-restricted fee land, was purchased by the Tribe on the open market, and was not part of the United States Trust; i.e., the subject property was not "trusted" land. SUF 116-117; 197-200. Indeed, the Subject Property is located far outside of the geographical limits of **any** tribe. SUF 283-284.

### B.     The Execution of the First Search Warrant in 2020

Riverside County Ordinance No. 925 § 4 prohibits cultivation operations of cannabis in its unincorporated areas. SUF 38. The Riverside County Sheriff's Department ("RCSD") investigated and determined that illegal grow operations were taking place on the Subject Property in or around 2020. SUF 279, 115, 118-120. The investigation, and resulting December 2020 search warrant, was led by Investigator Michael Barros. SUF 279, 115, 118-120. Investigator Jose Villasenor also participated in the investigation and execution of the search warrant. SUF 279, 115, 118-120. Through their due diligence and research, RCSD determined at that time that the Subject Property was fee land, not trusted land, and located outside the geographical limits of any tribe. SUF 116-117; 197-200, 283-284. A warrant was subsequently executed on December 15, 2020, with respect to the illegal cannabis operations that were taking place on the Subject Property at that time. SUF 279, 115, 118-120.

### C.     The Subsequent Investigation

Despite the execution of the search warrant in December 2020, the marijuana grow operation soon resumed and a new investigation commenced after RCSD received a tip regarding ongoing illegal cannabis operations on the Subject Property. SUF 120-121. Investigator Villasenor took the lead on this new investigation and was assisted by Investigator Barros. SUF 121, 123.

During RCSD's investigation, numerous search warrants were executed on multiple properties. SUF 120-141. These properties were determined to be stash houses, and bags of cannabis, cash, and weapons were found at these locations. SUF

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

2

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

121-138. At several locations, RCSD also found Torres-Martinez badges. SUF 126, 130.

Over the course of several months, RCSD investigators gathered substantial information indicating that marijuana grown on property owned by the Tribe was being transported away from Tribal lands for the purpose of illegal resale elsewhere in Riverside County. SUF 141-174, 209-211, 283-284. Thus, cannabis was being taken *off* of tribal land for distribution and sale in California (or elsewhere). SUF 141-174, 209-211, 283-284. Indeed, during the course of the extensive investigation, all of the evidence uncovered repeatedly pointed to the Tribe and that the Subject Property was still being used for an illegal marijuana grow. SUF 9-102, 141-174, 209-211, 283-284.

**D.    Plaintiffs' Cultivation of Cannabis on Subject Property**

Plaintiff McCormick began leasing land from the Tribe on the Subject Property. McCormick's now-dissolved company, East Wind, is also a party to this lawsuit. Plaintiffs are alleging that their intent was only to provide the cannabis to the Tribe pursuant to authority obtained from the Tribe's Cannabis Control Commission. However, this cannot be the case where the Tribe has no marijuana dispensaries. Indeed, approximately **32,820 pounds** of marijuana was discovered on the Subject Property, and the U.S. Census Data indicates that the Torres Martinez Tribe had an estimated **population of only 3,288** tribal members, *which includes tribal minors*. SUF 148-150, 280.

McCormick began leasing the Subject Property in August 2021. Neither the Tribe nor McCormick/East Wind had a permit to cultivate/distribute/sell cannabis from either Riverside County and/or the California's Department of Cannabis Control ("DCC"). SUF 24-40, 76-84, 155-156, 161-162, 171. While cannabis is "legal" in California, it is nonetheless a highly-regulated industry in the State. In order to sell any cannabis to medical dispensaries and/or to any person off of tribal land, McCormick/East Wind and/or the Tribe would need to be licensed by the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783                                                3                    Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

California Cannabis Commission – which they are not. SUF 24-40, 43-48, 50, 80-82, 155-156, 161-162, 171.

The ongoing investigation revealed probable cause that Plaintiffs were illegally cultivating marijuana without a valid license or permit from DCC for the State of California and/or County of Riverside. SUF 25-38, 43-52, 141-174, 280. Thus, there was probable cause that Plaintiffs were in violation of multiple criminal offenses, including but not limited to violations of various provisions in the California Health and Safety Code. SUF 9-102, 141-174, 280. The investigation also yielded evidence that marijuana that was cultivated on the Subject Property was being sold off of Tribal land. SUF 141-174, 280, 283-284.

**E.      Execution of the Search Warrant on December 7, 2022**

RCSD obtained a valid warrant that was signed by a judge regarding the Subject Property. SUF 209-210.  On December 7, 2022, RCSD executed the valid warrant in accordance with the warrant's terms. SUF 209-234.

