Gregory J. Morrow, Esq. (SBN 153224)
**MORROW LAW GROUP INC**
1801 Century Park East
24th Floor
Los Angeles, CA 90067
O:  (310) 894-9149
M: (310) 721-3833
gregory.j.morrow@hotmail.com

Attorneys for Plaintiffs
Preston McCormick and
East Wind Ag

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON MCCORMICK, an individual; and EAST WIND AG, a California corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>COUNTY OF RIVERSIDE, a public entity; JEFFREY ANTHONY VAN WAGENEN, JR., an individual and in his official capacity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a division of a public entity; SHERIFF CHAD BIANCO, an individual and in his official capacity; JOSE-TRUJILLO VILLASENOR, an individual and in his official capacity; IMPERIAL IRRIGATION DISTRICT, a public entity; JAMIE L. ASBURY, an individual and in her official capacity; and DOES 1 through 150, individually, jointly and severally,<br><br>            Defendants. | Case No. 5:23-cv-02569-SSS-SP<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2 RE; PLAINTIFFS' MOTION TO WITHDRAW AND AMEND ADMISSIONS PURSUANT TO FRCP RULE 36(b)**<br><br>*[Filed concurrently with [Proposed] Order and Declaration of Gregory J. Morrow in Support]*<br><br>Discovery Cutoff Date: May 23, 2025<br>Pretrial Conference Date: April 24, 2026<br>Trial Date: May 11, 2026<br><br>Hearing Date:  December 9, 2025<br>Time:              10:00 a.m.<br>Courtroom:     4, 3rd Floor<br><br>Magistrate Judge: Honorable Sheri Pym |

**TO THE HONORABLE COURT, DEFENDANTS, ALL INTERESTED PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 37-2, the Parties, Plaintiffs PRESTON MCCORMICK and EAST WIND AG (collectively "Plaintiffs"), and Defendants COUNTY OF RIVERSIDE, JEFFREY ANTHONY VAN WAGENEN, JR., SHERIFF CHAD BIANCO, and JOSE TRUJILLO VILLASENOR (collectively "Defendants") hereby submit this Joint Stipulation regarding Plaintiffs Motion To Withdraw And Amend Admissions pursuant to Federal Rule of Civil Procedure Rule 36(b) (the "Motion").

This Motion has been precipitated by Defendants' recent submittal of their Motion for Summary Judgment that is entirely based upon certain "deemed" admissions that clearly seek to establish pure legal conclusions and render as undisputed the highly contentious and disputed material facts of this case, making such admissions clearly per se impermissible by law.

The Court previously granted Plaintiffs' initial Motion to Withdraw or Amend Admissions based, in part, on a discovery Stipulation that artificially limited the number of admissions that Plaintiffs would seek to withdraw by that initial Motion to only 32 as an express condition imposed by Defendants in exchange for their providing written authorization to affix Defendants' electronic signature to such timely Motion pursuant to Local Rule 37-2.2.

Plaintiffs agreed to enter into such discovery Stipulation that deemed all other requests for admissions admitted for the express purpose of advancing Plaintiffs' initial Motion to Withdraw but, by doing so, also expressly reserved the right to seek Defendants' agreement, via meet and confer, to adequately modify or set aside this stipulation and remaining admissions denied by Plaintiffs or, if absolutely necessary, leave of Court to do so.

Discovery closed before this Court issued its Order granting Plaintiffs initial Motion to Withdraw Admissions and, thereafter, Defendants have repeatedly refused to agree to extend the fact discovery cutoff date to allow for this properly noticed and

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

adjudicated Motion, necessitating Plaintiffs submittal of an Application via ex parte.

On October 28, 2025, Plaintiffs submitted an Ex Parte Application pursuant to Local Rule 7-19 seeking leave of this Court to allow hearing on a noticed motion to withdraw or amend additional admissions pursuant to FRCP Rule 36(b) after close of discovery [Dkt. 78] (Morrow Decl. ¶ 22).

On October 30, 2025, the Court issued its Minute Order granting Plaintiffs' Ex Parte Application and amending the current Scheduling Order to allow Plaintiffs to submit this Joint Stipulation pursuant to Local Rule 37-2 so that Plaintiffs could advance this current Motion before Magistrate Judge Pym, no later than November 14, 2025 [Dkt. 82] (Morrow Decl. ¶24).

Pursuant to Local Rule 37-1, counsel for the parties have repeatedly met and conferred on multiple occasions, before, during, and after such ex parte practice, including as recently as October 31, 2025, all in a good faith effort to eliminate the necessity for hearing the current Motion and related motions, and to eliminate as many disputes as possible, but unfortunately have been unable to reach resolution as to issues raised by the current Motion and, accordingly, submit this Joint Stipulation pursuant to Local Rule 37-2. (Morrow Decl. ¶4).

Pursuant to Local Rule 37-2.1, a copy of the May 8, 2024 Civil Trial Order establishing the initial case schedule [Dkt. 29], the September 3, 2024 Order continuing trial date and related deadlines [Dkt. 37], the January 30, 2025 Order continuing fact and expert discovery deadlines [Dkt. 41], the April 17, 2025 Order continuing fact, discovery, and related trial dates [Dkt. 51], the June 25, 2025 Order continuing the trial date and related deadlines but not the fact discovery cutoff date [Dkt. 62], the October 8, 2025 Order continuing trial and certain pretrial dates but not the fact discovery cutoff date or dispositive motion hearing date [Dkt. 77]; (Morrow Decl. ¶ 5; **Exhibits A, B, C, D, E,** and **F**).

Dated:  November 14, 2025          MORROW LAW GROUP INC.

By:  /s/ Gregory Morrow
    Gregory J. Morrow
    Attorneys for Plaintiffs
    PRESTON MCCORMICK, and
    EAST WIND AG

Dated:  November 14, 2025          BURKE WILLIAMS & SORENSEN, LLP

By:  /s/ Nathan A. Oyster
    Nathan A. Oyster
    Michaela Battista Sozio
    Zareh Bursalyan
    Attorneys for Defendants
    COUNTY OF RIVERSIDE,
    JEFFREY ANTHONY VAN
    WAGENEN, JR., SHERIFF CHAD
    BIANCO, and JOSE TRUJILLO
    VILLASENOR

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

## TABLE OF CONTENTS

I.    INTRODUCTION…………………………………………………..1

    A. Plaintiffs' Introductory Statement…………………………………...1

    B. Defendants' Introductory Statement……………..……………………..3

II.   BACKGROUND…………………………………………………….6

    A. Plaintiffs' Factual Background…………………………………………6

    B. Defendants' Factual Background…………………….…………………9

III.  DISCOVERY AT ISSUE…………………………………………….15

    A. Plaintiffs' Contentions………………………………………………15

    B. Defendants' Contentions……………………………………………16

    C. The Requests for Admission at Issue……………………………………16

    1. Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, Nos. 7-9, 17-20, 22, 25, 28, 30, 32-35, 37-41, 45-50, 54, and 56-69…………………………..16

    2. Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag, Numbers 4-8, 10, 16, 18, 20, 23, 25, 27, 31-33, 35-41, 44-50, 54, and 56-62……………………….24

IV.   STANDARD OF REVIEW……………………………………………..32

    A. Plaintiffs' Position……………………………………………………...32

    B. Defendants' Position……………………………………………………35

V.    LEGAL ARGUMENT……………………………………………………37

    A. Plaintiffs' Argument……………………………………………………37

    Good Cause Exists To Permit Plaintiffs' To Withdraw Or, In The Alternative, Amend Plaintiffs Admissions Pursuant To Fed. R. Civ. P. 36…………………………………………………………………...37

        1.    Plaintiffs' Motion To Withdraw Or, In The Alternative, Amend Admissions Satisfies The Two Prong Test Under Rule 36(b): (1) Withdraw Will Promote The Presentation Of This Action On The Merits and (2) Will Not Result In Prejudice To

i

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**Defendants In Maintaining This Action……………..37**

2.   **Withdrawal Or Amendment Of These Admissions Will Promote The Presentation Of This Case On The Merits…………………………………………………..39**

3.   **Withdrawal Or Amendment Of Admissions Regarding Plaintiffs' Causes Of Action, Which Plaintiffs Have Previously Asserted Throughout The Complaint and Denied During Deposition, Will Allow Plaintiffs To Present This Case Based On The Merits……………41**

4.   **Withdraw Or Amendment Of Admissions Regarding The Sovereign Nature Of The Subject Property, Which Plaintiffs Have Previously Asserted Throughout The Complaint And During Deposition, Will Allow Plaintiffs To Present This Case Based On The Merits……………………………………………………44**

5.   **Withdraw Or Amendment Of Admissions Regarding Plaintiffs' Causes Of Action Arising From Alleged Breach Of Duty And Resulting Damages, Which Plaintiffs Have Previously Asserted Throughout The Complaint And Denied During Deposition, Will Allow Plaintiffs To Present This Case On The Merits……45**

6.   **Withdraw Or Amendment Of The Admissions Regarding Plaintiffs' Causes of Action Arising From Defendants Alleged Policies, Customs, Or Practices Resulting In Constitutional Violations, Which Plaintiffs Have Previously Asserted Throughout The Complaint and Denied During Deposition, Will Allow Plaintiffs To Present His Case Based On The Merits………………………………………………47**

7.   **Withdraw Or Amendment Of The Admissions Regarding "Probable Cause", Which Plaintiffs Have Previously Asserted Throughout The Complaint and Denied During Deposition, Will Allow Plaintiffs To Present His Case Based On The Merits……………...49**

ii

**8.   Withdraw Or Amendment Of Admissions Regarding The Sale Or Distribution Of Marijuana, Which Plaintiffs Have Previously Asserted Throughout The Complaint And Denied During Deposition, Will Allow Plaintiffs To Present This Case Based On The Merits**……………………………………………………**49**

**9.   Defendants Cannot Show That Withdrawal Or Amendment Of Any Or All Of These Admissions Will Result In Prejudice To Defendants In Maintaining This Action**………………………………………………**51**

**10.   Other Factors That This Court May Consider**…….**53**

**B. Defendants' Argument**……………………………………………………**55**

**1.   Plaintiffs' Entire Motion is Barred By The Parties' Negotiated April 26, 2025 Stipulation and Subsequent Court Order**…………………………………………**55**

**2.   Assuming *Arguendo*, Even If The Parties' Negotiated Stipulation and Subsequent Court Order Did Not Exist, Which They Do, Defendants Will Be Severely and Irreversibly Prejudiced By Withdrawal of the Admissions**……………………………………………………**61**

**3.   Contrary To Plaintiffs' Contentions, The Requests For Admission At Issue Were Proper And Plaintiffs Waived Any Objections to the Form of the Requests**……………………………………………………**63**

**VI.   CONCLUSION**……………………………………………………………**66**

**ATTESTATION**……………………………………………………………………**67**

# TABLE OF AUTHORITIES

**Cases**

*Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1998)……………36

*Branch Banking & Tr. Co. v. D.M.S.I., LLC*,
871 F.3d 751, 765 (9th Cir. 2017)…………………………………………………35, 58

*California v. Cabazon Band of Indians*, 480 U.S. 202 (1987)………………………44

*CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999)…………………....36, 59, 60

*Chartsis Specialty Ins. Co. v. Tel. Hill Props., Inc.*
2013 WL 1629173, at *7 (N.D. Cal. Apr. 16, 2013)………………………………....34

*Chavez v. Villanueva*
2:22-cv-04912-FMO-MAR, 2023 WL 8168820 (C.D. Cal., March 7, 2023)………54

*Conlon v. U.S.*
474 F.3d 616, 622 (9th Cir. 2007)………………………………….32, 34, 38, 51, 52, 53

*Disability Rights Council v. Wash. Metro. Area*
234 F.R.D. 1, 3 (D.C. Cir. 2006)………………………………………………....33, 50

*Flores v. Albertsons, Inc.*
No. CV0100515 AHM (SHX), 2002 WL 1163623, *2 (C.D. Cal., Apr. 9, 2002)….35

*Hadley v. United States*
45 F.3d 1345, 1348 (9th Cir. 1995)………………………………………33, 34, 37, 52, 53

*Hall v. Google LLC*
No. 23-CV-06574-JST, 2025 WL 2917154, at *1 (N.D. Cal. Oct. 14, 2025)…..35, 58

*Hash v. Kanaan*
2018 WL 9801926, at *1 (N.D. Cal. Mar. 20, 2018)………………………………33

*I-Med Pharma Inc. v. Biomatrix, Inc.*
No. 03-3677 (DRD), 2011 WL 6140658 (D.N.J. Dec. 9, 011)………………………34

iv                                    *Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

*In re Phenylpropanolamine (PPA) Products Liab. Litig.*
460 F.3d 1217, 1228 (9th Cir. 2006)……………………………………………..33

*In re Transpacific Passenger Air Transportation Antitrust Litig.*
No. C-07-05634 CRB (DMR), 2014 WL 709555, at *2
(N.D. Cal. Feb. 24, 2014)……………………….....................................35, 36, 58, 59

*Jefferson v. Perez*
2012 WL 671917, at *2 (E.D. Cal. Feb. 29, 2012)…………………33, 34, 38, 42, 53

*Lakehead American Home Assur. Co.*
177 F.R.D. 454, 458 (D.Minn 1997)…………………………………………...33

*Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994)……………………63

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1998)…………………38

*Miller v. White*, No. CV 14-7543-GW (KK), 2019 WL 8683325, at *4
(C.D. Cal. Nov. 8, 2019)…………………………………………………...34, 63

*Monell v. Dep't of Soc. Servs. of City of New York*
436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978)…………………64

*Parks v. Am. Warrior, Inc.*, 44 F.3d 889, 894 (10th Cir. 1995)…………………35, 58

*Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005)…..………63

*Reaza v. County of Riverside*
5:20-CV-01188-MEMF, 2022 WL 312988 (C.D. Cal., June 2, 2022)……………..34

*Richmark Corp. v. Timber Falling Consultants*
959 F.2d 1468, 1473 (9th Cir. 1992)……………………………………………63, 65

*Robinson v. Indep. Pet Partners Holdings*, LLC,
No. 2:21-CV-04602-AB-SK, 2021 WL 6882159, at *2
(C.D. Cal. Dec. 16, 2021)………………………………………………35, 58

*Saenz v. Branch*
2017 WL 6343485, at *2 (N.D. Cal. Dec. 12, 2017)…………………………33, 47

*St. Paul Mercury Ins. Co. v. Hahn*
2014 WL 12588631, at *1 (C.D. Cal., Oct. 21, 2014)……………………………34

*Taylor v. Cnty. of Calaveras*
2019 WL 6341131, at *4 (E.D. Cal. Nov. 27, 2019)…………………………….33

*Tierny v. Haresh*
2019 WL 1755495, at *2 (E.D. Cal. Apr. 19, 2019)…………………………….33

*Tuvalu v. Woodford*
1:07-CV-01724-DFL, 20006 WL 3201096 (E.D. Cal. Nov. 2, 2006)………33, 39, 50

*United States v. Mikhel*, 889 F.3d 1003, 1050 (9th Cir. 2018)……………………..35

*United States v. Molina*, 596 F.3d 1166, 1168-69 (9th Cir. 2010)………………..36

*United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976)…………………..36

*United States v. Orozco*, 855 F. App'x 328, 329 (9th Cir. 2021)………………...36

**Statutes**

18 U.S.C. § 1162……………………………………………………...1, 41, 50

Fed. R. Civ. P.26(c)……………………………………………………………63

Fed. R. Civ. P. 29………………………………………………………......35, 58

Fed. R. Civ. P. 36……………………………………………………………….62

Fed. R. Civ. P. 36(a)…………………………………………………………...64

Fed. R. Civ. P. 36(b)……………………………………………3, 32, 37, 63, 64

*Attorney General Rob Bonta, Attorney General Bonta Launches Civil Rights Investigation into Riverside County Sheriff's Office* (February 23, 2023)……...1, 40

**Local Rules**

L.R. 7-1………………………………………………………………………35, 58

L.R. 7-3……………………………………………………………………………7

L.R. 7-19………………………………………………………………….......8

L.R. 37-2……………………………………………………………………………6

**Legal Treatise**

*Wright & Miller*, 12 Fed. Prac. & Proc. Civ. § 3069 n.20 (2d ed.)…………...………34

1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 36 (2021)………………………………………………32

Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-D……………….63

Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(III)-C……………….63

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

#### A. Plaintiffs' Introductory Statement

Pursuant to Local Rule 37, the current Motion now focuses on two remaining categories of "deemed" admissions that go to the very heart of the merits of this case: (1) admissions purely as to matters of law, and (2) admissions as to obviously disputed material facts that render such facts "undisputed." Both are without doubt *per se* impermissible under law.

