UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers) Order Denying Plaintiffs' Motion to Withdraw Admissions [83] [86]**

## I.    INTRODUCTION

On November 14, 2025, plaintiffs Preston McCormick and East Wind Ag filed a motion to withdraw deemed admissions pursuant to Federal Rule of Civil Procedure 36(b).  Docket no. 83.  The parties' arguments are set forth in a joint stipulation ("JS"). *Id.*  Plaintiffs' arguments are supported by the declaration of their counsel Gregory J. Morrow ("Morrow Decl.") and exhibits.[1]  *Id.*  Defendants' arguments are supported by the declaration of their counsel Nathan A. Oyster ("Oyster Decl.") and exhibits.  On November 25, 2025, plaintiffs filed a supplemental memorandum.  Docket no. 86.

The court held a hearing on the motion on December 9, 2025.  After considering the parties' arguments, for the reasons stated herein, the court now denies plaintiffs' motion to withdraw their deemed admissions.

---

[1]    Plaintiffs filed a notice of errata and supplement to their motion on November 18, 2025.  Docket nos. 84, 85.  Plaintiffs attached an identical copy of the Morrow Declaration, though the new version was made fully text-searchable in accordance with Local Rule 5-4.3.1.  *See* docket no. 85.  Plaintiffs also attached a number of exhibits, but they fail to correspond to either the exhibits contained in the JS or the Morrow Declaration.  *See id.*  Accordingly, the court relies on the Morrow declaration and exhibits contained at docket no. 83.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

## II.   BACKGROUND

In its May 28, 2025 order, the court provided a detailed account of the background of this case and the circumstances that led to plaintiffs' deemed admissions. *See* docket no. 60.  The court here provides only a summary of this information as needed to resolve the parties' current dispute.

On January 14, 2025, defendants propounded a number of discovery requests including Requests for Admission ("RFAs") from defendant Villasenor to plaintiff McCormick and from County of Riverside to plaintiff East Wind AG.  Oyster Decl. ¶ 3, Exs. A, B.  Under Rule 36, all of these RFAs were deemed admitted as of February 13, 2025.  *Id.* ¶ 4-5.  Plaintiffs served untimely responses to the RFAs on March 31, 2025. *Id.* ¶ 6; Morrow Decl. ¶ 8, Ex. I.

In early April 2025, the parties engaged in discussions related to a withdrawal of plaintiffs' deemed admissions, but failed to reach a resolution.  Oyster Decl. ¶¶ 7-14, Exs. C-F.  As a result, on April 7, 2025, plaintiffs filed an ex parte motion to modify the court's scheduling order to allow plaintiffs to bring a motion to withdraw their deemed admissions.  *Id.* ¶ 15; docket no. 46.  The court denied plaintiffs' ex parte motion without prejudice due to technical errors.  *See* docket no. 48; Oyster Decl. ¶ 15.

After the denial, the parties discussed a possible stipulation to modify the court's scheduling order so plaintiffs could bring their motion to withdraw their deemed admissions.  Oyster Decl. ¶¶ 16-26, Exs. G-L.  The parties reached an agreement under which defendants agreed to modify the court's scheduling order and allow plaintiffs to bring a motion to withdraw their admissions to a limited number of specifically identified RFAs.  *Id.* ¶ 27, Ex. M; docket no. 52.  As part of the stipulation plaintiffs agreed that they "shall not seek withdrawal or amendment of any other Requests for Admissions in either Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag or Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick."  Oyster Decl.  ¶ 29, Ex. M; docket no. 52. The court approved the stipulation on April 30, 2025.  *See* docket no. 54; Oyster Decl. ¶ 28, Ex. N.  Plaintiffs then filed their motion to withdraw the admissions specified in the stipulation, which was later granted by the court.  *See* docket nos. 53, 60; Morrow Decl. ¶¶ 9, 11, Ex. J.  Fact discovery closed on May 23, 2025.  Oyster Decl. ¶ 32, Ex. P;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|----------|----------------------|------|-------------------|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

Morrow Decl. ¶ 10.

On September 17, 2025, defendants sent a meet and confer letter concerning their intent to file a motion for summary judgment to plaintiffs in accordance with Local Rules 7-3. Oyster Decl. ¶ 34, Ex. Q; Morrow Decl. ¶ 14. The parties then met and conferred about defendants' summary judgment motion, with plaintiffs taking the position that they would also file their own motion for summary judgment. Oyster Decl. ¶¶ 36-37, Ex. S. Plaintiffs also proposed an agreement in which they would be willing to dismiss certain state law causes of action in exchange for defendants' agreement to move the discovery cutoff date. Morrow Decl. ¶ 15, Ex. L. The parties eventually negotiated a stipulation to continue certain pretrial dates, though not the discovery cutoff. Oyster Decl. ¶ 38. Defendants then filed their motion for summary judgment on October 6, 2025. *Id.* ¶ 39; Morrow Decl. ¶ 16; docket no. 72.

