Gregory J. Morrow, Esq. (SBN 153224)
**MORROW LAW GROUP INC**
1801 Century Park East
24th Floor
Los Angeles, CA 90067
O:  (310) 894-9149
M: (310) 721-3833
gregory.j.morrow@hotmail.com

Attorneys for Plaintiffs
Preston McCormick and
East Wind Ag

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON MCCORMICK, an individual; and EAST WIND AG, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a public entity; JEFFREY ANTHONY VAN WAGENEN, JR., an individual and in his official capacity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a division of a public entity; SHERIFF CHAD BIANCO, an individual and in his official capacity; JOSE-TRUJILLO VILLASENOR, an individual and in his official capacity; IMPERIAL IRRIGATION DISTRICT, a public entity; JAMIE L. ASBURY, an individual and in her official capacity; and DOES 1 through 150, individually, jointly and severally,,<br><br>Defendants. | Case No. 5:23-cv-02569-SSS-SP<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION PURSUANT TO L.R. 7-19 FOR LEAVE TO FILE PLAINTIFFS' [PROPOSED] SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with [Proposed] Sur-Reply in Opposition to Defendants Reply; Declaration of Gregory J. Morrow in Support; and [Proposed] Order]*<br><br>MSC Hearing Date: February 20, 2025<br>Time: 2:00 p.m.<br>Courtroom: 2nd Floor<br><br>Hon. Sunshine S. Sykes, Presiding |

*Case No. 5:23-cv-02569-SSS-SP*
*Plaintiffs' Ex Parte Application*
*Seeking Leave To File Sur-Reply*

**TO THE HONORABLE COURT, DEFENDANTS, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, Plaintiffs Preston McCormick and East Wind Ag (collectively "Plaintiffs"), by and through their attorneys of record, do hereby apply to this Court *ex parte* for an order providing leave to allow Plaintiffs to file Plaintiffs' [Proposed] Sur-Reply, pursuant to Local Rule 7-10 (the "Application").

This Application is purposefully to the point as it is a request submitted *ex parte*, without normal motion practice or prior written notice to the opposing party, and therefore succinctly states the urgent need for the requested relief, the specific relief sought, and the reasons why a normal motion process is insufficient.

The inherent emergency nature underpinning this Application has been precipitated by Defendants' recent submittal of their Reply brief to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment that raises new arguments not raised in Defendants' Motion for Summary Judgment and citing to over a dozen new cases not previously relied upon by Defendants in their Motion.

Local Rule 7-10 requires a prior written order for Plaintiffs to file their [Proposed] Sur-Reply, granting leave to do so. Courts within the Central District routinely grant such leave to file sur-replies upon a showing of good cause, where the reply brief introduces new arguments, evidence, or authorities not previously addressed in the underlying Motion, or where intervening developments justify supplemental briefing.

Pursuant to Local Rule 7-19.1, Plaintiffs' counsel: (a) has engaged in reasonable, good faith efforts orally and via email to advise Defendants' counsel of the date and substance of this *ex parte* Application and (b) hereby advises the Court, via the attached Declaration of Plaintiffs' counsel made under oath, as to such good faith efforts as well as Defendants' counsel's intent to oppose the current Application.

*Case No. 5:23-cv-02569-SSS-SP*
*Plaintiffs' Ex Parte Application*
*Seeking Leave To File Sur-Reply*

Dated: January 30, 2026

MORROW LAW GROUP INC.

By: *Gregory Morrow*

Gregory J. Morrow
Attorneys for Plaintiffs
PRESTON MCCORMICK, and
EAST WIND AG

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants' Reply advances new arguments that mischaracterize Plaintiffs' submitted evidence as "inadmissible", that all declarations in support of Plaintiffs' Opposition are also inadmissible, that Plaintiffs somehow "conceded" argument as to Defendants' Motion for Summary Judgment, that the Warrant at issue in this case is nevertheless "valid", and other issues previously not raised in Defendants' Motion. Such Reply also cites to 13 new cases that were not previously relied upon by Defendants in their Motion for Summary Judgment.  Plaintiffs should be afforded leave to submit their short [Proposed] Sur-Reply in order to succinctly address these issues and clarify why summary judgment must be denied.

