Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Michaela Battista Sozio (SBN 179148)
E-mail: msozio@bwslaw.com
Zareh Bursalyan (SBN 356603)
E-mail: zbursalyan@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE, JEFFREY
ANTHONY VAN WAGENEN, JR.,
SHERIFF CHAD BIANCO, and JOSE
TRUJILLO VILLASENOR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON MCCORMICK, an individual; and EAST WIND AG, a California corporation,, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF RIVERSIDE, a public entity; JEFFREY ANTHONY VAN WAGENEN, JR., an individual and in his official capacity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a division of a public entity; SHERIFF CHAD BIANCO, an individual and in his official capacity; JOSE-TRUJILLO VILLASENOR, an individual and in his official capacity; IMPERIAL IRRIGATION DISTRICT, a public entity; JAMIE L. ASBURY, an individual and in her official capacity; and DOES 1 through 150, individually, jointly and severally,, <br><br> Defendant. | Case No. 5:23-cv-02569-SSS-SP <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO.5** <br><br> *Filed concurrently with Declaration of Michaela Battista Sozio, and [Proposed] Order* <br><br> Date:   04/17/2026 <br> Time:   2:00 p.m. <br><br> Judge Sunshine S. Sykes |

TO THE HONORABLE COURT, AND TO PLAINTIFFS AND THEIR

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 17, 2026 at 2:00 p.m. in Courtroom 2,

4913-8707-1638 v3

1

2nd Floor of the above-entitled Court, located at 3470 Twelfth Street Riverside, California, Defendants COUNTY OF RIVERSIDE, JEFFREY ANTHONY VAN WAGENEN, JR., SHERIFF CHAD BIANCO, and JOSE TRUJILLO VILLASENOR, (collectively, "Defendants") will and hereby do move this for an Order to exclude any and all evidence, testimony, and argument regarding the following speculated opinion Plaintiffs have occasionally stated throughout this litigation: "The Tribe is a relatively impoverished nation with little to any source of income, who look to their lawfully authorized agricultural facilities as a means to uplift their people from dire economic despair" and any similar statements, evidence, argument, and/or testimony related thereto.

This motion is made following the meet and confer effort, including conference of counsel pursuant to Local Rule 7-3, on March 9, 2026. Sozio Dec., ¶ 2, **Exhibit A**. This motion is made pursuant to Federal Rules of Evidence 401, 402, 403,and 408 and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Michalea B. Sozio, Esq., and exhibits attached thereto, and any other oral or documentary evidence that may be presented to the Court in support of this motion at the time of the hearing.

Dated:  March 13, 2026

BURKE, WILLIAMS & SORENSEN, LLP


By: _____*/s/ Zareh Bursalyan*_____
Nathan A. Oyster
Michaela Battista Sozio
Zareh Bursalyan
Attorneys for Defendants
COUNTY OF RIVERSIDE,
JEFFREY ANTHONY VAN
WAGENEN, JR., SHERIFF CHAD
BIANCO, and JOSE TRUJILLO
VILLASENOR

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-8707-1638 v3

2

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of a valid search warrant that was obtained and executed in good faith by the Riverside County Sheriff's Department on December 7, 2022, after an extensive investigation as to a marijuana grow operation located at 91521 Avenue 68, Mecca, CA 92254 ("Subject Property"). See Dkt. 1, Complaint; see also Sozio Dec., ¶ 3, Dkt. 90, Exhibit C (hereinafter the "Warrant"). Plaintiffs operated the illegal marijuana grow located at the Subject Property without a valid license or permit and were in violation of numerous criminal offenses. See Dkt. 1, Complaint; see also Sozio Dec., ¶ 3, Dkt. 90 **Exhibit C**, the Warrant Filed Under Seal; Sozio Dec., ¶ 4, **Exhibit B** Plaintiffs' Stipulated Admissions Highlighted in Yellow.