There were approximately 300 hundred greenhouses on the Subject Property. SUF 148. Approximately  32,820 lbs. of marijuana plants were confiscated and eradicated. SUF 280. Finally, it should be noted that RCSD never turned off the water supply to the Subject Property at any time. SUF 246.

**F.      RCSD's Diligent Efforts to Determine the Status of the Land**

Throughout their investigation, Investigators Villasenor and  Barros both diligently inquired as to whether the Subject Property was fee land or if it had been converted to land held in trust for the Tribe. SUF 175-200, 283-284.   As part of their efforts, Villasenor contacted agent Greg Guiza at the BIA who informed Villasenor that he would speak to a "BIA realtor" and get back to Villasenor. SUF 182-200. Subsequently, Agent Guiza informed Villasenor that a BIA "realty specialist" had indicated that the Subject Property "is not on trust land" and "must be privately owned." SUF 182-200, 283-284.

In addition, Villasenor also spoke with Gilbert Espinoza, a Land Use Tech in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

4

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

the County of Riverside Planning Department. SUF 152-156, 197-200, 281. Tech Espinoza's custom and practice is to refer to the Riverside County Parcel Report for the Subject Property in order to respond to inquiries. SUF 151-156, 196-200, 281. The Riverside County Parcel Report for the Subject Property further indicates that the Subject Property is owned by the Tribe, but is "**NOT IN A TRIBAL LAND**." SUF 151-156, 196-200, 281, 283-284. That is, if the Subject Property was trusted land, then the owner of the land would not be identified as the Tribe; instead, the owner would have been identified as the "United States", "US" and/or "USA" which would denote that the property in question was being held in trust by the United States for the benefit of the Tribe. SUF 151-156, 196-200, 281, 283-284.

It was also Villasenor's custom and practice to input the address for the Subject Property into the Geographic Information System ("GIS") for Riverside County.  SUF 175-181. The GIS program provides information regarding the land when using the APN number. SUF 175-181. The GIS program results repeatedly indicated  that the Subject Property was owned by the Tribe, but it also indicated that it was not trusted land. SUF 116-117, 175-181, 283-284.  Barros also made repeated inquiries regarding the status of the land during the investigation and up to the execution of the warrant, including contacting code enforcement, BIA, and the Tribal Liaison Unit. SUF 116-117, 175-181. Finally, records from the Riverside County Recorder's office  and the BIA still demonstrate that the Subject Property is fee land, outside the geographical boundaries of **any** tribe, and not trusted land. SUF 116-117, 196-200, 283-284.

This is, however, not an exhaustive list of RCSD's diligent efforts as these attempts to determine the status of the land were numerous and ongoing throughout the investigation. SUF 116, 117, 151-153, 175-200, 206-208, 283-284. Nonetheless, as set forth below, the characterization of the Subject Property as trusted land does change the legality of Defendants' actions.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

5

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

## III.   PROCEDURAL HISTORY

The operative pleading is Complaint [Dkt. 1][1]. Plaintiffs assert fourteen claims against these moving parties: (1) 42 U.S.C. § 1983 *Monell* Customs, Practices, Policies claim against Defendant County of Riverside; (2) 42 U.S.C. § 1983 Supervisory Liability and Failure to Train claim against Defendants Van Wagenen, Bianco, and Villasenor; (3) 42 U.S.C. § 1983 Failure to Protect From Harm claim against all Defendants; (4) 42 U.S.C. § 1983 Failure to Provide Medical Care against all Defendants; (5) Negligence claim against all Defendants; (6) Battery against all Defendants; (7) Assault against all Defendants; (8) Intentional Infliction of Emotional Distress claim against all Defendants; (9) Intentional Interference with Contractual Relations claim against all Defendants; (10) Negligent Interference with Prospective Economic Relations claim against all Defendants; (11) Intentional Interference with Prospective Economic Relations against all Defendants; (12)  Vicarious Liability in Tort against all Defendants; (13) Civil Code § 52.1 (Bane Act) claim against all Defendants; (14) a claim for Declaratory Relief under 28 U.S.C. § 2201. There is a fifteenth purported claim for "Such Other Just and Proper Relief."

## IV.   LEGAL STANDARD

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If summary judgment is not granted on the entire action, a court may render partial summary judgment on individual issues as to which there remains no genuine issue of material fact. See Fed. R. Civ. P. 56 (b), (d). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential

---

[1] Plaintiffs filed a FRCP 41 Notice of Dismissal as to Defendants Imperial Irrigation District and Jamie L. Asbury. See Dkt. 32.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

6

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

elements of each claim upon which the moving party seeks judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## V.    THERE ARE 100 *STIPULATED* ADMISSIONS, WHICH PRECLUDE PLAINTIFFS FROM PREVAILING ON ANY CLAIM

On January 14, 2025, Defendants served written discovery that included two sets of requests for admission propounded by Defendants Villasenor and the County on Plaintiffs McCormick and East Wind, respectively. SUF 1-2. These requests contained a total of 132 requests for admissions. SUF 1-2, 8. Plaintiffs failed to respond to all eight sets of discovery by the February 13, 2025 deadline and all 132 requests for admission were deemed admitted under the Federal Rules of Civil Procedure. SUF 1-8.