The admissions at issue by this Motion consist of: (1) Defendant County of Riverside's First Set of Request for Admissions to Plaintiff East Wind Ag ("County RFA") numbers 4-8, 10, 16, 18, 20, 23, 25, 27, 31-33, 35-41, 44-50, 54, and 56-62, and (2) Defendant Jose Trujillo Villasenor's First Set of Requests for Admission ("Villasenor RFA") numbers 7-9, 17-20, 22, 25, 28, 30, 32-35, 37-41, 45-50, and 54-69.

Plaintiffs' current Motion is set against a deeply disturbing pattern, practice, and custom of Defendants repeatedly violating the civil rights of the citizens of Riverside County, California[1], including the civil rights of Plaintiffs.

On December 7, 2022, the Riverside County Sheriff's Department executed a facially invalid Search Warrant[2] (the "Warrant") based on a false and misleading Affidavit, during a predawn raid consisting of approximately 250 heavily armed

---

[1] Attorney General Rob Bonta, <u>Attorney General Bonta Launches Civil Rights Investigation into Riverside County Sheriff's Office</u> (February 23, 2023)

[2] As a matter of law, neither 18 U.S.C. § 1162 nor any other Act of Congress conferred any jurisdiction to authorize any of the Defendants to commit any of the acts as alleged in the Complaint, including but not limited to submitting an Affidavit or seeking issuance of the Search Warrant at issue in this case, rendering such Search Warrant void *ab initio* and rendering the execution of such Search Warrant as well as the many other acts associated therewith as *ultra vires* and contrary to federal law governing jurisdiction in "*Indian country*." (emphasis added).

1

uniformed officers, including SWAT using military vehicles and automatic weapons, at a validly licensed and authorized marijuana agricultural facility located at 91521 Avenue 68, Mecca, California 92254 (the "Subject Property").

Over a year and a half before Defendants' illicit raid, the Subject Property had been dutifully designated as sovereign Indian tribal land held in trust by the United States of America for the benefit of the Torres Martinez Desert Cahuilla Indians (the "Tribe"), dutifully recorded with the U.S. Department of the Interior, Bureau of Indian Affairs ("BIA"), Land Titles and Records Office, February 19, 2021 ("Document Number: 4200197218")[3].

The Tribe is an impoverished nation who look to their lawfully authorized agricultural facilities as a means to uplift their people from dire economic despair.

The lead officer during the execution of this Warrant, Defendant Jose Trujillo Villasenor ("Villasenor"), had deceptively sworn under oath as to "facts" including the patently false statement that the Subject Property was allegedly not "trusted land" (sic) and therefore not sovereign Indian tribal land subject to protection under federal law. Villasenor's Affidavit also paradoxically set forth that, on October 27, 2022, or approximately 40 days prior to this illicit raid, Plaintiff Preston McCormick ("McCormick") hand-delivered to the Riverside County Sheriff's Thermal Station a copy of Plaintiffs' official "Manufacturing License" issued by the Tribe, which was reviewed by Villasenor before the unwarranted raid.

During deposition, Villasenor also repeatedly talked about Defendants' hateful animus and targeting of Plaintiffs, inasmuch as they considered the Tribe to be a "*criminal enterprise*" and "*criminal organization*" simply for permitting the lawful

---

[3] Such Grant Deed provides, in pertinent part, that "[t]his conveyance is made pursuant to Title VI of the Omnibus Indian Advancement Act, Public Law 106-568, 114 Stat. 2868, enacted December 27, 2000, the Torres Martinez Desert Cahuilla Indians Claims Settlement Act."

2

cultivation and "*manufacturing of cannabis*" on sovereign Indian tribal land pursuant to the Tribe's own promulgated regulations.

At commencement of this unlawful raid, members of the Tribe, including Ms. Elaine Penalosa, member of the Board of Directors of the Tribe's Desert Cahuilla Agricultural Commission ("DCAC") overseeing all agricultural facilities on the Tribe's land, arrived at the Subject Property, presented Villasenor with copies of the Tribe's official BIA Grant Deed, and repeatedly pleaded with Villasenor to please immediately stop destroying these agricultural facilities. Villasenor dismissed such BIA documents as "worthless" and immediately proceeded with this destructive raid.

Defendants laid waste to the entire agricultural facility at issue in this case, negligently and purposefully destroying over 270 greenhouses and irrigation systems, seizing countless thousands of documents, ripping out and crushing computer and surveillance systems, and arresting and detaining many individuals, including McCormick, who was handcuffed behind his back face down in the dirt in front of his wife and then periodically interrogated for up to eight hours in excruciating pain.

This Motion raises the issue as to whether Plaintiffs should be permitted to withdraw and amend certain deemed admissions so as to "promote the presentation of the merits of the action" and whether such withdraw or amendment would "prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

These deemed admissions now sought to be withdrawn go directly to the merits of this case, purposefully contradict the express allegations made throughout the Complaint and during deposition, clearly seek to establish pure legal conclusions, render as undisputed the highly contentious and disputed material facts at the core of this case, and, therefore, are clearly *per se* impermissible and must be withdrawn to promote the presentation of the merits of this case.

**B. <u>Defendants' Introductory Statement</u>**

The present motion filed by Plaintiffs is barred by the parties' April 26, 2025

3

negotiated stipulation [Dkt. 52] and relevant April 30, 2025 [Dkt. 54] Court Order thereto. See Oyster Dec., ¶¶ 27-30, **Exhibit M** and **Exhibit N**. The plain language of the Parties' negotiated stipulation and relevant Court Order thereto – neither of which were submitted in support of Plaintiffs' present motion – expressly bar Plaintiffs from seeking to withdraw the ***stipulated*** admissions that are the subject of this motion.

The contemporaneous communications amongst counsel leading up to and at the time of the April 26, 2025 negotiated stipulation [Dkt. 52] and April 30, 2025 Court Order thereto [Dkt. 54], establish that both sides contemplated exactly what the plain language of the stipulation demonstrates: All 100 stipulated admissions are not eligible for withdrawal or amendment, and all 100 stipulated admissions "shall remain deemed admitted." See Oyster Dec., ¶¶ 7-30, **Exhibits A through N**. In the present motion, Plaintiffs do not even attempt to argue that they satisfy the standard for withdrawing from a negotiated stipulation or setting aside the relevant Court Order thereto, nor can Plaintiffs satisfy the required standard, as discussed in Sections III(B), IV(B), and V(B)(1) below.

Moreover, assuming *arguendo*, even if the Parties' negotiated stipulation and relevant Court Order thereto which bar Plaintiffs from seeking the relief now sought did not exist, which they do, Plaintiffs' motion should be denied because Defendants will be irreversibly and severely prejudiced by the withdrawal of the admissions, as discussed in Section V(B)(2) below.  Plaintiffs offer no explanation for why they waited five months to file this motion. In addition, Defendants have reasonably relied upon the Parties' negotiated stipulation, which indicates that the 100 stipulated admissions "shall remain deemed admitted," and Defendants have conducted their entire discovery and litigation strategy accordingly for the past five (5) months – including filing a motion for summary judgment [Dkt. 52] that relies in part on the stipulated admissions.

Contrary to Plaintiffs' assertions, the ***stipulated*** requests for admissions were proper and Plaintiffs waived any objection to the form of the requests, including in

part, through Plaintiffs' failure to provide timely responses pursuant to Federal Rule of Civil Procedure 36. Indeed, as outlined below in Sections III(B), IV(B), and V(B)(1)-(3), a party may serve requests for admissions that relates to issues of both fact and law, Plaintiffs waived all objections to the requests for admissions, and whether the requests for admissions were objectionable has no bearing on the issue of whether Plaintiffs can withdraw from the Parties' extensively negotiated stipulation, especially after Plaintiffs already received their benefit of the bargain from the Parties' negotiated stipulation. See Oyster Dec., ¶¶ 27-30, see also Oyster Decl., **Exhibits M and N**. Further, the responses to the requests for admission at issue, which Plaintiffs provided 45 days late, do not contain **any** objections to the requests – the responses only indicate "admit" or "denied" – and accordingly, Plaintiffs waived any and all objections to the requests. See Morrow Decl. in Support of Plaintiffs' Motion, **Exhibit I**; see also Oyster Decl., ¶¶ 3-6. Moreover, assuming *arguendo*, even if the requests for admission at issue were improper, Plaintiffs failed to file a motion for protective order pursuant to Federal Rule of Civil Procedure 26 – which is the appropriate procedural vehicle to use when a party believes discovery requests are improper. See Oyster Decl., ¶ 4.

As previously indicated, Plaintiffs did not even submit the Parties' negotiated stipulation and subsequent Court Order thereto as part of Plaintiffs' present motion, even though the stipulation and subsequent Court Order explicitly govern this issue and bar the relief Plaintiffs seek. Moreover, to date, Plaintiffs' counsel has yet to offer any explanation or provide **any** legal authority as to why the Parties' April 26, 2025 [Dkt 52] negotiated stipulation and subsequent Court Order [Dkt. 54] do not bar this motion. See Oyster Decl., ¶¶ 31-51.

Defendants have incurred significant expenses in opposing this Motion, which consisted of 1,164 pages of documents from Plaintiffs, and in conducting their entire litigation strategy around the stipulated admissions.

For the foregoing reasons, Defendants respectfully request that this Court deny

Plaintiffs' motion to withdraw *stipulated* admissions.

## II.    BACKGROUND

### A. Plaintiffs' Factual Background

Plaintiffs have refrained from repeating verbatim the prior lengthy statement of facts leading up to this Court's granting Plaintiffs' initial Motion to Withdraw Admissions [Dkt. 53]; however, Plaintiffs hereby attach their counsel's prior Declaration in Support of that initial Motion (without referenced Exhibits thereto), setting forth such factual detail supporting such initial Motion for the Court's immediate reference here [Dkt. 53.1]; (Morrow Decl. ¶ 6; **Ex. G**).

On December 15, 2023, Plaintiffs commenced this action by filing the operative complaint (the "Complaint") asserting various causes of action including, but not limited to: Policies, Customs, and Practices Resulting in Constitutional Violations (Monell; 42 U.S.C. § 1983); Supervisory Liability Resulting in Constitutional Violations (Failure to Train, Supervise, and Discipline, etc.) (42 U.S.C. § 1983); Violation of California Civil Code § 52.1 (Tom Bane Act); as well as related state law causes resounding in: Negligence; Battery; Assault; Intentional Infliction of Emotional Distress; Intentional and Negligent Interference with Prospective Economic Relations; and other such causes. [Dkt. 1] (Morrow Decl. ¶ 7; **Ex. H**).

On March 31, 2025, Plaintiffs dutifully served Defendants with Plaintiff Preston McCormick's Response to Defendant Jose Trujiollo Villasenor's First Set of Request for Admissions and Plaintiff East Wind Ag's Response to Defendant County of Riverside's First Set of Request for Admissions (Morrow Decl. ¶ 8; **Ex. I**).

On April 29, 2025, the parties submitted a Joint Stipulation pursuant to L.R. 37-2 for purposes of advancing Plaintiffs' initial Motion to Withdraw certain limited admissions. [Dkt.53].

On May 23, 2025, the fact discovery cutoff date in this case closed. (Morrow Decl. ¶ 10).

On May 28, 2025, this Court issued its Minute Order granting Plaintiffs initial

Motion to Withdraw deemed admissions [Dkt. 60]; (Morrow Decl. ¶ 11; **Ex. J**).

On June 12, 2025, Plaintiffs' counsel sent a meet and confer letter to Defendants' counsel, requesting that the parties "extend time by stipulating to modify the current Scheduling Order to allow Plaintiffs to engage in motion practice, **specifically Plaintiffs' Motion to Withdraw or Amend [Additional] Admissions**" (Morrow Decl. ¶ 12; **Ex.K**)(emphasis added).

On June 13, 2025, counsel for the parties engaged in further meet and confer by telephone, wherein Defendants counsel reiterated Defendants position that they again refuse to stipulate to continue the fact discovery cutoff date in this case (Morrow Decl. ¶ 13).

On September 18, 2025, Plaintiffs' counsel received email from Defendants' counsel, attaching a letter including exhibits, consisting of approximately 55 pages, requesting that the parties meet and confer pursuant to L.R. 7-3, regarding Defendants' proposed motion for summary judgment as well as Plaintiffs position as to such motion (Morrow Decl. ¶ 14).

Commencing on September 19, 2025, and continuing through September 30, 2025, counsel for the parties engaged in ongoing meet and confer, both via email and telephone, in an effort to reach agreement as to whether Plaintiffs would be willing to dismiss certain state or common law claims in exchange for Defendants willingness to continue all dates associated with this case including, most importantly, the discovery cutoff date to November 24, 2025 (Morrow Decl. ¶ 15; **Ex. L**).

On October 6, 2025, after such meet and confer efforts nevertheless resulted in the parties failure to reach a substantive agreement as set forth above, Defendants filed their Notice of Motion and Motion for Summary Judgment and supporting documents [Dkt. 72]; (Morrow Decl. ¶ 16).

On October 7, 2025, Defendants filed a Joint Stipulation to continue only the trial date and related pre-trial deadlines; however, and most importantly, not to continue the discovery cutoff date as previously requested by Plaintiffs during

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

extensive meet and confer as Defendants had summarily rejected such request over and over again. [Dkt. 76].