On October 15, 2025, plaintiffs contacted defendants to request a stipulation in which plaintiffs would be allowed to withdraw additional deemed admissions. Morrow Decl. ¶ 17, Ex. M; Oyster Decl. ¶ 40, Ex. T. The parties continued to meet and confer throughout October. Morrow Decl. ¶¶ 18-19; Oyster Decl. ¶¶ 41-42, Ex. U. On October 27, 2025, plaintiffs informed defendants they would be filing an ex parte application to modify the scheduling order so that they could bring a properly noticed motion on their request to withdraw their deemed admissions. Morrow Decl. ¶ 20; Oyster Decl. ¶ 43, Ex. V. On October 28, 2025, plaintiffs sent an email to defendants proposing that the parties stipulate to allow plaintiffs to withdraw some of their deemed admissions or to modify the scheduling order to avoid an ex parte application, which defendants refused. Morrow Decl. ¶ 21, Ex. N. Plaintiffs then filed their ex parte application on October 28. *Id.* ¶ 22; Oyster Decl. ¶ 43, Ex. W; docket no. 78. The court granted the ex parte application on October 30, 2025. Morrow Decl. ¶ 24, Ex. O; Oyster Decl. ¶ 45, Ex. Y; docket no. 82.

The parties then met and conferred prior to the filing of the instant motion in accordance with Rule 37. Oyster Decl. ¶¶ 46-47. Plaintiffs filed their motion on November 14, 2025. Docket no. 83.

### III.   **DISCUSSION**

Plaintiffs move to withdraw the remaining deemed admissions from defendant

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

Villasenor's RFAs to plaintiff McCormick and defendant County of Riverside's RFAs to plaintiff East Wind Ag. JS at 1, 3, 37-54. Defendants argue plaintiffs are barred from seeking to withdraw their remaining admissions pursuant to their April 26, 2025 stipulation, and that in any event they would be highly prejudiced by an order allowing plaintiffs to withdraw their deemed admissions. JS at 3-6, 54-65. As discussed below, absent the April 26, 2025 stipulation, plaintiffs would meet the requirements for withdrawal. But plaintiffs have failed to show the stipulation should be set aside, and consequently the court denies their motion to withdraw.

A.    **Plaintiffs Have Demonstrated Withdrawal of Their Deemed Admissions Would Be Appropriate Under Rule 36(b)**

Under Federal Rule of Civil Procedure 36, a "matter is [deemed] admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). "Failure to timely respond to requests for admissions results in automatic admission of the matters requested . . . [n]o motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing." *F.T.C. v. Medicor LLC.*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002); *see also Layton v. Int'l Ass'n of Machinists & Aerospace Workers*, 285 F. App'x 340, 341 (9th Cir. 2008) (holding a parties' failure to timely respond to an RFA led to the admission of the underlying facts "without the need for any further action by the court or the parties").

Once a matter has been admitted, a party may move the court for permission to withdraw or amend the admission. Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* The court's power to allow withdrawal or amendment under Rule 36(b) "is permissive, not mandatory." *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007); *see also Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016).

Plaintiffs argue that they should be permitted to withdraw their admissions because withdrawal will promote the determination of this case on the merits and because defendants will not be prejudice by their withdrawal. JS at 37-54. In contrast, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

argue that they will be severely and irreversibly prejudiced if plaintiffs are allowed to withdraw their deemed admissions.  JS at 61-62.

### 1.    <u>The Withdrawal of Plaintiffs' Deemed Admissions Would Promote the Presentation of the Merits of the Action</u>

The first prong of Rule 36(b) is satisfied when amendment of admissions "would promote the presentation of the merits of the action."  Public policy strongly favors disposition of cases on the merits.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  "The party seeking withdrawal or amendment bears the burden of showing that granting the motion will promote the presentation of the merits."  1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 36 (2021).

The Ninth Circuit and its lower courts have provided numerous examples of what satisfies this standard.  *See e.g., Conlon*, 474 F.3d at 622 (admissions "would practically eliminate any presentation of the merits of the case" (internal quotation marks omitted)); *Tierny v. Haresh*, 2019 WL 1755495, at *2 (E.D. Cal. Apr. 19, 2019) (admissions "would establish legal conclusions or render undisputed material facts of the case"); *Hash v. Kanaan*, 2018 WL 9801926, at *1 (N.D. Cal. Mar. 20, 2018) (admissions "relate to the ultimate merits" and "foreclose a reasonable presentation of the merits of the case"); *Saenz v. Branch*, 2017 WL 6343485, at *2 (N.D. Cal. Dec. 12, 2017) (admissions "unnecessarily complicate[] and confuse[] an accurate presentation of the merits").