### II.    STANDARD OF REVIEW

To justify ex parte relief, the moving party must show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### III.    LEGAL ANALYSIS

Pursuant to Local Rule 7-10, sur-replies may not be filed without leave of court. Courts in this District grant such leave when good cause exists, such as when a reply brief raises new arguments  or when significant new developments, including recent

*Case No. 5:23-cv-02569-SSS-SP*
*Plaintiffs' Ex Parte Application*
*Seeking Leave To File Sur-Reply*

case law, warrant a response to ensure a complete record. *See, e.g., Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (granting leave for sur-reply to address new issues raised in reply); *Khademi v. S. Orange Cnty. Cmty. Coll. Dist.*, 2018 WL 3730934, at *1 n.1 (C.D. Cal. May 29, 2018) (permitting sur-reply where reply introduced new evidence).

Good cause supports granting leave for Plaintiffs to submit their [Proposed] Sur-Reply.  As set forth in Defendants' Reply and supporting Memorandum of Points and Authorities, Defendants now rely on over a dozen new cases that were not previously relied upon by Defendants' in their Motion for Summary Judgment.

Defendants have also now raised several new arguments for the very first time that were not raised by way of Defendants' Motion for Summary Judgment, including: (1) whether evidence submitted in support of Plaintiffs' Opposition is in some way "improper"; (2) that Plaintiffs' submitted Declarations in support of Opposition are somehow "impermissible" in the context of Summary Judgment; (3) that Declarations in support of Plaintiffs' Opposition are "excluded" from this Court's consideration, (3) that the Declaration of Ms. Elaine Penaloza is supposedly "unfairly prejudicial" based on a prior assertion of tribal immunity but only in the context of Defendants' Motion to Compel, (4) that Plaintiffs somehow "conceded" facts associated with their causes of action, (5) that the Warrant at the center of this entire dispute remains "valid" despite Lead Investigator Villasenor's repeatedly asserting misleading and false facts by way of sworn Affidavit, and other such "new" arguments.

5

This last point is especially cogent, given Defendants' repeated refusal to allow Plaintiffs to proceed with the properly noticed deposition of Sheriff Chad Bianco, who clearly had supervisory authority and did in fact approve the execution of the Search Warrant at issue in this case, while Defendants now submit a Declaration made by Sheriff Bianco in support of Defendants' Motion for Summary Judgment.

Proffering new arguments, reliance on newly introduced case law,  as well as new assertions of issues for the very first time by way of Defendants' Reply are inappropriate, justifying the finding of good cause in support of Plaintiffs' leave to file their response via [Proposed] Sur-Reply.

Courts in this District routinely grant leave to file sur-replies where a reply brief introduces new arguments, evidence, or authorities not previously addressed, or where intervening developments justify supplemental briefing. See, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (district courts have discretion to consider supplemental briefs); *Edwards v. First Am. Corp.*, 385 F. App'x 629, 630 (9th Cir. 2010) (affirming denial but noting that the district court has discretion to allow sur-reply to address new issues).

Good cause is also demonstrated when a proposed sur-reply is limited in scope, addresses only new matters raised by opposing party, and aids judicial efficiency; See *Khademi*, 2018 WL 3730934, at *1 n.1 (C.D. Cal. May 29, 2018).

///

///

*Case No. 5:23-cv-02569-SSS-SP*
*Plaintiffs' Ex Parte Application*
*Seeking Leave To File Sur-Reply*

## IV.    CONCLUSION AND REQUESTED RELIEF

Based on the foregoing, Plaintiffs respectfully request that this Court exercise its discretion by providing leave to allow Plaintiffs to file their [Proposed] Sur-Reply.

Dated: January 30, 2026                    MORROW LAW GROUP INC.

By: _Gregory Morrow_____
                                           Gregory J. Morrow
                                           Attorneys for Plaintiffs
                                           Preston McCormick and
                                           East Wind Ag

7