Plaintiffs have stated the following speculated opinion occasionally throughout this litigation: "The Tribe is a relatively impoverished nation with little to any source of income, who look to their lawfully authorized agricultural facilities as a means to uplift their people from dire economic despair" (hereinafter the "Speculated Opinion").  Plaintiffs have provided no factual support for this Speculated Opinion during discovery, but even if there is factual support, this purported evidence is nonetheless irrelevant to the issues in this litigation and such statements or "evidence" is clearly an attempt by Plaintiffs to use the fact that the marijuana is allegedly being grown to benefit the Tribe, coupled with the allegation that the Tribe is purportedly impoverished, to somehow justify the fact that Plaintiffs were engaging in an illegal marijuana grow and/or to also improperly engender sympathy for Plaintiffs and the Tribe.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-8707-1638 v3

1

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5

specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at 1 (C.D. Cal. May 19, 2010).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. FED. R. EVID. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991) Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.   ARGUMENT

### A.   Any and All Evidence, Argument, and Testimony Regarding Plaintiffs' Speculated Opinion is Wholly Irrelevant

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. FED. R. EVID. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991)

Here, the central issue in this case as alleged by Plaintiffs is whether the Warrant was valid and enforceable as a matter of law. Plaintiffs' Speculated Opinion that "The Tribe is a relatively impoverished nation with little to any source of income, who look to their lawfully authorized agricultural facilities as a means to uplift their people from dire economic despair," has zero probative value as to whether the Warrant was valid and enforceable as a matter of law. While Plaintiffs purportedly allege claims regarding economic relations, (1) the Tribe is not a party to this lawsuit; (2) no Tribal Members are a Party to this Lawsuit; (3) Plaintiffs have

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-8707-1638 v3

2

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5

stipulated (by way of the stipulated admissions) that they did not suffer economic damages and that Defendants did not interfere with Plaintiffs' economic relations; and (4) Plaintiffs have provided no factual support in discovery regarding this Speculated Opinion. See Complaint; see also Sozio Dec., ¶ 4, **Exhibit B** Plaintiffs' Stipulated Admissions Highlighted in Yellow [see e.g., RFAs Nos. 62 and 70 contained therein] Sozio Dec., ¶¶ 9-10, **Exhibits G and H**, Plaintiffs' Responses to Interrogatories (Set One)[see e.g. pp. 11-12, ROG response No. 5 contained therein]; see also See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")

Here, Plaintiffs intend to argue at trial that the Tribe allegedly "look to their lawfully authorized agricultural facilities as a means to uplift their people." However, contrary to Plaintiffs' assertions, this case involves an illegal large scale marijuana operation. The evidence shows that the cannabis was not grown for the benefit of Tribal members; indeed, there is no dispensary anywhere on Tribal land. On the other hand, the evidence will show that cannabis is highly regulated in the State of California, that Riverside County has an ordinance that does not permit cultivation of cannabis in unincorporated areas in Riverside County (like the Subject Property), that McCormick was not licensed by the State of California to cultivate and/or distribute cannabis, that the Tribe did not have a license with the State of California regarding the cultivation and/or distribution of cannabis, and that Plaintiffs were distributing/selling the cannabis off of Tribal land in direct violation of California law and the Health and Safety Code. In fact, Plaintiffs have stipulated by way of stipulated admissions that they did not have a valid license to cultivate or sell marijuana.

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-8707-1638 v3

3

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5

As noted above, it is clear that Plaintiffs intend to offer the Speculated Opinion in order to garner sympathy for the Tribe in an attempt to argue that the illegal marijuana grow would have benefited the Tribe and lifted the Tribe out of alleged poverty.  Again, this is improper and does not go to the merits of Plaintiffs' claims, and would only result in substantial undue prejudice to Defendants.

Finally, for all the same reasons, Plaintiffs may not use the Speculated Opinion to purportedly support a counter argument as to the Tribe's Interests in the *Bracker* Test as articulated in *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 145, 100 S. Ct. 2578, 2584, 65 L. Ed. 2d 665 (1980). Neither the Tribe nor any member of the Tribe is a party in this action. Thus, Plaintiffs' Speculated Opinion does not go to any facts that are "of consequence" in determining the action and have no probative value. Therefore, any and all evidence regarding Plaintiffs' Speculated Opinion must be excluded.