On April 3, 2025, Plaintiffs identified only 32 admissions that they would be seeking to withdraw. SUF 282. On April 26, 2025, in an effort to resolve procedural issues regarding the timing and scope of Plaintiffs' motion to withdraw the 32 deemed admissions [Dkt. 53], Plaintiffs entered into a stipulation in which they voluntarily *stipulated* that the remaining 100 admissions "shall remain deemed admitted." [Dkt. 52]. SUF 9-15. These 100 stipulated admissions substantively cover all of Plaintiffs' claims. SUF 9-102. As set forth below and in the accompanying separate statement, each Defendant is entitled to summary judgment on all of Plaintiffs claims on the basis of these 100 stipulated admissions. SUF 9-102.

Further, Plaintiffs cannot attempt to "withdraw" these admissions by simply presenting declarations or any other evidence to contradict these admissions.  As stated by the *Kasuboski* Court: "***Defendants attempt to undo the effect of their default admissions by arguing that the affidavits accompanying their untimely filed response to the government's motion for summary judgment raises issues of material fact.*** This argument fails because a party cannot attack issues of fact established in admissions by resisting a motion for summary judgment, Affidavits

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783    7    Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions. This result is based on sound policy." *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987), (emphasis added), (internal citations omitted).

Accordingly, well-established law permits the moving parties to rely on these 100 stipulated admissions in support of their motion.  As such, these 100 stipulated deemed admissions are "conclusively established" under the Federal Rules of Civil Procedure and substantively cover Plaintiffs' claims for relief. SUF 9-102. As such, this Court should grant summary judgment on all claims. *Id.; see also O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958).

## VI.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FEDERAL CLAIMS - CLAIMS 1 THROUGH 4.

### A.   The Warrant Was Valid and Executing the Warrant Did Not Violate Plaintiffs' Rights

This action relies on Plaintiffs' contentions that the Warrant was not valid or enforceable because the Subject Property is on trusted land; i.e. because the Subject Property was "sovereign tribal land", Plaintiffs had the absolute right to cultivate, distribute, and sell cannabis both on and off tribal land. See Complaint ¶¶ 4-5. However, the Warrant is valid and enforceable as a matter of law for the following reasons: (1) the Subject Property is not on tribal land [SUF 283-284]; (2) the Warrant was based on a diligent probable cause investigation, signed by neutral judge, and executed in accordance with its terms; (3)  there was probable cause that Plaintiffs were in violation of numerous criminal offenses; (4) assuming *arguendo* that the Subject Property was "sovereign" land, pursuant to P.L. 280, California's criminal laws have the "same force and effect" on "sovereign" land [SUF 35-38]; and finally, (4) assuming *arguendo*, even if the land was on "sovereign" tribal land, and even if there was no probable cause that Plaintiffs were in violation of criminal offenses, which they were, state and local regulations are enforceable on

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

8

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

"sovereign" land under the *Bracker* balancing test articulated by the United States Supreme Court in *White Mountain Apache Tribe v. Bracker ("Bracker")*, 100 S. Ct. 2578, 2583 (1980) [SUF 35-38]. Further, under the "good faith" exception, if the executing officers of a search warrant act in good faith and in reasonable reliance upon a search warrant, the seizure of evidence under a facially valid warrant which is later held invalid is permissible. *United States v. Michaelian*, 803 F.2d 1042, 1046 (9th Cir. 1986)

### 1.   Enforcement of the Warrant Was Permitted Under Public Law 280

Assuming *arguendo*, even if the Subject Property was on "sovereign" tribal land or was land held in trust for the tribe, which it is not, enforcement of the valid warrant is expressly authorized under Public Law 280 ("P.L. 280) where the Warrant was based on probable cause of underlying criminal violations. The crux of Plaintiffs' allegations are based on their contention that service and execution of the Warrant on "sovereign" tribal land was unlawful based solely on the fact that the Subject Property is trusted land. See Dkt. 1, Complaint. Despite their due diligence, all information provided to Defendants indicated that the Subject Property was still fee land, outside the geographical limits of any tribe, and not land held in trust by the BIA for the Tribe.  SUF 116-117, 151-153, 175-210, 283-284. Nonetheless, the characterization of the Subject Property as trusted land does not mean that law enforcement action is barred or prohibited from taking action or executing a search warrant on the Subject Property. On the contrary, P.L. 280, among other things, authorizes California to prosecute crimes that occur on tribal land.  As stated by the United States Supreme Court:

> "It is clear, however, that state laws may be applied to tribal Indians on their reservations if Congress has expressly so provided.