On October 8, 2025, based on such stipulation, the Court issued its Order continue the trial date to May 11, 2026, as well as related pre-trial deadlines but noticeably not continuing the discovery cutoff date. [Dkt. 77]).

On October 15, 2025, Plaintiffs extended the parties ongoing meet and confer via email, in an attempt to reach agreement as to whether Defendants would be willing to stipulate to the withdraw of these same admissions as set forth above that Plaintiffs now seek to withdraw via this Motion or, if still unwilling to do so, whether Defendants would be willing to stipulate to continue the current Dispositive Motion cutoff date and Motion for Summary Judgment hearing date for a period of no more than 45 days so that the Court may properly adjudicate the Motion that is now before this Court. (Morrow Decl. ¶17; **Ex. M**).

On October 16, 2025, Plaintiffs' counsel called Defendants' counsel to advance such meet and confer efforts and receiving no answer, left voicemail for both Defendants' counsel Nathan Oyster as well as Michaela Sozio regarding Plaintiffs' request as set forth immediately above. (Morrow Decl. ¶ 18).

Later that day, on October 16, 2025, Plaintiffs' counsel received an email from Defendants' counsel flatly rejecting Plaintiffs request for the parties to agree to allow withdrawal of the admissions that Plaintiffs now seek to withdraw by way of this current Motion, or to provide a reasonable continuance so that Plaintiffs could file a timely noticed motion to do so, all as outlined above (Morrow Decl. ¶ 19).

On October 27, 2025, and seeing no other viable alternative to mutually resolve this impasse, Plaintiffs' counsel called Defendants' counsel Michaela Sozio, 444 S Flower St, Ste 4000, Los Angeles, CA 90071-2942, (213) 236-0600, all pursuant to L.R. 7-19, and engaged in reasonable, good faith efforts orally to advise such counsel of the date and substance of Plaintiffs pending *Ex Parte* Application to be submitted on October 28, 2025. (Morrow Decl. ¶ 20).

On October 28, 2025, Plaintiffs' counsel sent an email to Defendants' counsel in a last ditch effort to avoid having to resort to such ex parte practice and, instead, offering to provide "Defendants this additional time to reconsider their rejection of Plaintiffs request for the parties to either: (1) stipulate to the withdraw a very specific numbered admissions; or (2) stipulate to continue the current dispositive motion cutoff date and motion for summary judgment hearing date for a period of no more than 45 days so that the court could properly adjudicate a motion to withdraw [these deemed admissions]"; however, Defendants again adamantly refused (Morrow Decl. ¶ 21; **Ex. N**).

On October 28, 2025, Plaintiffs submitted an Ex Parte Application pursuant to Local Rule 7-19 seeking leave to allow hearing on a noticed motion to withdraw or amend additional admissions pursuant to FRCP Rule 36(b) after close of discovery [Dkt. 78]; (Morrow Decl. ¶ 22).

On October 29, 2025, Defendants submitted their Opposition to Plaintiffs' Ex Parte Application. [Dkt. 80]; (Morrow Decl. ¶ 23).

On October 30, 2025, the Court issued its Minute Order granting Plaintiffs' Ex Parte Application that amended the current Scheduling Order to allow Plaintiffs to file Plaintiffs' current Motion to Withdraw Admissions via Joint Stipulation pursuant to Local Rule 37-2 and for Plaintiffs to advance this Motion before Magistrate Judge Pym, no later than November 14, 2025 [Dkt. 82]; (Morrow Decl., ¶ 24; **Ex. O)**.

### B. Defendants' Factual Background

#### 1.    The Relevant Requests for Admissions

On January 14, 2025, Defendants served a total of (8) sets of discovery, including (1) Requests for Admission, Set One, from Defendant Villasenor to Plaintiff McCormick and (2) Requests for Admission, Set One, from Defendant County of Riverside to Plaintiff East Wind AG. Oster Dec., ¶ 3, **Exhibit A** and **Exhibit B**. These requests for admission were automatically deemed admitted pursuant to Federal Rule of Civil Procedure 36 after Plaintiffs failed to timely respond and accordingly,

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

Plaintiffs waived all objections to the form and substance of the requests. Oyster Decl., ¶¶ 3-6. Moreover, the responses that Plaintiff provided 45 days late, on March 31, 2025, only indicate "admit" or "denied" **and contain no objections to the requests**. Id.; see also See Morrow Decl. in Support of Plaintiffs' Motion, **Exhibit I**.

Responses to the requests for admissions, previously identified as **Exhibit A** and **Exhibit B** were due on or before February 13, 2025. Oyster Decl., ¶¶ 3-6. No extension was requested by Plaintiffs. Id. Further, Plaintiffs never filed a motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c) regarding the requests for admission at issue. Id.

### 2. The Parties' Negotiations Regarding the Stipulated Admissions

Beginning on April 3, 2025, the parties had several back-and-forth discussions and negotiations regarding the Parties' negotiated stipulation that bars the relief Plaintiffs now seek in the present motion. Oyster Dec. ¶¶ 7-26; see also Oyster Decl., **Exhibits A through N**. During these negotiations, Plaintiffs' counsel identified a limited number of 32 admissions that Plaintiffs would seek to withdraw. Id.

Specifically, on April 3, 2025, Plaintiffs' counsel left me a voicemail indicating that he would like to discuss a proposed modification to the scheduling order to allow Plaintiffs' motion to withdraw admissions to be heard. To evaluate Plaintiffs' proposal, Defendants requested that Plaintiffs identify which admissions Plaintiffs will seek to withdraw. Oyster Decl., ¶ 7.

Following this discussion, Plaintiffs' counsel sent correspondence to Defendants, identifying a limited number of admissions. Oyster Decl., ¶¶ 8-9, **Exhibit C**. Counsel for Defendants responded, asking Plaintiffs' counsel "Which set of Requests for Admissions have the requests for which you seek relief?" Oyster Decl., ¶ 10, **Exhibit D**. Plaintiffs' Counsel responded, identifying a limited number of 32 requests for admission, and indicated "trust this clarifies our [Plaintiffs'] request." Oyster Decl., ¶¶ 11-12, **Exhibit E**.

Counsel for Defendants sent correspondence to Plaintiffs' counsel the

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

following day, on April 4, 2025, which stated, in part, Plaintiffs "advised me that Plaintiffs intend to withdraw a small number, or sub-set, of the deemed admissions. You further advised that Plaintiffs will not seek to withdraw any of the remaining deemed admissions that are outside of that limited sub-set." Oyster Decl., ¶¶ 13-14, **Exhibit F**. Further, Counsel for Defendants wrote, "our discovery strategy and litigation strategy have been based upon the deemed admissions." Plaintiffs did not respond and instead, on April 7, 2025 proceeded to file an ex parte application to modify the scheduling order, which was denied. Oyster Decl., ¶¶ 13-16.

On April 10, 2025, Plaintiffs sent correspondence indicating that Plaintiffs would like to stipulate to modify the scheduling order – however, Plaintiffs did not indicate that Plaintiffs would seek to withdraw any other admissions than those identified in Plaintiffs' counsel's April 3, 2025 correspondence, nor did Plaintiffs provide a response to Defendants' April 4, 2025 correspondence. Oyster Decl., ¶¶ 13-16, **Exhibit F** and **Exhibit G**. Also on April 10, 2025, Defendants responded to Plaintiffs' request to modify the scheduling order and allow Plaintiffs' motion to withdraw 32 deemed admissions be heard. Oyster Decl., ¶¶ 16-18, **Exhibit G**.

On April 17, 2025, the parties met and conferred pursuant to Local Rule 37. Oyster Decl., ¶ 19. Plaintiffs counsel indicated that Plaintiffs would only be seeking to withdraw the limited number of deemed admissions identified in Plaintiffs' counsel's correspondence dated April 3, 2025. Oyster Decl., ¶¶ 19-20, **Exhibit E** and **Exhibit F**. Further, Plaintiffs' counsel indicated that Plaintiffs would provide their portion of the Local Rule 37-2 stipulation so that Plaintiffs' motion could be heard prior to the May 23, 2025 discovery cutoff. Oyster Decl., ¶¶ 20-23, **Exhibit I**. However, Plaintiff failed to timely provide their portion of the Joint Stipulation. Oyster Decl., ¶¶ 20-23, **Exhibit H** and **Exhibit I.**

Significantly, Plaintiffs provided their portion of the Joint Stipulation on April 22, 2025. Oyster Decl., ¶¶ 20-23, **Exhibit H** and **Exhibit I**. Pursuant to Local Rule 37-2, Plaintiffs did not provide their portion of the joint stipulation in time to allow

11

for all of the Local Rule 37-2 procedural requirements to be met so that Plaintiffs discovery motion could be heard by the discovery cutoff of May 23, 2025. Id.

On April 22, 2025, counsel for Defendants sent correspondence to Plaintiffs' counsel, indicating in part, that "the Joint Stipulation is not timely," and that "***Because Plaintiffs' service of the Joint Stipulation will not provide sufficient time for Plaintiffs to file a timely discovery motion, that reason alone supports the denial of the motion.***" Id. Plaintiffs' counsel responded, indicating in part that, Pursuant to Local Rule 37-2.2, "Plaintiffs therefore strongly suggest that 'the parties agree otherwise' so that Defendants may timely provide their respective portion of this Joint Stipulation." Following a meet and confer on this issue, on April 24, 2025, Plaintiffs sent correspondence to Defendants, stating "To resolve these issues, Plaintiffs' proposal is as follows," and delineated 32 requests for admissions that Plaintiffs will seek to withdraw, and asked, *albeit* indirectly, that Defendants will not argue that Plaintiffs' motion is untimely and time barred under Local Rule 37-2. Oyster Decl., ¶¶ 20-24, **Exhibit J**.

On October 24, 2025, to clarify Plaintiffs' request and proposal, Counsel for Defendants responded indicating "If you agree to these terms…I will send you a stipulation and proposed Order ***reflecting an agreement between the parties that (1) Plaintiffs will only seek to withdraw those RFAs identified in your email below, (2) all other RFAs in the two relevant sets shall remain* admitted…(4) Defendants will not raise a LR 37-2 timeliness argument**…." Oyster Decl., ¶¶ 24-26, **Exhibit K** and **Exhibit L**. Following these negotiations between counsel, Plaintiffs' agreed, and the Parties entered into a negotiated binding stipulation and this Court entered an Order thereto, which bars the relief Plaintiff now seeks. Oyster Decl., ¶¶ 27-30, **Exhibit M** and **Exhibit N**.

Specifically, the stipulation and relevant Court Order state:

"***The only deemed admissions that Plaintiffs will move to withdraw and amend are the Requests for Admission identified below***: a. Defendant

12                                    *Case No. 5:23-cv-02569-SSS-SP*
                                    *Joint Stipulation Re: Plaintiffs*
                                    *Motion to Withdraw or Amend Admissions*

County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag, Nos. 1, 2, 3, 11, 12, 13, 14, 15, 21, 42, 43, 51, 52, and 53.

b. Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, Nos. 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 21, 42, 43, 44, 51, 52, and 53."

4. *Plaintiffs shall not seek withdrawal or amendment of any other Requests for Admissions in either Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag or Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick*. All Requests for Admissions in either Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag or Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, except for those identified in paragraph 3, *shall remain deemed admitted.*"

Oyster Decl., ¶¶ 27-30, **Exhibit M** and **Exhibit N**. In their present motion, Plaintiffs seek to withdraw these stipulated admissions that the Parties' extensively negotiated and after Plaintiffs received the benefit of the bargain from the Parties' negotiated binding stipulation. Oyster Decl., ¶¶ 27-30, **Exhibit M** and **Exhibit N**. Indeed, Defendants did not raise the issue that Plaintiffs' motion to withdraw the 32 admissions was untimely, and the Court Granted [Dkt. 60] Plaintiffs' motion to withdraw 32 admissions in full [Dkt. 53]. Id.

3.    **Plaintiffs' Intent to Improperly Withdraw *Stipulated* Admissions**

On May 6, 2025, Plaintiffs filed their supplement memorandum [Dkt. 56] in support of Plaintiffs' motion to withdraw 32 deemed admissions [Dkt. 53]. Oyster Decl., ¶ 31, **Exhibit O**. Plaintiffs indicated for the first time, "Plaintiffs will seek Defendants' agreement, via meet and confer, to adequately modify or set aside this stipulation or, if absolutely necessary, leave of this court to do so." Id. However,

Plaintiffs took no action to withdraw the stipulated admissions for over five (5) months. Oyster Decl., ¶ 33.

Fact Discovery closed on May 23, 2025. Oyster Decl., ¶ 32, **Exhibit P**. On September 17, 2025, Defendants sent a Local Rule 7-3 correspondence to Plaintiffs' Counsel regarding Defendants' motion for summary judgment. Oyster Decl., ¶ 34, **Exhibit Q**. Indeed, this was not the first Local Rule 7-3 correspondence that indicated Defendants' intent to rely on the admissions in a motion for summary judgment. Oyster Decl., ¶ 35, **Exhibit R**. The Local Rule 7-3 correspondence delineated that Defendants intend to rely on all the *stipulated* admissions in a motion for summary judgment. Oyster Decl., ¶ 34, **Exhibit Q**. On September 22, 2025, the parties met and conferred pursuant to Local Rule 7-3 regarding Defendants' upcoming motion for summary judgment. Oyster Decl., ¶ 35. On September 26, 2025, Plaintiffs' counsel sent correspondence indicating that "Plaintiffs will join Defendants in moving for summary judgment based on the following, that, as a matter of law…" Oyster Decl., ¶ 37, **Exhibit S**. Indeed, Plaintiffs did not mention anything about moving to withdraw the *stipulated* admissions – rather, it was Plaintiffs' position that the stipulated admissions were not dispositive of the case. Oyster Decl., ¶ 37, **Exhibit S**.

Thereafter, the Parties negotiated another stipulation to modify the scheduling order where Plaintiffs' did not mention anything about moving to withdraw the stipulated admissions – rather, it was still Plaintiffs' position that the stipulated admissions were not dispositive of the case. Oyster Decl., ¶ 37-38.

Accordingly, on October 6, 2025, Defendants proceeded with filing their currently pending motion for summary judgment [Dkt. 72]. Oyster Decl., ¶ 39.

For the first time, on October 15, 2025, Plaintiffs sent correspondence delineating the *stipulated* admissions that Plaintiffs now seek to withdraw, which the parties' negotiated stipulation and Court Order thereto expressly prohibit. Oyster Decl., ¶ 40; see also Oyster Decl., **Exhibit M**, **Exhibit N**, and **Exhibit T**.

On October 16, 2025, I responded to Plaintiffs' counsel correspondence stating

14

in part, "As required by Local Rule 7-3, please provide the specific basis for why Plaintiffs believe there is a factual basis and a legal basis to withdraw from the negotiated stipulation, while recognizing that Plaintiffs already obtained the benefit of the bargain from which they now seek to withdraw." Oyster Decl., ¶¶ 41-42, **Exhibit U**.