Plaintiffs argue that the withdrawal of their deemed admissions would promote presentation of the merits of the action because the admissions negate almost all of their claims.  JS at 39.  Plaintiffs note that a number of the remaining admissions speak to pure matters of law or facts that are obviously in dispute, which is per se impermissible, or otherwise substantially impair their ability to present evidence related to their various causes of action.  JS at 39-50.  As noted in the court's previous order, defendants' RFAs touch upon issues that are undoubtedly in dispute between the parties, including some that are purely matters of law.  *See e.g.,* JS at 19, 22 (RFA 35- "Admit that California's criminal laws, including the Health and Safety Code have the same force and effect on tribal owned fee property as they do anywhere else in California" or RFA 58 "Admit that Defendants did not negligently interfere with YOUR contractual relations.").  Such RFAs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

are inappropriate.  *See Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) ("a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate" (citations omitted)); *Tuvalu v. Woodford*, 2006 WL 3201096, at *7 (E.D. Cal. Nov. 2, 2006) ("requests for admission should not be used to establish facts which are obviously in dispute" (citation and internal quotation marks omitted)); *see also Disability Rts. Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (same).

Defendants argue that Rule 36(a) permits RFAs that inquire about mixed questions of fact and law.  JS at 62-64.  This is correct, and some of defendants' RFA's fall into this category.  *See* Fed. R. Civ. P. 36(a)(1)(A); JS at 16-32.  But by and large, defendants' RFAs seek to render undisputed facts which are obviously in dispute, which is impermissible.  *See Tuvalu*, 2006 WL 3201096, at *7.  Additionally, many of the deemed admissions conflict with other evidence in the record, including other written discovery responses, deposition testimony, and even the complaint.  JS at 42-44, 46-47, 49-50.  At a minimum, such contradictions would, "unnecessarily complicate[] and confuse[] an accurate presentation of the merits."  *Saenz*, 2017 WL 6343485, at *2.

The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*."  *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002).  RFAs are not designed "to harass the other side . . . with the wild-eyed hope that the other side w[ould] fail to answer and therefore admit essential elements."  *Conlon*, 474 F.3d at 625 (quoting *Perez*, 297 F.3d at 1268).  Given the impermissible nature of many of defendants' RFAs, it appears defendants may have been doing just that.

Given all of the above, the court finds plaintiffs have adequately shown that withdrawal of their deemed admissions would aid in the presentation of the case on the merits, since upholding the admissions "would practically eliminate any presentation of the merits of the case."  *Conlon*, 474 F.3d at 622.

### 2.    <u>Defendants Have Failed to Adequately Show They Would Be Substantially Prejudiced If Plaintiffs' Withdrawals Were Permitted</u>

The prejudice contemplated by Rule 36(b) "relates to the difficulty a party may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995) (internal quotation marks omitted). The non-moving party has the burden of proving that withdrawal or amendment of the automatic admission would be sufficiently prejudicial. *See id.* (citation omitted). It is not enough that the non-moving party will now have to convince the factfinder of the truth of the previously admitted matters. *See id.* Nor does "a lack of discovery, without more, constitute[] prejudice." *Conlon*, 474 F.3d at 624.

The circumstances of the present motion are different from those of plaintiffs' previous motion to withdraw a more limited number of admissions. Since that time: (1) plaintiffs waited nearly five months before informing defendants that they wished to withdraw additional admissions; (2) the discovery cutoff has passed; and (3) defendants have already filed a motion for summary judgment in part based on the deemed admissions. JS at 62; Oyster Decl. ¶¶ 32, 39-40, Exs. P, T; Morrow Decl. ¶¶ 10, 16-17, Ex. M. Plaintiffs argue that even considering these facts, defendants have not adequately shown they will be prejudiced by the withdrawal of plaintiffs' deemed admissions. JS at 51-52.