**B.** **The Zero Probative Value of Plaintiffs' Speculated Opinion is Substantially Outweighed By A Danger of Unfair Prejudice, Confusing the Issues, Misleading the Jury, and Opens the Door to Numerous "Mini Trials"**

Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, assuming arguendo, even if all such evidence regarding Plaintiffs' Speculated Opinion was relevant, which it is not any evidence regarding Plaintiffs' Speculated Opinion must be excluded for these additional reasons. Here, this purported "evidence" has no probative value. Further, any such alleged "evidence" is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and opening the door to "mini trials." Certainly, Defendants will be unfairly prejudiced where Plaintiffs are seeking to gain sympathy from the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4913-8707-1638 v3

4

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5

jury based on the alleged plight of this Tribe and Plaintiffs purported attempts to lift the Tribe out poverty with its illegal marijuana grow operations.   Here, there is no probative value in this purported "evidence", but there is an enormous risk that jurors will be improperly swayed to decide the central issue in this case as alleged by Plaintiffs regarding whether the Warrant was valid and enforceable based upon the Tribe's alleged economic status and dire straits.  This is  clearly being framed by Plaintiffs as an emotional mechanism to improperly influence jurors, and is exactly the type of prejudice that Rule of Evidence 403 is intended to prohibit.

Moreover, the presentation of such evidence opens to door to numerous "mini trials" regarding the alleged economic status of the Tribe, whether the Tribe depends on its "agricultural facilities," whether the Tribe is allegedly in "economic despair," and whether the Tribe utilizes marijuana cultivation to "uplift their people." Thus, the zero probative value of Plaintiffs' Speculated Opinion is substantially outweighed by multiple dangers of unfair prejudice, wasting time, confusing the issues, improperly and emotionally swaying jurors, causing undue delay, and opens the door to numerous "mini trials." Therefore, all evidence, argument, and testimony regarding Plaintiffs' Speculated Opinion should be excluded.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4913-8707-1638 v3

5

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court Grant Defendants' Motion in Limine No. 5 in its entirety and exclude any and all evidence, argument, and testimony regarding the following Speculated Opinion: "The Tribe is a relatively impoverished nation with little to any source of income, who look to their lawfully authorized agricultural facilities as a means to uplift their people from dire economic despair" and any similar statements, evidence, argument, and/or testimony related thereto.

Dated:  March 13, 2026                    BURKE, WILLIAMS & SORENSEN, LLP


                                          By:  _____/s/ Zareh Bursalyan_____
                                               Nathan A. Oyster
                                               Michaela Battista Sozio
                                               Zareh Bursalyan
                                               Attorneys for Defendants
                                               COUNTY OF RIVERSIDE,
                                               JEFFREY ANTHONY VAN
                                               WAGENEN, JR., SHERIFF CHAD
                                               BIANCO, and JOSE TRUJILLO
                                               VILLASENOR

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-8707-1638 v3

6

Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants COUNTY OF RIVERSIDE, JEFFREY ANTHONY VAN WAGENEN, JR., SHERIFF CHAD BIANCO, and JOSE TRUJILLO VILLASENOR, certifies that this brief contains 1,616 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

Dated:  March 13, 2026              BURKE, WILLIAMS & SORENSEN, LLP


By: _____ */s/ Zareh Bursalyan* _____
Nathan A. Oyster
Michaela Battista Sozio
Zareh Bursalyan
Attorneys for Defendants
COUNTY OF RIVERSIDE,
JEFFREY ANTHONY VAN
WAGENEN, JR., SHERIFF CHAD
BIANCO, and JOSE TRUJILLO
VILLASENOR

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-8707-1638 v3                    1                    Case No. 5:23-cv-02569-SSS-SP
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5