> ***

In Pub.L. 280, Congress expressly granted six States, including

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

9

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

> California, jurisdiction over specified areas of Indian country within the States and provided for the assumption of jurisdiction by other States. In § 2, California was granted broad criminal jurisdiction over offenses committed by or against Indians within all Indian country within the State.

*California v. Cabazon Band of Mission Indians ("Cabazon")*, 480 U.S. 202, 208 (1987), (citations omitted), (superseded by statute on other grounds).

Here, regardless of whether or not Subject Property was properly recorded as trusted or "sovereign" land, the Warrant was based on evidence that Plaintiffs were in violation of multiple criminal offenses related to the cultivation, distribution and sale of cannabis. SUF 9-102, 141-174, 155-156, 161-162, 171, 280. *See* California Health and Safety Code, Article 2, Cannabis. Further, Riverside County Ordinance No. 925 § 4 prohibits cultivation operations of cannabis in its unincorporated areas, which includes the Subject Property. SUF 35-38. Moreover, neither the Tribe nor Plaintiffs are licensed with the State of California to cultivate, distribute, and/or sell cannabis – particularly where, as here, the uncontroverted facts demonstrate that the distribution and sale of the cannabis was taking place off of Tribal lands and, as such, was not being produced solely for Tribal consumption. SUF 9-102, 148-150, 156, 161, 169, 171-174, 280, 283-284. **"California's 'criminal laws ... *have the same force and effect' within tribal lands in the state.*"** *Cordova v. Mendocino Cnty. Sheriff's Off.,* No. 23-CV-03830-RFL, 2024 WL 1090012, at \*1.  Further, if the law "is criminal in nature, *[it is] fully applicable to the reservation under § 2…*" *Cabazon,* 480 U.S. at 208.  Thus, Defendants' execution of the Warrant on Plaintiffs at the Subject Property, as well as the Warrant itself, was valid pursuant to P.L. 280.

### 2.  Even If P.L. 280 Did Not Apply, Enforcement of the Warrant Was Permitted Pursuant to *Bracker*

In addition to P.L. 280 unequivocally authorizing Defendants' execution of the Warrant on the Subject Property, Defendants' actions related to the Warrant are further authorized pursuant to *Bracker*, 448 U.S. 136. "There is no rigid rule by which to resolve the question whether a particular state law may be applied to an

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

10

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

Indian reservation or to tribal members." *Id*. at 142. "The validity of the state regulation directed to on-reservation activities by nonmembers, as reflected in *Bracker*, is judged by a fact-specific 'particularized inquiry into the nature of the state, federal, and tribal interests at stake[.]'" See § 5:18. State regulation of nonmembers - Bracker interest-balancing standards, American Indian Law Deskbook § 5:18

"This inquiry is not dependent on mechanical or absolute conceptions of state or tribal sovereignty, ***but has called for a particularized inquiry into the nature of the state, federal, and tribal interests at stake, an inquiry designed to determine whether, in the specific context, the exercise of state authority would violate federal law.*** " *Bracker*, 448 U.S. at 145. ***"[A]pplicable regulatory interest of the State must be given weight…and "automatic exemptions 'as a matter of constitutional law' " are unusual.*** " *Id.*

Here, assuming *arguendo*, even if the Subject Property was on tribal land or had been properly recorded as trusted Tribal land (which it was not) and assuming that there was no probable cause that Plaintiffs were in violation of multiple criminal offenses (which there was), service of the Warrant was lawful under *Bracker*. First, the State's interests in regulating marijuana are high where the State of California has enacted a comprehensive regulatory system to control marijuana cultivation and use. Indeed, California has created the DCC which strictly regulates the cannabis industry to ensure that "businesses operate safely," "that products are contaminant-free and labeled to inform purchasers," and that "Cannabis is kept away from children." See DCC, https://cannabis.ca.gov/cannabis-laws/laws-and-regulations/.

Second, California has enacted the Medicinal and Adult Use Cannabis Regulation and Safety Act ("MAUCRSA"), which is codified in California Business & Professions Code §26000 *et seq.,* which is intended to "establish a comprehensive system to control and regulate the cultivation, distribution, transport, storage,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

11

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

manufacturing, processing, and sale of both of the following: (1) Medicinal cannabis and medicinal cannabis products for patients with valid physician's recommendations; and (2) Adult-use cannabis and adult-use cannabis products for adults 21 years of age and over and cannabis products intended for use on, or consumption by, animals." Cal. Bus. & Prof. Code § 26000 et seq. This Act sets forth the power and duties of the state agencies responsible for controlling and regulating the commercial medicinal and adult-use cannabis industry.