On October 27, 2025, Plaintiffs' counsel responded, stating in part, that "the factual and legal basis for such Application is clearly set forth in detail in such Application." Oyster Decl., ¶ 43, **Exhibit V**. However, and notably, the memorandum of points and authorities in Plaintiffs' ex parte application [Dkt. 78] was completely devoid of the Parties' negotiated stipulation and Court Order thereto. Oyster Decl., ¶ 43, **Exhibit W**. Defendants filed an opposition [Dkt. 80] to Plaintiffs' Ex Parte Application. Oyster Decl., ¶¶ 44, **Exhibit X**.

On October 30, 2025, the Court granted Plaintiffs' Ex Parte Application [Dkt. 82]. Oyster Decl., ¶ 45, **Exhibit Y**. Following the Court's Order, on October 30, 2025, the parties met and conferred pursuant to Local Rule 37 regarding Plaintiffs' intent to file the present motion to withdraw the *stipulated* admissions. Oyster Decl., ¶¶ 46-47.

In the Local Rule 37 conference that took place on October 30, 2025, Plaintiffs' Counsel did not provide any legal basis for withdrawing from the parties' negotiated stipulation or setting aside the relevant Court Order. Id. Indeed, Plaintiffs' present motion is silent as to the effect of the Parties' negotiated stipulation and relevant Court Order, which expressly bars the relief Plaintiffs now seek. Id.

### III.    DISCOVERY AT-ISSUE

#### A. Plaintiffs' Contentions

The remaining "deemed" admissions that Plaintiffs now seek to be withdrawn go directly to the merits of this case, purposefully contradict the express allegations of fact made throughout the Complaint and during various depositions, clearly seek to establish pure legal conclusions, render as undisputed the highly contentious and disputed material facts at the core of this entire matter, and, therefore, are clearly *per*

*se* impermissible and must be withdrawn in order to promote the presentation of this case on its merits.

### B. Defendants' Contentions

Defendants contend that the relief Plaintiffs seek in the present motion is barred by a negotiated binding stipulation between the parties and relevant Court Order thereto. See Oyster Decl., **Exhibit M** and **Exhibit N**.

### C. The Requests for Admission at Issue

**1. Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, Nos. 7-9, 17-20, 22, 25, 28, 30, 32-35, 37-41, 45-50, 54, and 56-69.**

Pursuant to Local Rule 37-2.1, Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick and McCormick's corresponding responses thereto, subject to the current Motion, are set forth, verbatim, immediately below as follows:

**REQUEST FOR ADMISSION NO. 7:**

Admit that Defendant Villasenor did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Defendant Sherrif Chad Bianco did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Defendant Jeffrey Anthony Van Wagenen Jr. did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU were contributorily negligent in causing YOUR claimed harm, damages, or injuries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU were comparatively at fault in causing YOUR claimed harm, damages, or injuries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Riverside County Sheriff's Department and its employees were not reckless or negligent with filing the warrant application.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the Riverside County Sherriff's Department and its employees did not intentionally list 91521 Ave 68, Mecca, California as fee land on the Warrant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU have no evidence to support your allegations that the Riverside County Sheriff's Department has policies, customs, or practices that result in constitutional violations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Denied.

**REQUEST FOR ADMISSION NO. 25:**

17

Admit that East Wind AG was not lawfully conducting its marijuana business on 91521 Ave 68, Mecca, California on the date of this INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU were cultivating marijuana on the land of a private residence located at 91521 Ave 68, Mecca, California on the date of this INCIDENT. "Private residence" means a house, an apartment unit, a mobile home, or other similar dwelling.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admitted in part and denied in part. Plaintiff admits that it was cultivating marijuana "on the land" but denies that such land was "of a private residence" and instead asserts that "the land" was sovereign Indian tribal land.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU were cultivating more than 6 marijuana plants on the land of a private residence located at 91521 Ave 68, Mecca, California on the date of this INCIDENT. "Private residence" means a house, an apartment unit, a mobile home, or other similar dwelling.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Admitted in part and denied in part. Plaintiff admits that it was cultivating more than 6 marijuana plants "on the land" but denies that such land was "of a private residence" and instead asserts that "the land" was sovereign Indian tribal land.

**REQUEST FOR ADMISSION NO. 33:**

Admit that California's criminal laws, including the Health and Safety code, have the same force and effect on Torres Martinez Desert Cahuilla tribal reservations as they do on non-Indian Country. "Indian Country" is any land that is a tribal reservation, land held in trust for a tribe, and fee land held by an Indian or Tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

18

Denied.

**REQUEST FOR ADMISSION NO. 34:**

Admit that California's criminal laws, including the Health and Safety Code, have the same force and effect on property held in trust for the Torres Martinez Desert Cahuilla Tribe as they do on non-Indian Country. "Indian Country" is any land that is a tribal reservation, land held in trust for a tribe, and fee land held by an Indian or Tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Denied.

**REQUEST FOR ADMISSION NO. 35:**

Admit that California's criminal laws, including the Health and Safety Code, have the same force and effect on tribal owned fee property as they do anywhere else in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Denied.

**REQUEST FOR ADMISSION NO. 37:**

Admit that YOU do not have a valid license or permit issued to YOU by the Torres Martinez Desert Cahuilla Tribe to cultivate marijuana.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Denied.

**REQUEST FOR ADMISSION NO. 38:**

Admit that YOU do not have a valid license or permit issued to YOU by the Torres Martinez Desert Cahuilla Tribe to manufacture marijuana related products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Denied.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the County of Riverside and its employees did not intentionally interfere with YOUR contractual relations.

19

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the County of Riverside's Sheriff's Department and its employees did not intentionally interfere with YOUR contractual relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Denied.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the County of Riverside is not vicariously liable for any claims resulting from this INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Denied.

**REQUEST FOR ADMISSION NO. 45:**

Admit that you sold marijuana to persons under the age of 18.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Denied.

**REQUEST FOR ADMISSION NO. 46:**

Admit that you employed persons under the age of 21 to participate in marijuana related activities, including but not limited to cultivation, manufacture, sale, transport, or distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Denied.

**REQUEST FOR ADMISSION NO. 47:**

Admit that YOU employed persons under the age of 18 to participate in marijuana related activities, including but not limited to cultivation, manufacture, sale, transport, or distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Denied.

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**REQUEST FOR ADMISSION NO. 48:**

Admit that you conducted marijuana related activities with the marijuana cultivated on 91521 Ave 68, Mecca, California (including but not limited to cultivation, sale, possession, use, transport, and manufacture) outside of the geographical boundaries of 91521 Ave 68, Mecca, California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Denied.

**REQUEST FOR ADMISSION NO. 49:**

Admit that you conducted marijuana related activities with the marijuana cultivated on 91521 Ave 68, Mecca, California (including but not limited to cultivation, sale, possession, use, transport, and manufacture) outside of "Indian Country." "Indian Country" is any land that is a tribal reservation, land held in trust for a tribe, and fee land held by an Indian or Tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Denied.

**REQUEST FOR ADMISSION NO. 50:**

Admit that YOUR marijuana operation on 91521 Ave 68, Mecca, California was not in compliance with California's Business and Professions Code on the date of this INCIDENT, including but not limited to the following: marijuana cultivation, manufacture, sale, use, possession, transportation, or distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Denied.

**REQUEST FOR ADMISSION NO. 54:**

Admit that even if the Warrant listed 91521 Ave 68, Mecca, California as trust land instead of fee land, the facts in the Warrant were still sufficient to establish probable cause.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Denied.

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**REQUEST FOR ADMISSION NO. 55:**

Admit that your marijuana operation on 91521 Ave 68, Mecca, California, did not comply with California state marijuana regulations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Denied.

**REQUEST FOR ADMISSION NO. 57:**

Admit that Defendants did not intentionally interfere with YOUR contractual relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Denied.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Defendants did not negligently interfere with YOUR contractual relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Denied.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Defendants did not negligently interfere YOUR prospective economic relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Denied.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Defendants did not intentionally interfere with YOUR prospective economic relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Denied.

**REQUEST FOR ADMISSION NO. 61:**

Admit that YOU have no evidence to support your claim for failure to protect from harm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Denied.

**REQUEST FOR ADMISSION NO. 62:**

Admit that YOU have no evidence to support your claim for battery.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Denied.

**REQUEST FOR ADMISSION NO. 63:**

Admit that YOU have no evidence to support your claim for assault.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Denied.

**REQUEST FOR ADMISSION NO. 64:**

Admit that YOU have no evidence to support your claim for intentional infliction of emotional distress.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Denied.

**REQUEST FOR ADMISSION NO. 65:**

Admit that YOU have no evidence to support your claim for negligent infliction of emotional distress.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Denied.

**REQUEST FOR ADMISSION NO. 66:**

Admit that if any force was used on you during this INCIDENT, it was reasonable.

**RESPONSE TO REQUEST FOR ADM ISSION NO. 66:**

Denied.

**REQUEST FOR ADMISSION NO. 67:**

23

Admit that the County of Riverside and its employees are not responsible in any way for the fire that occurred and the damages from that fire on 91521 Ave 68, Mecca, California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Denied.

**REQUEST FOR ADMISSION NO. 68:**

Admit that the County of Riverside Sheriff's Department and its employees are not responsible in any way for the fire that occurred and the damages from that fire on 91521 Ave 68, Mecca, California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Denied.

**REQUEST FOR ADMISSION NO. 69:**

Admit that you did not suffer any economic damages as a result of the INCIDENT that is the subject of this litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Denied.

2. **<u>Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag, Numbers 4-8, 10, 16, 18, 20, 23, 25, 27, 31-33, 35-41, 44-50, 54, and 56-62.</u>**

Pursuant to Local Rule 37-2.1, County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag and East Wind Ag's corresponding responses thereto, subject to the current Motion, are set forth, verbatim, immediately below as follows:

**REQUEST FOR ADMISSION NO. 4:**

Admit that Defendant Riverside County did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied.

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**REQUEST FOR ADMISSION NO. 5:**

Admit that Defendant Riverside County did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Defendant Villasenor did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Defendant Sherrif Chad Bianco did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Defendant Jeffrey Anthony Van Wagenen Jr. did not breach a duty owed to you, if any.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that a breach of a duty of care, if any, by Riverside County did not proximately cause your claimed harm, damages, or injuries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU were contributorily negligent in causing YOUR claimed harm, damages, or injuries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Riverside County Sheriff's Department and its employees were not reckless or negligent with filing the warrant application.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that County of Riverside Sheriff's Department agents or employees did not violate your constitutional rights.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit that East Wind AG was not lawfully conducting its marijuana business on 91521 Ave 68, Mecca, California on the date of this INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Denied.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU were cultivating marijuana on the land of a private residence located at 91521 Ave 68, Mecca, California on the date of this INCIDENT. "Private residence" means a house, an apartment unit, a mobile home, or other similar dwelling.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admitted in part and denied in part. Plaintiff admits that it was cultivating marijuana "on the land" but denies that such land was "of a private residence" and instead asserts that "the land" was sovereign Indian tribal land.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU were cultivating more than 6 marijuana plants on the land of a private residence located at 91521 Ave 68, Mecca, California on the date of this

26

INCIDENT. "Private residence" means a house, an apartment unit, a mobile home, or other similar dwelling.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Admitted in part and denied in part. Plaintiff admits that it was cultivating more than 6 marijuana plants "on the land" but denies that such land was "of a private residence" and instead asserts that "the land" was sovereign Indian tribal land.

**REQUEST FOR ADMISSION NO. 31:**

Admit that California's criminal laws, including the Health and Safety code, have the same force and effect on Torres Martinez Desert Cahuilla tribal reservations as they do on non-Indian Country. "Indian Country" is any land that is a tribal reservation, land held in trust for a tribe, and fee land held by an Indian or Tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Denied.

**REQUEST FOR ADMISSION NO. 32:**

Admit that California's criminal laws, including the Health and Safety Code, have the same force and effect on property held in trust for the Torres Martinez Desert Cahuilla Tribe as they do on non-Indian Country. "Indian Country" is any land that is a tribal reservation, land held in trust for a tribe, and fee land held by an Indian or Tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Denied.

**REQUEST FOR ADMISSION NO. 33:**

Admit that California's criminal laws, including the Health and Safety Code, have the same force and effect on tribal owned fee property as they do on non-Indian Country. "Indian Country" is any land that is a tribal reservation, land held in trust for a tribe, and fee land held by an Indian or Tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Denied.

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU do not have a valid license issued to you by the Torres Martinez Desert Cahuilla Tribe to cultivate marijuana.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Denied.

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU do not have a valid license issued to you by the Torres Martinez Desert Cahuilla Tribe to manufacture marijuana related products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Denied.

**REQUEST FOR ADMISSION NO. 37:**

Admit that YOU do not have a valid license issued to you by the Torres Martinez Desert Cahuilla Tribe to manufacture marijuana related products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Denied.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the County of Riverside and its employees did not intentionally interfere with YOUR contractual relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Denied.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the County of Riverside's Sheriff's Department and its employees did not intentionally interfere with YOUR contractual relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the County of Riverside is not vicariously liable for any claims resulting from this INCIDENT.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Denied.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the County of Riverside Sheriff's Department is not vicariously liable for any claims resulting from this INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Denied.

**REQUEST FOR ADMISSION NO. 44:**

Admit that you sold marijuana to persons under the age of 18.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Denied.

**REQUEST FOR ADMISSION NO. 45:**

Admit that you employed persons under the age of 21 to participate in marijuana related activities, including but not limited to cultivation, manufacture, sale, transport, or distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Denied.

**REQUEST FOR ADMISSION NO. 46:**

Admit that YOU employed persons under the age of 18 to participate in marijuana related activities, including but not limited to cultivation, manufacture, sale, transport, or distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Denied.

**REQUEST FOR ADMISSION NO. 47:**

Admit that YOU conducted marijuana related activities with the marijuana cultivated on 91521 Ave 68, Mecca, California (including but not limited to cultivation, sale, possession, use, transport, and manufacture) outside of the geographical boundaries of 91521 Ave 68, Mecca, California.

29

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Denied.

**REQUEST FOR ADMISSION NO. 48:**

Admit that YOU conducted marijuana related activities with the marijuana cultivated on 91521 Ave 68, Mecca, California (including but not limited to cultivation, sale, possession, use, transport, and manufacture) outside of "Indian Country." "Indian Country" is any land that is a tribal reservation, land held in trust for a tribe, and fee land held by an Indian or Tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Denied.

**REQUEST FOR ADMISSION NO. 49:**

Admit that YOUR marijuana operation on 91521 Ave 68, Mecca, California was not in compliance with California's Business and Professions Code on the date of this INCIDENT, including but not limited to the following: marijuana cultivation, manufacture, sale, use, possession, transportation, or distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Denied.

**REQUEST FOR ADMISSIO N NO. 50:**

Admit that YOUR marijuana operation on 91521 Ave 68, Mecca, California was not in compliance with California's Health and Safety Code regarding one or more of the following: marijuana cultivation, manufacture, sale, use, possession, transportation, or distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Denied.

**REQUEST FOR ADMISSION NO. 54:**

Admit that your marijuana operation on 91521 Ave 68, Mecca, California, did not comply with California state marijuana regulations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

Denied.