Defendants again analogize to the facts of *Conlon*. In *Conlon*, defendant "relied on [plaintiff's] admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates" and plaintiff gave "no indication that [he] intended to file a motion to withdraw his admissions." *Conlon*, 474 F.3d at 624. Here, the discovery cutoff has passed, and defendants moved for summary judgment on the basis of those admissions. JS at 62. Additionally, plaintiffs took almost five months to bring the topic of withdrawing additional admissions up to defendants. *Id.*

Although the facts are much closer to those in *Conlon* in the instant motion compared to the last one, plaintiffs emphasize that defendants were effectively on notice that their reliance on the deemed admissions may have been precarious. JS at 51-52. Plaintiffs note that the parties have engaged in extensive discovery efforts in addition to the RFAs at issue, including depositions, document production, and other investigations. *Id.* Defendants themselves acknowledge plaintiffs' supplemental memorandum in support of their prior motion stated, "Plaintiffs will seek Defendants' agreement, via meet

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

and confer, to adequately modify or set aside this stipulation or, if absolutely necessary, leave of this court to do so." Oyster Decl. ¶ 31, Ex. O; docket no. 56 at 3. These facts suggest that defendants should not have been entirely surprised when plaintiffs requested to meet and confer about withdrawing additional deemed admissions in October 2025.

Moreover, as to defendants' argument that the discovery cutoff has now passed, the facts of this case depart from those of *Conlon*. In *Conlon*, the defendant "relied on the deemed admissions in choosing not to engage in any other discovery." *Conlon*, 474 F.3d at 624. Here, as noted above, the parties have engaged in extensive discovery efforts. Similarly, defendants argue that they will be prejudiced because they relied on the admissions as part of their pending motion for summary judgment. *Conlon* itself forecloses this argument since "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Id.*

Plaintiffs certainly could have been more diligent in bringing their motion at an earlier stage. Their delay would indeed cause defendants some prejudice if the motion were granted. But although a much closer call then previously, the court still cannot say that defendants have met their burden of showing that they would be substantially prejudiced by the withdrawal of plaintiffs' deemed admissions within the meaning of Rule 36(b).

Therefore, setting aside the effect of the parties' stipulation discussed below, plaintiffs have shown withdrawal of their deemed admissions would aid in the presentation of this case on the merits and defendants would not be substantially prejudiced by their withdrawal. As such, the court finds withdrawal of the deemed admissions would have been warranted absent the parties' stipulation.

**B.      Plaintiffs Are Barred from Withdrawing Additional Admissions Under the Parties' April 26, 2025 Stipulation**

Defendants chiefly argue that plaintiffs are barred from seeking to withdraw additional deemed admissions pursuant to the parties' April 26, 2025 stipulation. JS at 54-61. They point to the plain language of the stipulation, which reads in relevant part:

Plaintiffs shall not seek withdrawal or amendment of any other Requests for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

Admissions in either Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag or Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick. All Requests for Admissions in either Defendant County of Riverside's First Set of Requests for Admissions to Plaintiff East Wind Ag or Defendant Jose Trujillo Villasenor's First Set of Request for Admissions to Plaintiff Preston McCormick, except for those identified in paragraph 3, shall remain deemed admitted.

Oyster Decl. ¶ 29, Exs. M-N; docket no. 52 at 3. Plaintiffs do not dispute the accuracy of the stipulation, but instead argue that "a magistrate judge clearly has the power to decide whether to modify stipulations concerning discovery." JS at 34; Reply at 2-3.

Local Rule 7-1 recognizes that stipulations between parties may be recognized as binding when filed in the proceeding. "In our judicial system, stipulations fairly entered into are favored . . . [and] can be understood as the analogue of terms binding parties to a contract." *Park v. Transamerica Ins. Co.*, 917 F. Supp. 731 (D. Haw. 1996) (internal citations and quotation marks omitted). Therefore, a district court should disregard a stipulation only "if to accept it would be 'manifestly unjust or if the evidence contrary to the stipulation [is] substantial.'" *State Farm Fire & Cas. v. McDevitt*, 2001 WL 637419, at *8 (N.D. Cal. May 21, 2001) (quoting *PPX Enters., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir. 1984)). Or as a court in this district stated, "[a] request to set aside a stipulation is permitted under prevailing law, if, for example, adherence to such a stipulation would have resulted in manifest injustice to a party, or if a party entered into the stipulation by inadvertence." *Common Cause S. Christian Leadership Conf. of Greater Los Angeles v. Jones*, 213 F. Supp. 2d 1110, 1112 n.1 (C.D. Cal. 2002) (citing *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1388 (9th Cir. 1987), *amended*, 817 F.2d 609 (9th Cir. 1987) and *McMorgan & Co. v. First California Mortg. Co.*, 931 F. Supp. 699, 703 (N.D. Cal. 1996)).