Further, these State statutes specifically grant authority to the DCC. The DCC "has the power, duty, purpose, responsibility, and jurisdiction to regulate commercial cannabis activity as provided in this division." Cal. Bus. & Prof. Code § 26010.5(d). **"The protection of the public shall be the highest priority for the department in exercising licensing, regulatory, and disciplinary functions under this division**. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount." Cal. Bus. & Prof. Code § 26011.5 (emphasis added).

Additionally, the exercise of California State authority in preventing unlawful cultivation of marijuana would not violate federal law as federal law prohibits marijuana entirely. "The Controlled Substances Act provides that, '[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.' 21 U.S.C. § 841(a)(1). The subchapter, in turn, establishes exceptions. For marijuana (and other drugs that have been classified as "schedule I" controlled substances), there is but one express exception, and it is available only for Government-approved research projects, § 823(f). Not conducting such a project, the Cooperative cannot, and indeed does not, claim this statutory exemption." *United States v. Oakland Cannabis Buyers' Co-op.,* 532 U.S. 483, 489–90 (2001) (quotations, parenthesis, and citations in original).

Thus, the service and execution of the Warrant was lawful under *Bracker*.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

12

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

## B.    No Unreasonable Force Was Used

Here, there was no force used against Plaintiff McCormick. SUF 62, 237-241. Moreover, the individual defendants (Bianco, Van Wagenen, and Villasenor) are protected from liability for civil damages as their alleged conduct "does not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because Defendants have asserted that they are entitled to qualified immunity, the "burden is on the plaintiff to prove two elements: (1) that the right was violated; and (2) that the right was clearly established at the time of the alleged misconduct." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017).  As set forth below, Plaintiffs cannot prove either element.

## C.    Plaintiffs' Cannot Prevail on Their *Monell* Claim

Plaintiffs cannot prevail on a *Monell* claim where there is no underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) SUF 9-114, 209-213, 237-241, 253-256, 264-278, 283-284. Plaintiffs have asserted a *Monell* claim against the County of Riverside. *See Monell v. Dept. of Social Services,* 436 U.S. 658 (1978). Under Ninth Circuit precedent, a plaintiff may recover under *Monell* when "when implementation of [a local government's] official policies or established customs inflicts the constitutional injury." *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 934 (S.D. Cal. 2022).  In *Monell,* the Supreme Court held that in order to maintain a claim against a governmental entity for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must establish that the governmental entity had a "custom, practice, and policy" that led to a violation of the plaintiff's civil rights.  *Monell,* 436 U.S. at 694;  *see also* 9th Cir. Model Jury Instr. 9.5 (2017); *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992).  Thus, Plaintiffs must show that the County violated McCormick's rights *and* that the *custom, policies, or practices* of the County *caused* the violation of his rights.  Plaintiffs, however, cannot prevail as

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

13

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

there is no underlying violation of a custom, policy, or practice. Plaintiffs have failed to provide any specific information or evidence to date to support their claim that *any* of these alleged failures actually caused the alleged violation of rights.

### D.    Plaintiff's Cannot Prevail on a Supervisor Liability Claim

Plaintiffs bring a claim of supervisory liability causing constitutional violation against Defendants Bianco, Van Wagenen, and Villasenor ("Supervisory Defendants") for failure to properly hire, train, supervise, and discipline unnamed individuals and failing to prevent the alleged constitutional violations.  "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

There is no evidence and no factual allegations that any of the Supervisory Defendants had personal involvement in any alleged constitutional violation. SUF 103-114, 247-252. Villasenor is the only one who was even at the scene, and neither Bianco nor Van Wagenen were personally involved. SUF 103-114, 247-252. Plaintiffs must demonstrate "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). "The critical question is whether it was reasonably foreseeable [to the supervisor] that the actions' of his or her subordinates would lead to the violations of the plaintiff's constitutional rights which are alleged to have occurred." *Greer v. Cty. of San Diego*, 726 F. Supp. 3d 1058, 1080 (S.D. Cal. 2023).  Here, Plaintiffs can make no such showing. First, as discussed above, there is no underlying constitutional violation. SUF 9-114, 209-232. As such, there can be no causal connection to a constitutional harm. Second, neither Bianco nor Van Wagenen were even at the scene, and Plaintiffs have presented no factual support for their supervisory liability claim against Bianco and/or Van Wagenen. SUF 103-114, 247-252. Plaintiffs' failure to provide *any factual support* for their supervisory

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

14

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

liability claim is fatal.