**REQUEST FOR ADMISSION NO. 56:**

Admit that Defendants did not intentionally interfere with YOUR contractual relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Denied.

**REQUEST FOR ADMISSION NO. 57:**

Admit that Defendants did not negligently interfere with YOUR contractual relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Denied.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Defendants did not negligently interfere YOUR prospective economic relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Denied.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Defendants did not intentionally interfere with YOUR prospective economic relations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Denied.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the County of Riverside and its employees are not responsible in any way for the fire that occurred and the damages from that fire on 91521 Ave 68, Mecca, California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Denied.

**REQUEST FOR ADMISSION NO. 61:**

31

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

Admit that the County of Riverside Sheriff's Department and its employees are not responsible in any way for the fire that occurred and the damages from that fire on 91521 Ave 68, Mecca, California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Denied.

**REQUEST FOR ADMISSION NO. 62:**

Admit that you did not suffer any economic damages as a result of the INCIDENT that is the subject of this litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Denied.

### IV.   <u>STANDARD OF REVIEW</u>

#### A. <u>Plaintiffs' Position</u>

For purposes of the current Motion, a matter admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).  In deciding whether to allow withdrawal or amendment, courts should not focus on the moving party's excuses for the erroneous admissions. See 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 36 (2021).  Instead, courts must consider whether withdrawal or, in the alternative, amendment "would promote the presentation of the merits of the action," and whether it would "prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

A moving party may satisfy the first prong of Rule 36(b) when the proposed withdraw or amendment of admissions "would promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b). "The party seeking withdrawal or amendment bears the burden of showing that granting the motion will promote the presentation of the merits." *See*, Gensler, *supra*.

A series of Ninth Circuit cases illustrates what satisfies this standard. *See, for example, Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007) (where deemed

32

admissions "would practically eliminate any presentation of the merits of the case"); or, *Tierny v. Haresh*, 2019 WL 1755495, at *2 (E.D. Cal. Apr. 19, 2019) (admissions "would establish legal conclusions or render undisputed material facts of the case"); *Hash v. Kanaan*, 2018 WL 9801926, at *1 (N.D. Cal. Mar. 20, 2018) (admissions "relate to the ultimate merits" and "foreclose a reasonable presentation of the merits of the case"); *Saenz v. Branch*, 2017 WL 6343485, at *2 (N.D. Cal. Dec. 12, 2017) (admissions "unnecessarily complicate[] and confuse[] an accurate presentation of the merits").

Of course, the Ninth Circuit also strongly favors the well-established public policy that cases should be decided on the merits. *See In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). A party should be allowed to withdraw or amend admissions if it furthers this public policy favoring disposition of cases on the merits and if the propounding party will not be prejudiced by the withdraw or amendment. *Hadley v. United States* 45 F.3d 1345, 1348 (9th Cir. 1995).

Critical to the Court's analysis here, "'requests for admission should not be used to establish 'facts which are obviously in dispute.' *Tuvalu v. Woodford*, 1:07-CV-01724-DFL, 20006 WL 3201096 (E.D. Cal. Nov. 2, 2006), *citing, Lakehead American Home Assur. Co.,* 177 F.R.D. 454, 458 (D.Minn 1997), to 'demand that the other party admit the truth of a legal conclusion,' even if the conclusion is 'attached to operative facts,' or to ask the party to admit facts of which he or she has no special knowledge." *Id., citing Disability Rights Council v. Wash. Metro. Area,* 234 F.R.D. 1, 3 (D.C. Cir. 2006).

Admissions are clearly impermissible if same "seek to establish legal conclusions and render undisputed material facts of the case." *See Jefferson v. Perez*, 2012 WL 671917, at *2 (E.D. Cal. Feb. 29, 2012) (finding "requests for admissions that seek to establish legal conclusions or render undisputed the disputed material facts of a case are per se impermissible."); *see also Taylor v. Cnty. of Calaveras*, 2019

33

WL 6341131, at *4 (E.D. Cal. Nov. 27, 2019) ("[R]equests for admission of pure legal conclusions are generally not permitted."). Rule 36(b) is "not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." *Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007) (citing *Perez v. Miami-Dade Cnty.*, 297F.3d 1255, 1268 (11th Cir. 2002)."

As to the second prong of Rule 36(b), courts have permitted withdrawal of deemed admissions in cases where discovery had long since already closed. *See Chartsis Specialty Ins. Co. v. Tel. Hill Props., Inc.*, 2013 WL 1629173, at *7 (N.D. Cal. Apr. 16, 2013) (finding no prejudice even though discovery was closed and plaintiff had relied on the automatic admissions for months).

Further, there is no "prejudice…in maintaining or defending the action on the merits" even though a motion to withdraw admissions was filed after the close of discovery and set for hearing **only one week before the pretrial conference**. S*ee Hadley*, 45 F.3d at 1347, 1349 n.4 (emphasis added); *Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) (affirming the district court's decision to allow withdrawal because the request to withdraw was made pre-trial, and plaintiff "would not be hindered in presenting his evidence to the factfinder"). *Accord, Reaza v. County of Riverside*, 5:20-CV-01188-MEMF, 2022 WL 312988 (C.D. Cal., June 2, 2022).

A decision that is made within the purview of the Magistrate Judge concerning matters related to discovery is reviewed based on the deferential "abuse of discretion" standard. *See, St. Paul Mercury Ins. Co. v. Hahn*, 2014 WL 12588631, at *1 (C.D. Cal., Oct. 21, 2014). A magistrate judge clearly has the power to decide whether to modify stipulations concerning discovery. *See, for example, I-Med Pharma Inc. v. Biomatrix, Inc.*, No. 03-3677 (DRD), 2011 WL 6140658 (D.N.J. Dec. 9, 2011).

It is universal that "courts across the nation have applied an abuse of discretion standard to magistrate judges' decisions on discovery disputes. *See, Wright & Miller*, 12 Fed. Prac. & Proc. Civ. § 3069 n.20 (2d ed.) (listing dozens of cases applying an abuse of discretion standard to district court review of magistrate judges' discovery

rulings); *Flores v. Albertsons, Inc.*, No. CV0100515 AHM (SHX), 2002 WL 1163623, *2 (C.D. Cal., Apr. 9, 2002) (stating more broadly that discovery rulings by a magistrate judge are reviewed under the implicit standard of abuse of discretion). *Id*.

## B. Defendants' Position

Plaintiffs' position regarding the standard of review to withdraw deemed admissions is irrelevant and inapplicable where the relief Plaintiffs presently seek is barred by a negotiated binding stipulation between the Parties and a subsequent Court Order thereto. Oyster Decl., ¶¶ 27-30, **Exhibit M** and **Exhibit N**. Indeed, Plaintiffs offer **no explanation and provide no legal authority** regarding withdrawing from the Parties' negotiated stipulation or setting aside the relevant Court Order thereto.

Federal Rule of Civil Procedure 29 permits the parties to modify "procedures governing or limiting discovery" by stipulation, unless the stipulation would "interfere with the time set for completing discovery, for hearing a motion, or for trial," or "[u]nless the court orders otherwise." Fed. R. Civ. P. 29. Under Central District Local Rule 7-1, "Stipulations will be recognized as binding," "when filed in the proceeding." L.R. 7-1.

The Ninth Circuit has also held that "[p]arties are bound by their stipulations." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017); see also *Hall v. Google LLC*, No. 23-CV-06574-JST, 2025 WL 2917154, at *1 (N.D. Cal. Oct. 14, 2025) ("[P]arties are bound by their stipulations"). "Absent special circumstances, **a stipulation binds the parties who make it**." *Parks v. Am. Warrior, Inc.*, 44 F.3d 889, 894 (10th Cir. 1995); *United States v. Mikhel*, 889 F.3d 1003, 1050 (9th Cir. 2018) ("**Stipulations freely and voluntarily entered into** in criminal trials are **as binding and enforceable as those entered into in civil actions**."); *Robinson v. Indep. Pet Partners Holdings*, LLC, No. 2:21-CV-04602-AB-SK, 2021 WL 6882159, at *2 (C.D. Cal. Dec. 16, 2021) ("**A stipulation is akin to a contract**."); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB

35

(DMR), 2014 WL 709555, at *2 (N.D. Cal. Feb. 24, 2014) ("Stipulations are enforceable 'absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement.'"); *United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976) ("Courts thus enforce stipulations as a general rule, absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement.")

Moreover, stipulations are binding on the parties even when there is no relevant Court Order: "Although they now contend that their stipulated admissions should be disregarded because no judge signed the proposed orders, the proposed orders constitute judicial admissions on the part of defendants acknowledging infringement." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1998) ("[A] pretrial order is a judicial admission.")

"**The test regarding the validity of a stipulation is voluntariness**." *United States v. Molina*, 596 F.3d 1166, 1168-69 (9th Cir. 2010) (emphasis added). "Because stipulations serve both judicial economy and the convenience of the parties, **courts will enforce them absent indications of involuntary or uninformed consent**." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) (emphasis added); see also *United States v. Orozco*, 855 F. App'x 328, 329 (9th Cir. 2021) ("The test regarding the validity of a stipulation is voluntariness.")

"[T]he party asserting an applicable protection, even one specified by stipulation, bears the initial burden of showing that the protection applies." *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 709555, at *17 (N.D. Cal. Feb. 24, 2014).

Moreover, to set aside this Court's Order on the Parties' stipulation, the Court's Standing Order indicates:

> "In accordance with 28 U.S.C. § 636(b)(1)(A), **the Magistrate Judge's decision is final**, and this Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is **clearly erroneous and contrary to law**. Any party may

36

file and serve a motion for review and reconsideration before this Court. See Local Rule 72-2. The moving party **must** file and serve the motion **within two (2) weeks** of service of a written ruling or an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous and contrary to law, and the claim must be supported by points and authorities. Counsel must provide the Magistrate Judge with chambers copies of the moving papers and responses."

See this Court's Standing Order, p. 11, ¶ 2 (emphasis added).

## V.    LEGAL ARGUMENT

### A. Plaintiffs' Argument

**Good Cause Exists To Permit Plaintiffs' To Withdraw Or, In The Alternative, Amend Plaintiffs Admissions Pursuant To Fed. R. Civ. P. 36.**

**1.    Plaintiffs' Motion To Withdraw Or, In The Alternative, Amend Admissions Satisfies The Two Prong Test Under Rule 36(b): (1) Withdraw Will Promote The Presentation Of This Action On The Merits and (2) Will Not Result In Prejudice To Defendants In Maintaining This Action.**

Upon learning of Defendants' intent to file a Motion for Summary Judgment pursuant to *Federal Rule of Civil Procedure* Rule 56, and after exhausting very extensive good faith efforts at meet and confer leaving no other available alternative possible, Plaintiffs submitted their Ex Parte Application for leave to bring this Motion which was granted by this Court.

Plaintiff should be allowed to withdraw or amend these additional admissions as doing so clearly furthers the public policy favoring disposition of cases on the merits and the propounding party will not be prejudiced by the withdraw or amendment. *Federal Rules of Civil Procedure* Rule 36(b); *Hadley,* 45 F.3d at 1348.

As in the case here, an admission is to be withdrawn when the moving party demonstrates: (1) presentation on the merits of the action must be subserved, and (2)

the party who obtained the admission must not be prejudiced by the withdrawal. *Id.* The party who obtained the admission has the burden of providing that allowing withdrawal of the admission would prejudice its case. *Sonoda v Cabrera*, 255 F.3d. 1035, 1039 (9th Cir. 2001).

"The prejudice contemplated by [Rule] 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay." *Sonoda, supra*. There is obviously no prejudice to Defendants as Plaintiffs bring the current Motion well in advance of trial, which is currently scheduled for May 11, 2026, or more than six months from now.

Furthermore, "reliance on a deemed admission does not constitute prejudice." *Conlon,* 474 F.3d at 621. "Although the rule itself is permissive, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis." *Id.* "However, because requests for admissions have a binding effect on the parties, the provision for withdrawal or amendment specifically provides parties with a potential safe harbor." *Id., citing, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1998).

In the current case, Defendants purported "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Conlon*, 474 F.3d at 624 (citations omitted).

Propounding requests for admission pursuant to Rule 36 is not a discovery device, as used by Defendants here, "to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer)…" *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002). All such deemed admissions remaining in this case should be summarily withdrawn.

**2.    Withdrawal Or Amendment Of These Admissions Will**

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**Promote The Presentation Of This Case On The Merits.**

Where deemed admissions preclude Plaintiff from presenting her action on the merits, which Plaintiff has plead in her complaint and maintained in deposition/discovery, the first factor is conclusively satisfied. *Jimena v. UBS AG Bank, Inc.*, 1:07-CV-00367-OWW, 2011 WL 587309 (E.D. Cal. Feb. 9, 2011).

The deemed admissions that are now at issue by the current Motion dramatically impair Plaintiffs' ability to prosecute their case based on the merits.

Indeed, Defendants have repeatedly asserted that these remaining deemed admissions negate all of plaintiff's claims [Dkt. 60].

Importantly, these deemed admissions directly contradict Defendants' sworn Affidavit in support and in execution of the Warrant at issue, Defendants' sworn testimony on deposition, as well as the facts alleged in the Complaint including Plaintiffs' unlawful arrest, detention, and interrogation as well as the concurrent wholesale destruction and devastation of Plaintiffs' entire agricultural facility that was dutifully licensed by the Tribe and undeniably located on sovereign Indian tribal land.

For example, both County RFAs and Villasenor RFAs Request for Admission Nos. 7, 8, and 9 assert the same identical and duplicative legal conclusion: "[a]dmit that [Defendants] did not breach a duty owed to you, if any.").

Of course, these Request for Admission constitute Defendants' attempt to establish "facts which are obviously in dispute" as well as Defendants' "demand" that the Plaintiffs admit the truth of a what are purely "legal conclusions" (i.e., "your 42 U.S.C. Monell claims.") *Tuvalu, supra*.

During deposition, Defendants' lead investigator in this case, Defendant Villasenor, repeatedly testified that Defendants considered the sovereign Torres Martinez Desert Cahuilla Indian Tribe to be a "*criminal organization*" simply because the Tribe permitted marijuana to be lawfully cultivated solely on sovereign Indian tribal land pursuant to the Tribe's own promulgated regulations.

Plaintiffs have consistently asserted that these and many other acts and

39

omissions on the part of Defendants demonstrate that Defendants' have a distinct animosity toward Plaintiffs and the Tribe and specifically targeted Plaintiffs and their lawfully licensed agricultural facility for destruction based on a policy, practice, and custom ingrained for years within, and actively promoted by the leadership of, Defendants Riverside County Sheriff's Department.

But this visceral contempt for the rights of Plaintiffs and for the Tribe's sovereignty of its lands as exhibited by the actions of Defendants was not a one-time, isolated incident and, instead, extends to the upper echelons of the Riverside County Sheriffs Department, including Defendant Sheriff Chad Bianco, demonstrating a distinct pattern, practice, and custom of contempt for the civil rights of all citizens within the County of Riverside including, unfortunately, Plaintiffs.  So much so, that the Office of Attorney General, California Department of Justice, commenced a civil rights investigation into the Riverside County Sheriff's Department to determine whether that Department has engaged in a "pattern or practice" of unconstitutional policing[4].