Here, there is no indication plaintiffs entered into the stipulation inadvertently or involuntarily. As for manifest injustice, while the Ninth Circuit does not appear to have adopted a definite test to evaluate whether manifest injustice has occurred, other circuits have done so. Both the D.C. Circuit and the Third Circuit have applied a test first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

articulated in *Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998). When determining whether a party should be relieved from a stipulation due to manifest injustice, courts should consider: "(1) the effect of the stipulation [on] the party seeking to withdraw the stipulation, (2) the effect on other parties, (3) the occurrence of intervening events since the parties agreed to the stipulations, and (4) whether evidence contrary to the stipulation is substantial." *U.S. v. Kanu*, 695 F.3d 74, 81 (D.C. Cir. 2012) (citing *Waldorf*, 142 F.3d at 617-18). When applying the *Waldorf* test in the context of a discovery stipulation, courts typically omit the fourth factor as non-applicable. *See I-Med Pharma Inc. v. Biomatrix, Inc.*, 2011 WL 6140658, at *6 n.7 (D.N.J. Dec. 9, 2011).

The first factor examines the effect of the stipulation on the party seeking to invalidate it. Here, the stipulation will undoubtedly have a detrimental effect on plaintiffs' case, since the plain language of the stipulation states that they "shall not seek withdrawal or amendment of any other" RFAs. JS at 12; Oyster Decl. ¶ 29, Exs. M-N; docket no. 54. The admissions at issue strike at the core of many of their causes of action, making it difficult for plaintiffs to satisfy all of the elements required for their claims. Indeed, defendants have indicated that they relied, in part, on the admissions to support their motion for summary judgment. JS at 62; Oyster Decl. ¶ 48. If plaintiffs are not permitted to withdraw their deemed admissions, they will likely encounter extreme difficulty prevailing on any of their claims. Accordingly, this factor weighs in favor of plaintiffs.

The second factor examines the effect of the stipulation on other parties, here defendants. Defendants lay out several ways in which they would be harmed if the stipulation were set aside. First, they argue that they reasonably relied on the parties' binding, negotiated stipulation. JS at 62; Oyster Decl. ¶ 48. Defendants state that they have relied on the approximately 100 stipulated admissions as part of their litigation strategy, including both in their motion for summary judgment and in their choices about whether to conduct additional fact and expert discovery. JS at 62; Oyster Decl. ¶ 48. Defendants also argue that if the court were to set aside the stipulation, plaintiffs would essentially have received the benefit of their bargain and defendants would receive nothing. JS at 13; Oyster Decl. ¶ 27. This is true since defendants were not required to stipulate in April 2025 and did so, at least in part, for the reciprocal promise that plaintiffs would not seek to withdraw any additional deemed admissions. To allow plaintiffs to set

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-02569-SSS-SPx | Date | December 19, 2025 |
|---|---|---|---|
| Title | Preston McCormick, et al. v. County of Riverside, et al. | | |

aside the stipulation would essentially allow them to have reaped the benefit of the bargain without giving up anything themselves. This would be inequitable.

Defendants additionally argue that if the court were to set aside the stipulation, the consequences would ripple beyond this case. Oyster Decl. ¶¶ 49-50. Defendants posit that if parties are allowed to stipulate at one stage of litigation and later seek to have the stipulation voided, parties will be less inclined to stipulate since they would be left unsure as to whether their agreement would be honored. *Id.* This is a valid concern. Parties enter into stipulations because they wish to resolve certain issues through compromise and without court intervention. To set aside such a stipulation, absent extraordinary circumstances, would foster an environment in which parties are less inclined to stipulate, less inclined to compromise, and more inclined to seek court intervention on issues which may have previously been handled by the parties alone. Given this argument and others raised by defendants, the second factor strongly favors defendants.

The third and final factor examines whether intervening events have occurred since the parties agreed to the stipulation that make the enforcement of the agreement unjust. Plaintiffs have pointed to no changed circumstances since they entered into the stipulation. Yet plaintiffs waited almost five months to bring a new motion to withdraw their deemed admissions, demonstrating a complete lack of reasonable diligence. This lack of changed circumstances weighs in favor of defendants.

Applying the *Waldorf* test, two of the three factors favor upholding the parties' stipulation and one factor favors setting it aside. Despite the effect such a result may have on plaintiffs' ability to prosecute their case, the prejudice to defendants combined with lack of changed circumstances is simply too great for the court to find that enforcing the parties' stipulation would be manifestly unjust. Because the parties' stipulation remains in place, plaintiffs are barred from bringing the instant motion to withdraw additional deemed admissions. Therefore, the court denies plaintiffs' motion.

## IV. ORDER

For the foregoing reasons, the court DENIES plaintiffs' motion to withdraw the remainder of their deemed admissions (docket no. 83, 86).