As to Villasenor, while the second claim is only asserted against Van Wagenen, Bianco and Villasenor[2], Plaintiff's discovery responses indicate that it was the County of Riverside (against whom this count is *not* asserted[3]) who purportedly failed to supervise Villasenor. Aside from failing to identify *any* facts as to how *Villasenor* allegedly failed to supervise *his subordinates,* Plaintiffs assert a number of conclusory allegations without any factual support. SUF 103-114, 247-252.

After wading through the rhetoric of the response, Plaintiffs rely on circular logic that the Warrant was void on its face, and the execution of the Warrant was the alleged infringement on Plaintiffs' Constitutional rights. [See Dkt. 1]. Plaintiffs can make no such showing. First, there is no underlying constitutional violation. SUF 9-114, 209-213, 237-241, 253-256, 264-278, 283-284. Thus, there can be no causal connection to a constitutional harm. Second, neither Bianco nor Van Wagenen even participated in the execution of the Warrant and thus neither had any interactions with Plaintiffs. SUF 247-252. Third, while Villasenor participated in the execution of the Warrant, Plaintiffs have no evidence to support their claim that Villasenor allegedly failed to supervise his subordinates. SUF 103-114. In fact, Plaintiffs allegations in this regard are completely muddled. SUF 103-114. Finally, the individual Defendants are each entitled to qualified immunity which would bar this claim.

### E. The Third Claim for Failure to Protect Should Be Dismissed

To prove a failure to harm claim Plaintiffs must demonstrate that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of

[2] Defendant Asbury was dismissed from this action.

[3] See Complaint, Second Claim, at pg. 26.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

First, this claim is asserted against *all* Defendants, two of whom (Bianco and Van Wagenen) who weren't even there. SUF 247-252. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn on the 'facts and circumstances of each particular case.'" *Id.* Plaintiff "must demonstrate that the defendant knew of and disregarded an excessive risk to his safety: 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Aguirre v. Cnty. of Sacramento*, No. 2:12-CV-2165 TLN KJN, 2014 WL 996271, at 4 (E.D. Cal. Mar. 13, 2014), *citing Farmer v. Brennan*, 511 U.S. 825, 829 (1994). A mere lack of due care does not violate the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that the Due Process clause is not violated by negligence). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, *supra* at 1071.  Here, as discussed above, the uncontroverted evidence establishes that all Defendants acted reasonably and Plaintiffs cannot show that Defendants acted in "reckless disregard." SUF 9-102.  Second, RFA 62 is deemed admitted. SUF 57. As such, McCormick admits that he ***has no evidence to support his failure to protect from harm claim***. SUF 57. Finally, as discussed above, the individual Defendants are entitled to qualified immunity.

**F.    The Fourth Claim for Failure to Provide Medical Care Should Be Dismissed As a Matter of Law**

In order to prove a denial of medical care, McCormick must prove that: (1)

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

16

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

Defendants made an intentional decision regarding the denial of medical care; (2) the denial of medical care put McCormick at substantial risk of suffering serious harm; (3) Defendants did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, Defendants caused McCormick's injuries.

Here, there is no evidence that McCormick ever requested medical care or treatment, let alone any evidence that any Defendant acted with "reckless disregard" to cause any alleged injury to McCormick. SUF 9-102, 236-241. In fact, neither Bianco nor Van Wagenen were even present at the scene, and McCormick has failed to identify any person from whom he requested, and was denied, medical care. SUF 236-252.  At no time did McCormick ever indicate that he was in pain or otherwise request medical assistance. SUF 65, 236-245. Thus, McCormick cannot demonstrate that the actions of any of the Defendants were "objectively unreasonable", especially considering that McCormick never requested or otherwise indicated that he allegedly needed medical attention. SUF 65, 236-245. Finally, as discussed above, the individual Defendants are entitled to qualified immunity.

### G.    Plaintiffs' Claim for Declaratory Relief Should Be Dismissed

Plaintiffs seek Declaratory Relief pursuant to 28 U.S.C. § 220.   However, there is no "case of actual controversy" to form the required basis of a request for declaratory relief. SUF 9-102. See 28 U.S.C. § 220 ("***In a case of actual controversy***…may declare the rights and other legal relations of any interested party seeking such declaration…").