The following example serves to demonstrate this point.  On March 22, 2018, the sovereign tribe of the Soboba Band of Luiseño Indians ("Soboba") commenced an action in this Court against the County of Riverside as well as officers with the Riverside County Sheriff's Department, alleging that Defendants intentionally trespassed onto sovereign Indian tribal land, seized and occupied such land, threatened to destroy property, commandeered computer systems and staff, and committed such other acts and omissions in violation of Soboba's sovereign rights. *Soboba v. County of Riverside*, 5:17-CV-01141-JGB, 2018 WL 6010322 (C.D. Cal. Feb. 9, 2011).

---

[4] Attorney General Rob Bonta, <u>Attorney General Bonta Launches Civil Rights Investigation into Riverside County Sheriff's Office</u> (February 23, 2023); https://oag.ca.gov/news/press-releases/attorney-general-bonta-launches-civil-rights-investigation-riverside-county

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

Among other forms of relief, Soboba requested declaratory relief that Defendant Riverside County Sheriff's Department lacked authority to execute the search warrant at issue in that case. In doing so, Soboba asserted that 18 U.S.C. § 1162 did not confer any jurisdiction to authorize such Defendants to commit any of the acts as alleged in that complaint, rendering the warrant at issue in that case void *ab initio* and the execution of such warrant as well as other acts associated therewith as *ultra vires* and contrary to federal law governing jurisdiction in Indian country. *Id.*

Regrettably, abject contempt for civil rights has reached epidemic proportions within the Riverside County Sheriff's Department and is exhibited by that Departments' repeated pattern, practice, and custom, demonstrating a distinct compulsion to violate such civil rights that is engrained within such Department from the top on down.

These are all key issues in dispute such that, allowing Plaintiffs to withdraw these additional admissions now before this Court will promote a complete and accurate presentation of the merits of this action. *N. Am. Lubricants Co. v. Terry*, 2012 WL 113788, at *4 (E.D. Cal. Jan. 13, 2012).

**3.      Withdrawal Or Amendment Of Admissions Regarding Plaintiffs' Causes Of Action, Which Plaintiffs Have Previously Asserted Throughout The Complaint and Denied During Deposition, Will Allow Plaintiffs To Present This Case Based On The Merits.**

County RFAs Nos. 10, 16, 17, 18, 19, 56, 57, 58, and 59 as well as Villasenor RFAs Nos. 16, 17, 18, 19, 20, 57, 58, 59, and 60, are virtually identical and duplicative of one another. All such admissions are directed at defeating Plaintiffs various causes of action resounding in proximate cause, negligence, contributory and comparative negligence, recklessness, and intentional acts, all as thoroughly alleged by Plaintiffs in their Complaint. These admissions obviously are as to pure matters of law that are impermissible per se.

41

Just one example alone certainly illustrates this point: County RFA and Villasenor RFA No. 16 states that "[a]dmit that YOU were **contributorily negligent** in causing YOUR claimed harm, damages, or injuries." The issue of "contributory negligence" is undeniably a matter of law that is certainly disputed by the very allegations of fact as set forth throughout the Complaint.

The same holds true for the other RFAs set forth above, inasmuch as they are "deemed" admissions purely as to matters of law that Defendants now assert serve to defeat all of Plaintiffs various causes of action, not only for "Negligence," but also for Battery, Assault, Intentional Infliction of Emotional Distress, Intentional Interference with Contractual Relations, Negligent Interference with Prospective Economic Relations, and so on (i.e., Villasenor's RFA No. 57 and County's RFA No. 58 both state that "[a]dmit that **Defendants did not intentionally interfere with your contractual relations.**") (emphasis added).

Nothing could be more blatantly impermissible than admissions as to matters of law as well as most obviously highly disputed facts such as the admissions that Plaintiffs now seek to withdraw by way of the current Motion.

These admissions go directly to the very heart of the merits of Plaintiffs case such that permitting the withdraw of such admissions is absolutely necessary for the presentation and ultimate resolution of this case on the merits. *Netscape Commc'ns Corp. v. Fed. Ins. Co.*, 2007 WL 1288192, at *2 (N.D. Cal. April 27, 2007).

Allowing these "deemed" admissions to remain admitted go so far as to establish pure legal conclusions. "[R]equests for admissions that seek to establish legal conclusions or render undisputed the disputed material facts of a case are per se impermissible" *Jefferson v. Perez*, 2012 WL 671917, at *2 (E.D. Cal. Feb. 29, 2012).

To the contrary, Plaintiff McCormick testified at deposition that he was brutally handcuffed face down in the dirt in front of his wife and co-workers by Riverside County Sheriff's officers brandishing assault weapons, while other officers ransacked and completely destroyed Plaintiffs' lawful agricultural facility located on sovereign

42

Indian tribal land:

> "*Question 'And so what happened next after you went outside with your hands up?';*
>
> *Answer: 'When I went outside, I saw an MRAP and 13 up to 20 armed law enforcement officers, a helicopter, a drone. I followed their instructions to a T, laid down on the ground. They came and handcuffed me".*

Plaintiff McCormick also testified that the agricultural facility on the Tribe's sovereign land was totally destroyed by the Defendants as well as the scope and loss associated with that destruction:

> "*Question: Okay. I apologize. What -- at 75 greenhouses in operation, what is your -- what was your projection at what your gross revenue would have been per harvest cycle?*
>
> *Answer: So I'll be specific as well. So the plants that were destroyed was 32,820 total pounds. There were 18,299 plants. We provided you guys documentation of all of that. And we were projecting with the current market rate that the total gross revenue of the harvest that was destroyed would have been $6,000,000.*
>
> *Question: How many greenhouses were left intact after the December 7th, 2022?*
>
> *Answer: None. The sheriff's department destroyed 279 greenhouses. All -- 200 of them had nothing in it. They destroyed them anyway."*

To nevertheless allow these admissions to stand, that unquestionably involve hotly disputed material facts, would certainly muddle an accurate factual presentation of this case on the merits.

Presentation on the merits as to these and related causes of action, as set forth in detail within the Complaint and as further testified to in detail during extensive depositions conducted by both parties to this litigation, would most definitely be subserved if Plaintiffs are not allowed to present the entirety of their claims in this

case on the merits.

**4.    Withdraw Or Amendment Of Admissions Regarding The Sovereign Nature Of The Subject Property, Which Plaintiffs Have Previously Asserted Throughout The Complaint And During Deposition, Will Allow Plaintiffs To Present This Case Based On The Merits.**

County RFA Nos. 31, 32, 33 and 34 are also by and large identical and duplicative of Villasenor RFA Nos. 33, 34, 35 and 36, in that they seek to have Plaintiffs admit an issue that is most certainly a pure matter of law and are therefore impermissible.

By way of example only, County RFA No. 31 is identical, verbatim, of Villasenor RFA No. 33. Both RFAs state the same thing, to wit: "[a]dmit that **California's criminal laws, including the Health and Safety code, have the same force and effect on Torres Martinez Desert Cahuilla tribal reservations** as they do on non-Indian County…"

Not only is the above admission blatantly per se impermissible on its very face, but it directly contradicts federal law governing the relationship between the United States and the various Indian tribal nations. *See, for example only, California v. Cabazon Band of Indians*, 480 U.S. 202 (1987).

The same holds true for the remainder of these admissions as set forth herein and above inasmuch all such admissions that Plaintiffs now seek to withdraw deem matters of law and highly disputed facts admitted.

Such admissions directly contradict the many detailed allegations of fact as set forth in the Complaint, and would nonetheless have a debilitating effect on Plaintiffs' presentation of their causes of action on the merits. Presentation of the merits of this action would be subserved if Plaintiffs are prohibited from presenting their case on the merits, as Defendants will seek to prove their case based solely on these deemed admissions of fact that Defendants know full well are untrue, inaccurate, and highly

disputed.

Furthermore, these admissions clearly concern disputed material facts that would confuse an accurate presentation of the facts in this case on the merits.

These admissions would also result in a verdict for Defendants in this case without any consideration of its merits. Accordingly, the automatic and unilateral deemed admissions based on Defendants' collective "Request For Admissions - Set One," will not promote a meritorious presentation of this action which is the strong preference of this Circuit.

### 5. Withdraw Or Amendment Of Admissions Regarding Plaintiffs' Causes Of Action Arising From Alleged Breach Of Duty And Resulting Damages, Which Plaintiffs Have Previously Asserted Throughout The Complaint And Denied During Deposition, Will Allow Plaintiffs To Present This Case On The Merits.

County RFAs Nos. 4, 5, 6, 7, 8, and 9 generally mirror and track Villasenor RFAs Nos. 7, 8, 9, and 10, and seek to have Plaintiffs "admit," in direct contravention of the facts set forth in the Complaint as well as testified to during deposition, that each of the individual Defendants "did not breach a duty owed to you, if any."

Obviously, and by doing so, these deemed admissions go to the very core issues that are highly disputed in this litigation (i.e., "duty").

In stark contrast, throughout the meets and bounds of the Complaint, Plaintiffs have repeatedly alleged that Defendants certainly owed a "duty" of care including a duty to properly hire, train, re-train, instruct, supervise, and discipline the other Defendants in this case, including lead investigator Villasenor. (Morrow Decl. ¶7; **Ex. H**, pp. 24-25, ¶ 85).

Presentation of the merits of this action would most certainly be subserved if Plaintiffs are not allowed to present their case based on a duty owed Plaintiffs.

Plaintiffs have also steadfastly maintained that Defendants, as sworn law

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

enforcement officers, owed such a duty to Plaintiffs and that Defendants' breach of such duty caused Plaintiffs' damages and injuries including, but not limited to, the negligent and/or intentional waste and complete destruction of Plaintiffs' lawfully permitted agricultural facility located on sovereign Indian land and, in so doing, violated Plaintiffs civil rights. (Morrow Decl. ¶7); **Ex. H**, p. 10, ¶¶ 35-36; p. 19, ¶ 68; and p. 20, ¶ 72, etc.)

Prior to Defendants' execution of the Warrant that is directly at issue in this case, as well as Defendants' subsequent arrest, handcuffing, detention, and interrogation of Plaintiff McCormick as well as Defendants' brazen and unabashed total wholesale destruction of Plaintiffs' entire agricultural facility, Defendant Villasenor testified under oath that Defendants held a distinct bias, contempt, and, in retrospect, outright anger for the Tribe as a supposed "*criminal organization*" and "*criminal enterprise,*" and intentionally disregarded Plaintiffs' lawfully issued "Manufacturing License" presented to Defendants **well before their illicit raid**, issued by the Tribe authorizing Plaintiffs' legal use of sovereign Indian tribal land as an agricultural facility pursuant to an executed "Sublease" between Plaintiffs and the Tribe, all in compliance with regulations promulgated by the Tribe, and offhandedly rejected official BIA recordation of the Subject Property with the United States in trust for the Tribe, even when Defendants were presented with such official documents by members of the Tribe at the very commencement of the raid before all the damage and injury to Plaintiffs was done by Defendants.

During the deposition of Villasenor, Defendants also confirmed that they failed to conduct an adequate investigation or further investigation prior to the execution of the Search Warrant, including making a clear determination as to the legal status of the subject property as sovereign Indian tribal land, thereby breaching Defendants' duty of care.

> "*Q. Okay. So approximately two years prior to the swearing out of your Affidavit and the execution of the Search Warrant on December 7,*

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

*2022, the Bureau of Indian Affairs recorded a Grant Deed designating the subject property as sovereign Indian tribal land; isn't that correct?...*

*THE WITNESS: Yes, that's correct. We didn't receive it **until the day of the service of the Search Warrant**.*".  (emphasis added).

If Plaintiffs are unable to withdraw or amend these current admissions, they will be precluded from presenting critical aspects of Plaintiffs' case on the merits.  In contrast, permitting the withdraw and amendment of these admissions will "promote[] the truth-seeking aim of Rule 36(b)." *See, Saenz,* 2017 WL 6343485, at *2.

**6.    Withdraw Or Amendment Of The Admissions Regarding Plaintiffs' Causes of Action Arising From Defendants Alleged Policies, Customs, Or Practices Resulting In Constitutional Violations, Which Plaintiffs Have Previously Asserted Throughout The Complaint and Denied During Deposition, Will Allow Plaintiffs To Present His Case Based On The Merits.**

County RFA No. 21 as well as Villasenor RFA Nos. 21 alternatively seek to admit that Defendants did not have policies, customs, or practices that result in constitutional violations and did not violate Plaintiffs' constitutional rights.

If Plaintiffs are barred from presenting their case as to these policies, customs, or practices on the part of Defendants, presentation of the merits of this action would be subserved.  To the contrary, Plaintiffs have already adequately alleged that Defendants had in place unconstitutional customs, policies, practices, and/or procedures in place at the time of the execution of the Warrant at issue in this case, that were directed, encouraged, allowed, and/or ratified by Defendants with deliberate indifference to Plaintiffs' constitutional rights.

Throughout discovery, including on deposition, Plaintiffs have maintained that Defendants' deputies, including Defendant Villasenor: (1) intentionally sought out to

purposefully "target" and arrest Plaintiff McCormick; (2) asserted factual allegations in the Affidavit in support of the Search Warrant that turned out to be incorrect and misleading; (3) violated Plaintiffs civil rights and, by direct consequence, violated the sovereignty of the Tribe, all resulting in Plaintiffs damages from the wholesale destruction of Plaintiffs' lawfully permitted agricultural facility.

Furthermore, Defendants have testified to their extreme bias toward Plaintiffs by way of their unfounded prejudice toward the Tribe as a supposedly "criminal organization" for no other reason than the fact that the Tribe licensed and authorized Plaintiffs to lawfully conduct their agricultural facility on sovereign Indian tribal land pursuant to regulations dutifully promulgated by the Tribe.

In addition, the Riverside County Sheriff's Department has repeatedly demonstrated an ongoing and well-documented pattern, practice, and custom of regularly violating the civil rights of the citizens of Riverside County, including Plaintiffs, prompting the Attorney General for the State of California to take the extraordinary step of commencing a formal investigation into such civil rights violations allegedly perpetrated by Defendants.

It is blatantly obvious that Plaintiffs would be severely prejudiced and unable to maintain a vital portion of this action on its merits if such admissions were not withdrawn or amended. Moreover, the essential presentation of the merits of this action would most certainly be subserved if Plaintiffs are not allowed to do so.

**7.    Withdraw Or Amendment Of The Admissions Regarding "Probable Cause", Which Plaintiffs Have Previously Asserted Throughout The Complaint and Denied During Deposition, Will Allow Plaintiffs To Present His Case Based On The Merits.**

County RFAs Nos. 42 and 53 appear parallel to Villasenor RFAs Nos. 44 and 53 in as much as these requests appear to seek admissions that the Riverside County Sheriff's Department allegedly had "probable cause" as well as a supposed "lawful

48

basis" to enter and search the Subject Property, resulting in the total destruction of Plaintiffs' agricultural facility.