### H.    The Individual Defendants Are Entitled To Qualified Immunity

In determining whether qualified immunity exists, the Court must "analyze two discrete sub-elements: whether the law governing the conduct at issue was clearly established and whether the facts as alleged could support a reasonable belief

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

17

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

that the conduct in question conformed to the established law." *Easley v. City of Riverside*, 890 F.3d 851, 856 (9th Cir. 2018). In District of *Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018), the Supreme Court further explained the meaning of "clearly established" with respect to qualified immunity: "Clearly established" means that, at the time of the officer's conduct, the law was "'sufficiently clear' that every 'reasonable official would understand that what he is doing'" is unlawful. [Citation] In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (internal citations omitted).

Accordingly, prior precedent must exist which articulates "a constitutional rule specific enough to alert these deputies in this case that their particular conduct was unlawful." [Citation] *West v. City of Caldwell*, 931 F.3d 978, 984 (9th Cir. 2019), cert. den. 141 S.Ct. 111 (italics in original). Here, there is no authority that existed prior to the subject incident which would have clearly established that any action or omission, if any, taken by the Supervisory Defendants would constitute wrongful conduct that would lead to a constitutional violation. Specifically, there is no case law that clearly establishes that Defendants' actions in obtaining and serving the valid Warrant under these circumstances would lead to a constitutional violation. As the United States Supreme Court expressly states: "**There is no rigid rule** by which to resolve the question whether a particular state law may be applied to an Indian reservation or to tribal members." *Bracker*, 448 U.S. at 142 (emphasis added). Thus, it is clear that the alleged conduct of the individual Defendants did not constitute a knowing violation of any established law.

Accordingly, because Defendants have asserted and set forth that they are entitled to qualified immunity, the burden is on now Plaintiffs to prove both elements: (1) that the individual County Defendants allegedly violated Plaintiffs' federal or Constitutional right, and (2) that the right was clearly established at the time of the alleged misconduct. Plaintiffs are clearly unable to meet this burden.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

18

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

See *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d at 946.

## VII.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' STATE LAW CLAIMS

### A.   All Defendants Are Immune From Tort Liability

As an initial matter, each Defendant is immune from tort liability on the state law claims (claims 5 through 13). Pursuant to the California Government Code, "there is no common law tort liability for public entities in California." *Torres v. Dep't of Corr. & Rehab.,* 217 Cal.App.4th 844, 850 (2013). Sovereign immunity is the rule and a public entity may be held liable only if there is a statute subjecting it to civil liability. *Id.* "A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a); *see also* Cal. Gov't Code §§ 815.2(b), 820.2.

### B.   There is No Viable Claim for Negligence Against Any Defendant

As an initial matter, as indicated above, Plaintiffs are prohibited from bringing a negligence claim against the County. As to the individual Defendants, Plaintiffs must establish: (1) defendants had a legal duty to use due care, (2) defendants breached this duty, and (3) defendants' the breach was the proximate cause of the resulting injury. *Ladd v. Cty. of San Matero,* 12 Cal.4th 913, 917 (1996).  Here, neither Bianco nor Van Wagenen were even present, and Plaintiffs have failed to identify what duty was owed to them and/or how Bianco or Van Wagenen allegedly breached this duty. SUF 9-102, 247-252. Similarly, Plaintiffs have failed to present any evidence as to how Villasenor and/or the County allegedly breached a duty to Plaintiffs and/or the requisite causation and damages. SUF 9-102, 247-252.

### C.   There is No Viable Claim for Battery

"A state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

19

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

unreasonable." *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009). Here, there is no evidence that any deputy used excessive or unreasonable force on McCormick. SUF 62. Further, McCormick stipulated to RFA 63 that McCormick has ***no evidence to support his claim for battery*** being asserted against *all* Defendants. SUF 58.

### D.  There is No Viable Claim for Assault

"[T]he standard for proving [assault] is the same standard applied to section 1983 actions. *See Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 1274-1275 (1998), (both § 1983 actions and state law assault and battery by a peace officer claims ***require plaintiff to demonstrate the unreasonableness of the force used***.) Here, there is no evidence that any Defendant acted unreasonably, nor is there any evidence that excessive force was used against McCormick. SUF 62. Further, McCormick's  stipulated admission to RFA 64 ***admits that McCormick has no evidence to support his claim for assault***. SUF 59.

### E.  There is No Claim for Intentional Infliction of Emotional Distress

"The elements of a cause of action for IIED are as follows: (1) defendant engaged in extreme and outrageous conduct (conduct so extreme as to exceed all bounds of decency in a civilized community) with the intent to cause, or with reckless disregard to the probability of causing, emotional distress; and (2) as a result, plaintiff suffered extreme or severe emotional distress." *Berry v. Frazier,* 90 Cal.App.5th 1258, 1273 (2023). The undisputed evidence establishes that no Defendant acted with extreme, outrageous, or reckless disregard towards McCormick. SUF 60. Indeed, McCormick's stipulated admission to RFA 65 admits that he has no evidence to support his claim for intentional infliction of emotional distress. SUF 60.