Again, Plaintiff McCormick testified on deposition that such agricultural facility was clearly situated squarely on the Tribe's sovereign land and was nevertheless totally destroyed by the Defendants while executing the Warrant at issue in this case. Indeed, McCormick directly testified that over 270 greenhouses along with related irrigation systems, computer and security surveillance systems, and other equipment were all laid to waste by Defendants.

Plaintiff McCormick further testified that Defendants intentionally confiscated and destroyed 32,820 pounds of a pending agricultural harvest pursuant to the Tribe's duly promulgated regulations, amounting to a total loss of gross revenue of approximately $6,000,000. Plaintiffs also produced documents in discovery that sufficiently demonstrated the scope of harm and damages as a proximate result of Defendants' breach of duty owed Plaintiffs prior to, at the commencement of, and during Defendants' execution of such Warrant.

Presentation of the merits of this action would most certainly be subserved if Plaintiffs are not allowed to withdraw or amend deemed admissions and fully present their case on the merits, resulting in severe prejudice to Plaintiffs if such admissions were not withdrawn or amended.

**8. Withdraw Or Amendment Of Admissions Regarding The Sale Or Distribution Of Marijuana, Which Plaintiffs Have Previously Asserted Throughout The Complaint And Denied During Deposition, Will Allow Plaintiffs To Present This Case Based On The Merits.**

County RFA Nos. 45, 46, 47, 48, 49 and 50, and Villasenor RFA Nos. 44, 45, 46, 47, 48, 49 and 50, seek admissions that Defendants somehow "employed," and/or "sold" marijuana to, allegedly "underage" persons (18 and 21 years of age) and also "conducted marijuana related activities" outside of the Subject Property that

49

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

Defendants knew in advance to be squarely located on sovereign Indian tribal land deeded to the United States in trust for the Tribe (i.e., "outside 'Indian Country'", see, County RFA No. 48 and Villasenor RFA No. 50). Such deemed admissions also state that Plaintiffs' lawfully licensed agricultural facility "was not in compliance with" California Business and Professions as well as Health and Safety Codes.

During deposition, Mr. McCormick repeatedly testified that Plaintiffs never had any opportunity to harvest, manufacture, sell, use, transport or distribute marijuana simply because Defendants totally destroyed Plaintiffs' agricultural facility several weeks before Plaintiffs conducted their very first initial harvest. This is also copiously set forth in the four corners of the Complaint. (*See, for example,* **Ex. H**, p. 20, ¶ 72).

Furthermore, as Defendants were fully aware, well before their illicit raid and concurrent destruction at issue in this case ensued, that 18 U.S.C. § 1162 did not confer any jurisdiction that authorized such Defendants to commit any of the acts as alleged in the Complaint, rendering the Warrant at issue in that case void *ab initio* and the execution thereof as well as the associated abhorrent acts constituting the entire wholesale destruction of the Subject Property as well as Plaintiffs' resulting the loss and damages associated therewith as *ultra vires* and contrary to federal law governing jurisdiction on the Tribe's sovereign land.

Such admissions most obviously call for a legal conclusion and run directly adverse to the contested issues in dispute in this case. Admissions cannot be used to prove "facts which are obviously in dispute." *Tuvalu,* 1:07-CV-01724-DFL, 20006 WL 3201096 (E.D. Cal. Nov. 2, 2006), *or to* 'demand that the other party admit the truth of a legal conclusion,' even if the conclusion is 'attached to operative facts,'" *citing Disability Rights Council,* 234 F.R.D. at 3 (D.C. Cir. 2006).

The essential presentation of the merits of this action would most certainly be subserved if Plaintiffs are not allowed to withdraw or amend these admissions.

**9.    Defendants Cannot Show That Withdrawal Or Amendment**

50

**Of Any Or All Of These Admissions Will Result In Prejudice To Defendants In Maintaining This Action.**

The party who obtained the admission bears the burden of demonstrating to the Court that withdrawal or amendment of admissions will prejudice such party in maintaining the action on the merits. *Conlon*, 474 F.3d at 622. To carry their burden regarding prejudice, the party who obtained the admission must identify the difficulties they would face in proving their case at trial. *Id.* at 674.

Rule 36(b) "prejudice" is not that the party who obtained the admission will now have to convince the factfinder of the truth. *Sonoda v. Cabrera,* 255 F.3d. at 1039. Instead, such prejudice concerns such party's difficulty in proving its case. *Id.*

Mere reliance on a deemed admission "does not constitute prejudice." *Conlon,* 474 F.3d at 621. This includes Defendants' supposed "reliance on deemed admission in preparing a summary judgment motion…". *Id.* at 624.

The present case has been thoroughly litigated by all parties. Moreover, the parties have engaged in extensive discovery, including no less than eight (8) depositions of the key witnesses in this case. These depositions have included Plaintiff McCormick as well as Defendants deputies, third party witnesses, and others. In the course of this litigation, the parties have also carried out extensive investigation of the facts related to this action, including copious document production, all to prepare this case for eventual trial on the merits.

Defendants own testimony has confirmed, among many other things, that Defendants deputies, including Defendant Villasenor, made material misstatements in the Affidavit in support of the Search Warrant, disregarded documentary evidence that conclusively demonstrated that the Subject Property was squarely situated on sovereign Indian tribal land, that the Tribe had promulgated extensive regulations and issued a bona fide license authorizing Plaintiffs to lawfully conduct Plaintiffs' agricultural business on such Subject Property, rendering the Search Warrant void *ab initio* and the execution of such Seach Warrant as well as other acts associated

51

therewith as *ultra vires* as being clearly contrary to federal law governing jurisdiction in Indian country. *See, for example,* 18 U.S.C. § 1162.

Moreover, the parties' investigation clearly proves that Defendants purposefully engaged in negligent and wanton destruction and complete obliteration of Plaintiffs' business, depriving Plaintiffs of their civil rights as well as all future livelihood.

Defendants have also propounded no less than eight (8) separate sets of additional discovery including those admissions subject to the current Motion, and Plaintiffs have already thoroughly responded to both County RFAs and Villasenor RFAs.

Given that the Fact Discovery Cutoff Date has long since lapsed and the current Trial Date is approximately seven months away, Defendants will most certainly not be prejudiced in any way if Plaintiffs are permitted to withdraw or amend these admissions. Even "a lack of discovery, without more" fails to constitute prejudice. *Conlon*, 474 F.3d at 624.

Furthermore, Defendants cannot show any prejudice whatsoever from such withdrawal or amendment to the subject admissions pursuant to FRCP Rule 36(b) simply because Plaintiffs have already thoroughly denied such admissions in their discovery responses, the many depositions already conducted in this case, and the meaningful and detailed allegations of fact set forth at length within the four corners of the Complaint.

Finally, Plaintiffs do not bring the current Motion on the cusp of, or anywhere close to, the current trial date of May 11, 2026, and, instead, many months in advance thereof, so there can be no prejudice to Defendants in permitting the withdraw of or amendment to the admissions at issue here. *Hadley,* 45 F.3d at 1348.

## 10.   Other Factors That This Court May Consider.

This case is and remains highly contentious among the parties inasmuch as it presents rather shocking and diametrically opposed assertions of fact and of law that

52

go to the very essence of civil rights litigation.  Both sides have ardent advocates who have, and will no doubt continue to, zealously represent their respective clients while, at the same time, adhere to fundamental tenets of professionalism, courtesy, and cooperation even in heated disagreement or debate.

Even with the express language of Rule 36(b), the rule is permissive.  *Conlon*, 474 F.3d at 621.  Upon finding that the two prongs of Rule 36(b) are met, courts "*may consider* other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.* at 625. (emphasis added).

Alternatively, some courts have challenged these "other considerations", questioning whether a district court may deny withdrawal once the two-pronged test in Rule 36(b) is met. *Conlon, supra, citing Perez,* 297 F.3d at 1264-1265.

Other courts have also found that a district court certainly has the discretion to take into account and weigh whether less severe alternatives than automatic deemed admissions are available that would be effective.  *Hadley*, 45 F.3d at 1350.

Plaintiffs indeed repeatedly requested, both verbally and in writing, that Defendants agree to a reasonable continuance of the discovery cutoff date so as to bring this Motion on adequate notice.  Regrettably, Defendants repeatedly refused.

Plaintiffs also assert that Plaintiffs certainly did reciprocate by agreeing to Defendants' requests to extend time by modifying the scheduling order before reaching this current impasse. Defendants will most likely challenge these assertions.

Plaintiffs further submit that such reliance on the parties' prior ongoing and highly congenial relationship leading to open and effective cooperation in all things discovery, at least prior to the commencement of the current dispute over these admissions, including the parties producing significant numbers of relevant documents and conducting numerous depositions of key witnesses in order to prepare this case for the ultimate adjudication on the merits.

Nevertheless, Defendants are most certainly not prejudiced hereby and

53

adjudication on the merits is subserved when the admissions at issue here are automatically deemed admitted.

Finally, Plaintiffs vigorously advocate that the facts as presented in this case are so compelling and irrefutable as to undoubtedly make for a very strong showing on the merits of this case.

Plaintiffs concede that they are not entirely without fault in the context of this Motion. However, Plaintiffs submit that they had and currently have no other practical means or opportunity to bring this matter to the Court's attention by regular noticed motion before the discovery in this case had already closed or even after such discovery had closed as Defendants have, and continue to this day to, consistently decline to even consider continuing the discovery cutoff date in this case, up to and including during oral notice of this Motion, and remain adamant on pursuing summary judgment that, according to Defendants, would eviscerate all of Plaintiffs' causes of action. Such adamant refusal on the part of Defendants created the emergency underpinning Plaintiffs recent Application via ex parte practice, as an absolute necessity to avoid irreparable prejudice and injury to Plaintiffs. *Accord, Chavez v. Villanueva*, 2:22-cv-04912-FMO-MAR, 2023 WL 8168820 (C.D. Cal., March 7, 2023).

Plaintiffs finally submit that automatically enforcing deemed admissions in the context of this particular case would be contrary to the strong, overriding public policy of adjudicating the merits of this case as set forth in *Conlon, supra*.

### B. Defendants' Argument

### 1. Plaintiffs' Entire Motion is Barred By The Parties' Negotiated April 26, 2025 Stipulation and Subsequent Court Order.

Plaintiffs' entire motion is barred by the April 26, 2025 negotiated stipulation between the parties and subsequent April 30, 2025 Court Order thereto. Oyster Decl., ¶¶ 27-30, **Exhibit M** and **Exhibit N**. The plain language of the stipulation and Order – neither of which Plaintiffs submitted in support of this motion – bar Plaintiffs from

seeking to withdraw the stipulated admissions that are the subject of this motion. Id. The Parties' negotiated stipulation and the Court's Order thereto, state:

"***The only deemed admissions that Plaintiffs will move to withdraw and amend are the Requests for Admission identified below***: a. Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag, Nos. 1, 2, 3, 11, 12, 13, 14, 15, 21, 42, 43, 51, 52, and 53.

b. Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, Nos. 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 21, 42, 43, 44, 51, 52, and 53."

4. ***Plaintiffs shall not seek withdrawal or amendment of any other Requests for Admissions in either Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag or Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick***. All Requests for Admissions in either Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag or Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, except for those identified in paragraph 3, ***shall remain deemed admitted.***"

See Oyster Decl., ¶¶ 27-30, **Exhibit M** and **Exhibit N**. Plaintiffs' present motion to withdraw the stipulated admissions does exactly what the parties' negotiated stipulation and Court Order thereto expressly prohibit. Id. For this reason alone, the Court should deny Plaintiffs' motion.

Moreover, the contemporaneous communications amongst counsel leading up to and at the time of the April 26, 2025 stipulation establish that both sides contemplated exactly what the plain language of the stipulation demonstrates: All 100 stipulated admissions that are not eligible for withdrawal "shall remain deemed admitted." See Oyster Dec., ¶¶ 7-30, **Exhibits A through N.** On April 3, 2025,

Plaintiffs sent correspondence identifying a limited number of deemed admissions that Plaintiffs would seek to withdraw. Oyster Decl. ¶¶ 7-9, **Exhibit C**. When Defendants responded, asking for Plaintiffs to clarify which requests contain the admissions Plaintiffs seek to withdraw, Plaintiffs responded,

"There are two parallel sets of Request for Admissions:

(1) Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag, Nos. 1, 2, 3, 11, 12, 13, 14, 15, 21, 42, 43, 51, 52, and 53.

(2) Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, Nos. 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 21, 42, 43, 44, 51, 52, and 53.

These majority of these requests mirror or track one another (i.e., virtually identical requests are made on behalf of Defendant County and Defendant Villasenor).

***Trust this clarifies our request***."

Oyster Decl., ¶¶ 9-11, **Exhibit E** (emphasis added). Thereafter, on April 4, 2025, Defendants sent a follow up correspondence summarizing the parties' negotiations regarding the stipulation, which states in part, "[Plaintiffs] advised [Defendants] that Plaintiffs intend to withdraw a small number, or sub-set, of the deemed admissions. [Plaintiffs] further advised that Plaintiffs will not seek to withdraw any of the remaining deemed admissions that are outside of that limited sub-set." Oyster Decl., ¶¶ 13-16, **Exhibit E**, **Exhibit F, Exhibit G**.

After Plaintiffs' ex parte application was denied, on April 10, 2025, Plaintiffs

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

sent correspondence indicating that Plaintiffs would like to stipulate to modify the scheduling order to allow for Plaintiffs' then forthcoming motion to withdraw the 32 admissions be heard. Oyster Decl., ¶¶ 15-16, **Exhibit G**. Plaintiffs did not indicate that Plaintiffs would seek to withdraw additional deemed admissions identified in Plaintiffs' April 3, 2025 email correspondence, nor did Plaintiffs' counsel object to the April 4, 2025 correspondence summarizing the parties' initial discussions regarding Plaintiffs intent to withdraw a limited number of deemed admissions. Oyster Decl., ¶¶ 13-16, **Exhibit E**, **Exhibit F.**

At the Parties' April 17, 2025 Local Rule 37 conference on this issue, Plaintiffs' counsel indicated that Plaintiffs would only be seeking to withdraw the limited number of deemed admissions identified in Plaintiffs' counsel's correspondence dated April 3, 2025. Oyster Decl. ¶¶ 19-21, **Exhibit E** and **Exhibit H**.

After Plaintiffs provided an untimely Local Rule 37-2 Statement, Plaintiffs proposed that the Parties enter into stipulation. Oyster Decl., ¶¶ 21-24, **Exhibit J**. Specifically, on April 23, 2025, Plaintiffs sent correspondence indicating in part,

> "To resolve these issues, Plaintiffs' proposal is as follows:
> Plaintiffs will revise the Joint Stipulation to request withdraw and amendment of only the following Requests for Admissions:
>
> Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag, Nos.  1, 2, 3, 11, 12, 13, 14, 15, 21, 42, 43, 51, 52, and 53.
>
> Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, Nos. 1, 2, 3, 4, 5, 6, 11, 12, 13, 14, 15, 21, 42, 43, 44, 51, 52, and 53.