### F.  There is No Viable Claim for Interference with Contract

Here, there is no evidence that Defendants' actions were "designed" to "breach or disrupt a contractual relationship" between Plaintiffs and the Tribe, or

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1288-4783

20

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

that Defendants were even aware of the existence of any alleged "contract." *See Reeves v. Hanlon*, 33 Cal.4th 1140, 1148 (2004). Instead, Defendants' actions were clearly designed to enforce California's criminal and/or regulatory statutes regarding illegal marijuana cultivation and use in furtherance of the State of California's public policy interests. SUF 9-102, 148-149, 171-174, 209-234, 253-256, 264-278, 283-284. Moreover, both Plaintiffs McCormick and East Wind stipulated that Defendants did not intentionally interfere with Plaintiffs' alleged contractual relations. SUF 41-42, 53-56, 65, 85-86, 98-102.

### G. There is No Viable Claim For Negligent Interference With Prospective Economic Relations

"The tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care. " *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 348. As this is a negligence-based claim, Plaintiffs are prohibited from bringing this claim against the County. Further, both Plaintiffs McCormick and East Wind stipulated that Defendants did not intentionally and/or negligently interfere with prospective economic relations and that they suffered no economic damages. SUF 41-42, 53-56, 65, 85-86, 98-102.

### H. There is No Viable Claim for Intentional Interference With Prospective Economic Relations

"[A] plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, *but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself.*" *Della Penna v. Toyota Motor Sales, USA, Inc.,* 11 Cal.4th 376, 393 (1995). Here, there is *no evidence of any intent* by Defendants *to knowingly interfere with Plaintiffs' economic relations*. SUF 41-42, 53-56, 65, 85-86, 98-102. Plaintiffs also stipulated that Defendants did not intentionally or negligently interfere with their prospective economic relations and that Plaintiffs suffered no

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

21

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

economic damages. SUF 41-42, 53-56, 65, 85-86, 98-102.

### I.   There is No Viable Claim For Vicarious Liability in Tort

Public entities in California are not subject to direct liability for negligence, and can only be found vicariously liable where an individual within the entity violated a specific duty owed to plaintiff. Section 815 "abolished all common law or judicial he declared forms of liability for public entities, except for such liability, as may be required by the federal or state Constitution." *Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450, 1457.  Thus, the County  is immune. In addition, Plaintiffs both stipulated, among other things, that the County is not vicariously liable for any claims. SUF 65, 87-88, 102.

### J.   Plaintiffs' Civil Code Section 52.1 Claim Fails As a Matter Of Law

The Bane Act, codified in California Civil Code § 52.1, "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014); *see also* Cal. Civ. Code § 52.1(a).  In order to prevail on this claim, "plaintiff must show 'the defendant interfered with or attempted to interfere with the plaintiff's legal right by threatening or committing violent acts.' " *Julian v. Mission Community Hospital,* 11 Cal.App.5th 360, 395 (2017). Here, there is no evidence of any threats, intimidation, and/or coercion made against Plaintiff. SUF 9-102, 235-245. Furthermore, for the reasons set forth in Sections II, V, and VI(A)-(H), there is no underlying violation of Plaintiffs' rights.  Further, Defendants Van Wagenen and Bianco were not even present. SUF 247-252.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

22

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

## VIII.  CONCLUSION

For the foregoing reasons, Defendants are entitled to summary judgment.

Dated:  October 6, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By:       */s/ Michaela Battista Sozio*

Nathan A. Oyster
Michaela Battista Sozio
Zareh Bursalyan
Attorneys for Defendants
COUNTY OF RIVERSIDE,
JEFFREY ANTHONY VAN
WAGENEN, JR., SHERIFF CHAD
BIANCO, and JOSE TRUJILLO
VILLASENOR

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1288-4783

23

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants COUNTY OF RIVERSIDE, JEFFREY ANTHONY VAN WAGENEN, JR., SHERIFF CHAD BIANCO, and JOSE TRUJILLO VILLASENOR, certifies that this brief contains 6,978 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☒ complies with the word limit set by court order dated 12/21/2023.

Dated: October 6, 2025                BURKE, WILLIAMS & SORENSEN, LLP

By: ____ */s/ Michaela Battista Sozio* ____
Nathan A. Oyster
Michaela Battista Sozio
Zareh Bursalyan
Attorneys for Defendants
COUNTY OF RIVERSIDE,
JEFFREY ANTHONY VAN
WAGENEN, JR., SHERIFF CHAD
BIANCO, and JOSE TRUJILLO
VILLASENOR