See Oyster Dec. ¶¶ 24-25, **Exhibit K**. On April 24, 2025, to clarify Plaintiffs' request, Defendants responded, stating in part, "If you agree to these terms I will send

you a stipulation and proposed Order *reflecting an agreement between the parties that (1) Plaintiffs will only seek to withdraw those RFAs identified in your email below, (2) all other RFAs in the two relevant sets shall remain admitted…"* Oyster Decl. ¶ 26, **Exhibit L**. Thus, the contemporaneous communications amongst counsel leading up to and at the time of the April 26, 2025 stipulation establish that both sides contemplated exactly what the plan language of the stipulation and subsequent court order thereto demonstrate: All 100 admissions that were not eligible for withdrawal shall remain deemed admitted. See Oyster Dec., ¶¶ 7-30, **Exhibits A through N.**

Finally, Plaintiffs do not even attempt to argue that they satisfy the standard for withdrawing from a negotiated binding stipulation and subsequent court order thereto, nor can Plaintiffs meet the standards. Federal Rule of Civil Procedure 29 permits the parties to modify "procedures governing or limiting discovery" by stipulation, unless the stipulation would "interfere with the time set for completing discovery, for hearing a motion, or for trial," or "[u]nless the court orders otherwise." Fed. R. Civ. P. 29. Under Central District Local Rule 7-1, "Stipulations will be recognized as binding," "when filed in the proceeding." L.R. 7-1.

The Ninth Circuit has also held that "[p]arties are bound by their stipulations." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017); see also *Hall v. Google LLC*, No. 23-CV-06574-JST, 2025 WL 2917154, at *1 (N.D. Cal. Oct. 14, 2025) ("[P]arties are bound by their stipulations"). "Absent special circumstances, **a stipulation binds the parties who make it**." *Parks v. Am. Warrior, Inc.*, 44 F.3d 889, 894 (10th Cir. 1995); *United States v. Mikhel*, 889 F.3d 1003, 1050 (9th Cir. 2018) ("**Stipulations freely and voluntarily entered into** in criminal trials are **as binding and enforceable as those entered into in civil actions**."); *Robinson v. Indep. Pet Partners Holdings*, LLC, No. 2:21-CV-04602-AB-SK, 2021 WL 6882159, at *2 (C.D. Cal. Dec. 16, 2021) ("**A stipulation is akin to a contract**."); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 709555, at *2 (N.D. Cal. Feb. 24, 2014) ("Stipulations are

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

enforceable 'absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement.'''); *United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976) ("Courts thus enforce stipulations as a general rule, absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement.")

Moreover, stipulations are binding on the parties even when there is no relevant Court Order: "Although they now contend that their stipulated admissions should be disregarded because no judge signed the proposed orders, the proposed orders constitute judicial admissions on the part of defendants acknowledging infringement." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1998) ("[A] pretrial order is a judicial admission.")

"**The test regarding the validity of a stipulation is voluntariness**." *United States v. Molina*, 596 F.3d 1166, 1168-69 (9th Cir. 2010) (emphasis added). "Because stipulations serve both judicial economy and the convenience of the parties, **courts will enforce them absent indications of involuntary or uninformed consent**." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) (emphasis added); see also *United States v. Orozco*, 855 F. App'x 328, 329 (9th Cir. 2021) ("The test regarding the validity of a stipulation is voluntariness.")

"[T]he party asserting an applicable protection, even one specified by stipulation, bears the initial burden of showing that the protection applies." *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 709555, at *17 (N.D. Cal. Feb. 24, 2014).

Here, as outlined above in Sections III.(B), IV.(B), and V.(B)(1), Plaintiffs voluntarily entered into the negotiated stipulation after several back-and-forth negotiations between counsel of all parties. "**The test regarding the validity of a stipulation is voluntariness**." *United States v. Molina*, 596 F.3d 1166, 1168-69 (9th Cir. 2010) (emphasis added). "Because stipulations serve both judicial economy and the convenience of the parties, **courts will enforce them absent indications of**

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

**involuntary or uninformed consent**.” *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) (emphasis added); see also *United States v. Orozco*, 855 F. App'x 328, 329 (9th Cir. 2021) (“The test regarding the validity of a stipulation is voluntariness.”)

Plaintiffs have not even attempted to argue that Plaintiffs involuntarily entered into the Parties’ negotiated stipulation, nor can Plaintiffs meet this standard. Indeed, the April 3, 2025 email identifying the limited number of admissions that Plaintiffs would seek to withdraw originated from Plaintiffs’ counsel. Oyster Decl., ¶¶ 7-12, **Exhibit C** and **Exhibit E**.  Moreover, Plaintiffs’ counsel sent the April 24, 2025 correspondence, which stated in part, “***To resolve these issues, Plaintiffs’ proposal is as follows…***” Oyster Decl., ¶ 25, **Exhibit K**. Thus, Plaintiffs voluntarily entered into the Parties’ negotiated stipulation. Therefore, even if Plaintiffs had provided any legal authority or argument to support withdrawal from the Parties’ negotiated binding stipulation – which Plaintiffs have not – Plaintiffs fail to meet the standard for withdrawing from a negotiated binding stipulation.

Moreover, Plaintiffs have not provided any authority on setting aside this Court’s Order on the Parties’ negotiated stipulation. To set aside this Court’s Order on the Parties’ negotiated stipulation,  the Court’s Standing Order indicates:

> “In accordance with 28 U.S.C. § 636(b)(1)(A), **the Magistrate Judge’s decision is final**, and this Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge’s order is **clearly erroneous and contrary to law**.  Any party may file and serve a motion for review and reconsideration before this Court. See Local Rule 72-2.  The moving party **must** file and serve the motion **within two (2) weeks** of service of a written ruling or an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous and contrary to law, and the claim must be supported by points and authorities.  Counsel must provide the Magistrate Judge with chambers copies of the moving papers and responses.”

See this Court’s Standing Order, p. 11, ¶ 2, (emphasis added).

Here, Plaintiffs have failed to comply with the Court’s standing order regarding

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

setting aside this Court's Order on the parties' stipulation and are now time barred. Plaintiffs had 2 weeks from the April 30, 2025 Court Order [Dkt. 54] on the Parties' stipulation to bring a motion to set aside the Court's Order on the Parties' stipulation but failed to do so. Indeed, as of November 14, 2025, it will have been over six months and fifteen days from the date this Court entered the Order on the Parties' stipulation. Oyster Decl., ¶ 28, **Exhibit N**. Thus, Plaintiffs have failed to provide and satisfy the legal standards for withdrawing from negotiated binding stipulations or setting aside the relevant Court Order thereto. Therefore, the Court should deny Plaintiffs' motion.

2. **Assuming *Arguendo*, Even If The Parties' Negotiated Stipulation and Subsequent Court Order Did Not Exist, Which They Do, Defendants Will Be Severely and Irreversibly Prejudiced By Withdrawal of the Admissions.**

"When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623. In *Conlon,* the plaintiff had failed to timely respond to requests for admission notwithstanding two notices from defense counsel that the deadline for responses had passed. *Id.* at 619-20. The defendant relied on the deemed admissions to file a motion for summary judgment. *Id.* at 620. The district court denied the plaintiff's motion for relief under Rule 36(b) and thereafter granted the defendant's motion for summary judgment based on plaintiff's admissions. *Id.* at 620-21.

On appeal, the Ninth Circuit affirmed the denial of relief under Rule 36(b), finding that the defendant had "**relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates, with no indication that [the plaintiff] intended to file a motion to withdraw his admissions**." *Id.* at 624 (emphasis added).

Here, Defendants will be prejudiced if Plaintiffs are permitted to withdraw the stipulated admissions. Like in *Conlon*, where the Court affirmed denial on a motion to withdraw deemed admissions on the ground that the non-moving party would be

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

prejudiced where it "relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates, with no indication that [the Plaintiff] intended to file a motion to withdraw his admissions," Defendants here have relied on the Parties' stipulated admissions for over five (5) months through the discovery cutoff and have already filed their dispositive motion for summary judgment.

Throughout the entire five (5) months, and even through the parties' Local Rule 7-3 conference on Defendants' currently filed motion for summary judgment, Plaintiffs did not indicate that Plaintiffs would seek to withdraw the stipulated admissions – rather, it was Plaintiffs' position that the stipulated admissions were not dispositive of the case. As a result, Defendants dedicated scarce real estate in Defendants' motion for summary judgment to the stipulated admissions alongside the merits of each of Plaintiffs' fourteen (14) claims for relief.

In their present motion, Plaintiffs offer no explanation for why they waited five months to file this motion. Defendants have reasonably relied upon the Parties' negotiated stipulation that the 100 stipulated admissions "shall remain deemed admitted" and have conducted their entire litigation strategy accordingly for the past five (5) months, including filing a motion for summary judgment that relies in part on the stipulated admissions. Plaintiffs' counsel indicated **for the first time**, on October 15, 2025, that Plaintiffs seek to withdraw the *stipulated* admissions. Thus, Defendants will be prejudiced if Plaintiffs are allowed to withdraw the stipulated admissions. Therefore, the Court should deny Plaintiffs' motion.

3. **Contrary To Plaintiffs' Contentions, The Requests For Admission At Issue Were Proper And Plaintiffs Waived Any Objections to the Form of the Requests.**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:…**the application of law to fact**…" Fed. R. Civ. P. 36 "**This allows RFAs**

**on *the ultimate issue* in the case: e.g., whether a party was negligent**…" See Requests for Admission, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-D (italics in original, emphasis added); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994), Footnote 4, ("Rule 36(a) permits requests for admission addressing questions of mixed law and fact."); *Miller v. White*, No. CV 14-7543-GW (KK), 2019 WL 8683325, at *4 (C.D. Cal. Nov. 8, 2019) ("However, 'Rule 36(a) specifically permits requests for admission addressing questions of mixed law and fact.')

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…" Fed. R. Civ. P. 26(c) "Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery." See C. Protective orders, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(III)-C; *see also* Fed. R. Civ. P. 26(c). "Pursuant to Rule 26, courts may upon a showing of good cause, issue a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Miller v. White*, No. CV 14-7543-GW (KK), 2019 WL 8683325, at *4 (C.D. Cal. Nov. 8, 2019).

Indeed, Federal Rule of Civil Procedure 26 indicates that Protective Orders may be used for "forbidding the disclosure or discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c).

"[I]f a party fails to file *timely* objections to [discovery] requests, such a failure constitutes a waiver of any objections which a party might have to the requests." *Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005); see also *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (emphasis added) ("**It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection**.") "The grounds for objecting to a request must be stated. A party must not object solely on

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5)

Here, Defendants' requests for admissions were not improper where they relate to the application of law to fact. The requests for admissions that Plaintiffs highlight in the present motion indeed relate to the "application of law to fact" where Plaintiffs cite to the requests for admission and delineate the alleged facts regarding the requests for admission in Plaintiffs' present motion. For example, the request "Admit that Defendants did not negligently [law] interfere YOUR prospective economic relations [facts]," applies the law of negligence to the facts surrounding Plaintiffs' allegations on the existence of economic relations. As another example, the request "Admit that YOU have no evidence [facts] to support your allegations that the Riverside County Sheriff's Department has policies, customs, or practices that result in constitutional violations [law]," applies the law under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) to the alleged evidentiary facts of this case. Further, as another example, the request, "Admit that the Riverside County Sheriff's Department [fact] and its employees [fact] were not reckless [law] or negligent [law] with filing [fact] the warrant application [fact]," applies the law of negligence to the facts surrounding the Warrant Application. Accordingly, such a pattern of the application of law to fact exists in all of the Requests for Admissions that Plaintiffs seek to withdraw.

Moreover, if Plaintiffs believed that the discovery requests were improper, Plaintiffs should have timely used the appropriate vehicle under Federal Rule of Civil Procedure 26(c) and filed a motion for protective order regarding the requests at issue. Plaintiffs did not file a motion for protective order – rather, Plaintiffs **stipulated** that the remaining 100 admissions "shall remain deemed admitted," and it was Plaintiffs' position during the Parties' Local Rule 7-3 conference on Defendants' motion for summary judgment that the stipulated admissions were not dispositive of Plaintiffs' case. Oyster Decl., ¶¶ 33-40. Instead of promptly filing a noticed motion for protective order regarding the requests at issue when they were served on January 13, 2025 –

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

which is the dedicated mechanism under Federal Rules of Civil Procedure 26 for this issue – and letting this Court decide whether the requests at issue are improper, Plaintiffs now attempt to argue that the requests are improper – **approximately ten (10) months or over three hundred and four (304) days after the requests were served on Plaintiffs**. Oyster Decl., ¶¶ 3-6.

Additionally, Plaintiffs waived any and all objections to the requests at issue where Plaintiffs failed to provide timely responses and where Plaintiffs' untimely responses contain no objections to the requests. See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (emphasis added) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") Indeed, Plaintiffs' responses – which were late by 45 days – to the requests for admissions at issue **contain no objections to the requests and only indicate "admit" or "denied."** If Plaintiffs believed that the requests were objectionable, Plaintiffs' should have provided the objections instead of only indicating "admit" or "denied." See Morrow Decl. in Support of Plaintiffs' Motion, **Exhibit I**. Thus, Plaintiffs waived any and all objections to the requests for admissions at issue.

Finally, and significantly, whether the Requests for Admission were objectionable has no bearing on the issue of whether Plaintiffs can withdraw from the Parties' negotiated binding stipulation or set aside the subsequent Court Order thereto, as discussed in Section V.(B)(1), *supra*. Therefore, the Court should deny Plaintiffs' motion.

## IV.   <u>CONCLUSION</u>

### <u>Plaintiffs' Conclusion</u>

For the reasons set forth above, Plaintiffs respectfully request that this Court grant Plaintiffs Motion to allow Plaintiffs to withdraw and amend admissions.

### <u>Defendants' Conclusion</u>

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' motion to withdraw the stipulated admissions.

Dated:  November 14, 2025          MORROW LAW GROUP INC.


By:  /s/ Gregory Morrow
    Gregory J. Morrow
    Attorneys for Plaintiffs
    PRESTON MCCORMICK, and
    EAST WIND AG


Dated:  November 14, 2025          BURKE WILLIAMS & SORENSEN, LLP


By:  /s/ Nathan A. Oyster
    Nathan A. Oyster
    Michaela Battista Sozio
    Zareh Bursalyan
    Attorneys for Defendants
    COUNTY OF RIVERSIDE,
    JEFFREY ANTHONY VAN
    WAGENEN, JR., SHERIFF CHAD
    BIANCO, and JOSE TRUJILLO
    VILLASENOR

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that each of the other signatories concurs in the filing's content and has authorized the filing.

Dated: November 14, 2025

/s/ Gregory Morrow_____
Gregory J. Morrow

*Case No. 5:23-cv-02569-SSS-SP*
*Joint Stipulation Re: Plaintiffs*
*Motion to Withdraw or Amend Admissions*